# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,** | § § § § | **CIVIL ACTION 6:20-CV-00585-ADA** |
| Plaintiff, | § § | |
| v. | § § § | **PATENT CASE** |
| **GOOGLE LLC,** | § § § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

# RESPONSE OPPOSING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

There is no merit to Google LLC's ("Google's" or "Defendant's") allegation that the Complaint filed by WSOU Investments, LLC ("WSOU") fails to state a plausible claim for direct infringement of U.S. Patent No. 8,737,961 (the"'961 patent"). Defendant selectively ignores allegations in the Complaint that would defeat its motion, Defendant takes an intentionally obtuse reading of the allegations in the Complaint, and Defendant is purposefully silent at least as to Defendant's own use and Defendant's implementation of its APIs in Defendant's products and systems. Defendant's challenge to indirect infringement also fails because Defendant's challenge to indirect infringement is based solely on Defendant's allegation that WSOU fails to allege a plausible claim for direct infringement.

## ARGUMENT

**I.     Legal Standard**

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). A claim cannot be dismissed under Rule 12(b)(6) unless the plaintiff "would not be entitled to relief under any set of facts or any possible theory that [it] could prove consistent with the allegations in the complaint." *Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007) (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)); *Altman*, 2012 WL 4033336, at *1. In other words, it must appear beyond doubt that the plaintiff can prove no set of facts in support of their claim entitling them to relief. *Griffith v. Kroger Co.*, No. 9:05-CV-76-TH, 2008 WL 11347989, at *2 (E.D. Tex. Mar. 7, 2008) (citing *Conley v, Gibson*, 355 U.S. 41, 45–46 (1957)); *see also* ESW HOLDINGS, INC., Plaintiff, v. ROKU, INC., Defendant., 6:19-CV-00044-ADA, 2019 WL 10303653, at *1–2 (W.D. Tex. May 13, 2019).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim has "facial plausibility" and must not be dismissed "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Dismissal under Rule 12(b)(6) is inappropriate where fact discovery could affect the court's analysis. *See Syte - Visual Conception Ltd.*, 2020 WL 278481 at *6 (denying Rule 12(b)(6) motion because fact discovery could affect the court's § 101 analysis).

**II.    WSOU alleges a plausible claim for direct infringement.**

    **A.    The Complaint alleges infringement of all claims of the '961 Patent, including apparatus claims**

At the outset, Defendant's motion selectively ignores allegations of the Complaint (Dkt. 1) that defeats its motion by failing to acknowledge the existence of any of the claims of the '961 patent other than claim 1, and by failing to acknowledge that the Complaint alleges infringement by Google products and systems. Specifically, Defendant further fails to acknowledge that the Complaint alleges that Defendant "directly infringe[s] **at least one claim** of the '961 patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States". Dkt. 1 ¶ 61 (emphasis added). And while Defendant's arguments here fail even as to a method claim such as claim 1 (as will be further discussed below), Defendant's motion purposefully fails to acknowledge the existence of other claims of the '961 patent, such as independent claim 11, which is an apparatus claim:

| **Claim 11 of the '961 patent** |
|---|
| 11. An **apparatus** comprising:<br>    at least one processor; and<br>    at least one memory including computer instructions, the at least one memory and computer instructions configured to, with the at least one processor, cause the apparatus at least to:<br>    cause at least in part a receiving of signal data that indicates a set of one or more distinct signal sources from which signals are received at a mobile device for each of a plurality of different times;<br>    determine whether the mobile device is moving outside a specified area at a current time of the plurality of different times based on the signal data; |

> if the mobile device is determined to be not moving outside the specified area, then incrementing a counter for a stationary state associated with the set of one or more distinct signal sources at the current time;
> determine a primary set of stationary states, each stationary state in the primary set associated with a frequently incremented count for one or more similar sets of one or more distinct signal sources when the mobile device is not moving outside the specified area; and cause at least in part initiation of delivery of a service to the mobile device based on the stationary state. (Dkt. 1-1 at 38:12-35) (emphasis added)

As shown above, independent claim 11 of the '961 patent is an apparatus claim and infringement by Defendant does not require any performance of steps. *See Hewlett-Packard Co. v. Bausch Lomb, Inc.*, 909 F.2d 1464, 1468 (Fed. Cir. 1990) ("[A]pparatus claims cover what a device *is*, not what a device *does*.") (emphasis in original).

And in addition to failing to acknowledge the existence of at least claim 11 of the '961 patent, Defendant also overlooks or fails to acknowledge that the Complaint alleges Google's infringement by Google's "products, such as but not limited to, **systems** that incrementally determine the location context **of a mobile device**." Dkt. 1, ¶ 45 (emphasis added). As alleged by the Complaint, Google's infringement includes Google's own products, including systems that incrementally determine the location context of a mobile device—such as and including Google's own systems (which for example, utilizes Google's Awareness API or the equivalent thereof), that are a part of Google's own products (such as Google's mobile devices).

Conveniently, Google fails to acknowledge that the infringement alleged in the complaint is not only directed to, but *includes* Google's own products. Compare Mot at 8 ("WSOU's complaint boils down to the assertion that, because unidentified developers could employ Google's APIs . . . . .") *with Compl.* at ¶45 ("*Google makes, uses, sells, offers for sale, imports, and/or distributes* in the United States . . . systems that incrementally determine the location context of a mobile device."). Thus, Google's argument is completely without merit

In sum, Defendant overlooks or fails to acknowledge that the Complaint alleges infringement of "at least one claim of the '961 patent," including apparatus claim 11, and

Defendant overlooks or fails to acknowledge that the Complaint also includes allegations of infringement by Google's own products and systems, which for example, utilizes Google's APIs, and not just the APIs themselves. For this reason alone, Defendant's motion fails.

### B. Defendant's motion fails even specifically as to claim 1

Even when considering just claim 1, Defendant's motion takes a legally incorrect and unreasonably myopic reading of the Complaint.

First, the Federal Circuit recently weighed in on the pleading standard for direct infringement under *Iqbal* and *Twombly* in *Disc Disease Sols. Inc. v. VGH Sols.*, Inc., 888 F.3d 1256 (Fed. Cir. 2018). In *Disc Disease*, the Federal Circuit found the plaintiff's allegations sufficient because the complaint specifically identified the three accused products and alleged that the accused products met "each and every element of at least one claim" of the asserted patents, either literally or equivalently. *Disc Disease*, 888 F.3d at 1260. Similarly here, WSOU has identified accused products (*see e.g.* Dkt. 1, ¶ 45) and alleged that "each and every element of at least claim 1 of the '961 Patent is found in the Accused Products." Dkt. 1, ¶ 60. And WSOU has also alleged that "Google directly infringe[s] at least one claim of the '961 patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States". *Id.* ¶ 61. Therefore, WSOU''s similarly pled complaint, as the plaintiff's complaint in *Disc Disease*, is more than sufficient to survive Defendant's motion to dismiss.

Second, Defendant's motion takes an unreasonably myopic reading of the Complaint and fails to acknowledge any of Defendant's own activities (which is one of the purposes of discovery). Defendant's motion argues that the Complaint fails to allege direct infringement because "Google's APIs merely "allow[s] third parties to develop software that draws information from, or otherwise interacts with" Google's software and information." Mot. at 8. However, Defendant unilaterally, and without explanation, limits the use of Google's own APIs to "third parties." *See* Mot. at 7–9. The Complaint includes allegations that Google "uses" / is "using" the accused

4

products (*see e.g.* Dkt. 1, ¶¶ 45, 61), thereby including Google itself within the scope of the "developers that could employ Google's APIs." Mot. at 8. For example, such as in Google's products and "systems that incrementally determine the location context of a mobile device". (Dkt. 1, ¶ 45). In other words, Google ignores its own use and the implementation by Google of its own APIs in its own products and systems (matters which WSOU intends to obtain discovery on).

Therefore, in addition to the reasons set forth in Section II.A, above, Defendant's motion further fails at least because the Complaint alleges a plausible claim for direct infringement under *Disc Disease* (*Disc Disease*, 888 F.3d at 1260; *see also Encoditech, LLC v. Citizen Watch Co. of America, Inc.,* 18-cv-1335, Dkt. 33 at 7-8 (WDTX, June 25, 2019)), and because Google ignores its own use of its accused products and the implementation by Google of its own APIs in its own products and systems.

### III.     WSOU alleges a plausible claim for indirect infringement

Defendant's challenge to indirect infringement is based solely on Defendant's allegation that WSOU fails to allege a plausible claim for direct infringement. Mot. at 10–11. Because WSOU *has* alleged a plausible claim for direct infringement (*see* Sections II.A, II.B, above), Defendant's challenge to indirect infringement should be denied.

### IV.     To the extent necessary, the Court should allow WSOU to amend its Complaint

Although Defendant's motion should be denied (*see e.g.* Sections II, III, above), should the Court be inclined to grant Defendant's motion, WSOU respectfully requests that the Court allow WSOU to amend its Complaint. Fed. R. Civ. P. 15(a)(2) (providing that leave to amend should be freely given when justice so requires.).

### **CONCLUSION**

WSOU pleads factual content that allows this Court to draw the reasonable inference that Defendant is liable for the misconduct alleged. Defendant has not shown that WSOU would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint, and its motion should be denied.

Dated: September 25, 2020 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Ryan S. Loveless
　　　　　　　　　　　　　　　　　　　　　James L. Etheridge
　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24059147
　　　　　　　　　　　　　　　　　　　　　Ryan S. Loveless
　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24036997
　　　　　　　　　　　　　　　　　　　　　Travis L. Richins
　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24061296
　　　　　　　　　　　　　　　　　　　　　Brett A. Mangrum
　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24065671
　　　　　　　　　　　　　　　　　　　　　Jeffrey Huang
　　　　　　　　　　　　　　　　　　　　　ETHERIDGE LAW GROUP, PLLC
　　　　　　　　　　　　　　　　　　　　　2600 E. Southlake Blvd., Suite 120 / 324
　　　　　　　　　　　　　　　　　　　　　Southlake, Texas 76092
　　　　　　　　　　　　　　　　　　　　　Telephone: (817) 470-7249
　　　　　　　　　　　　　　　　　　　　　Facsimile: (817) 887-5950
　　　　　　　　　　　　　　　　　　　　　Jim@EtheridgeLaw.com
　　　　　　　　　　　　　　　　　　　　　Ryan@EtheridgeLaw.com
　　　　　　　　　　　　　　　　　　　　　Travis@EtheridgeLaw.com
　　　　　　　　　　　　　　　　　　　　　Brett@EtheridgeLaw.com
　　　　　　　　　　　　　　　　　　　　　JeffH@EtheridgeLaw.com

　　　　　　　　　　　　　　　　　　　　　Mark D. Siegmund
　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24117055
　　　　　　　　　　　　　　　　　　　　　LAW FIRM OF WALT FAIR, PLLC
　　　　　　　　　　　　　　　　　　　　　1508 North Valley Mills Drive
　　　　　　　　　　　　　　　　　　　　　Waco, Texas 76710
　　　　　　　　　　　　　　　　　　　　　Telephone: (254) 722-6400
　　　　　　　　　　　　　　　　　　　　　Facsimile: (254) 722-6432
　　　　　　　　　　　　　　　　　　　　　mark@waltfairpllc.com

　　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

　　　I certify that the foregoing document was served upon all counsel of record via email in accordance with the Federal Rules of Civil Procedure on September 25, 2020.

　　　　　　　　　　　　　　　　　　　　　/s/ Ryan S. Loveless
　　　　　　　　　　　　　　　　　　　　　Ryan S. Loveless