**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a | § | |
| BRAZOS LICENSING AND | § | |
| DEVELOPMENT, | § | Case No. 6:20-cv-585-ADA |
| | § | |
| Plaintiff, | § | JURY TRIAL DEMANDED |
| | § | |
| v. | § | |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**REPLY IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT
GOOGLE LLC FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6)**

## <u>TABLE OF CONTENTS</u>

**Pages**

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.      WSOU Does Not Address Its Own Requirement of Multiple Calls to Two APIs. . . . . . 1

II.     WSOU Cannot Rely on Unpleaded Claim 11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    WSOU's Boilerplate Allegations Cannot Overcome Its Pleading Failures. . . . . . . . . . 4

IV.     WSOU Ignores Google's Authorities, and Its Own Cases Require Dismissal. . . . . . . . 5

V.      WSOU's Indirect Infringement Claims Also Fail. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VI.     The Court Should Deny Leave to Amend the Complaint. . . . . . . . . . . . . . . . . . . . . . . 8

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## **TABLE OF AUTHORITIES**

*Cases*                                                                 **Pages**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 6, 7

*Boston Sci. Corp. v. Nevro Corp.*,
    415 F. Supp. 3d 482 (D. Del. 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Burton v. Schindler Elevator Corp.*,
    No. 19-779, 2020 WL 1545712 (W.D. Tex. Mar. 31, 2020). . . . . . . . . . . . . . . . . . 8, 9

*Chapterhouse, LLC v. Shopify, Inc.*,
    No. 18-300, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018). . . . . . . . . . . . . . . . . . . 6

*Chhim v. Univ. of Tex. at Austin*,
    836 F.3d 467 (5th Cir. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Conley v. Gibson*,
    355 U.S. 41 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*De La Vega v. Microsoft Corp.*,
    No. 19-612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020). . . . . . . . . . . . . . . . . . 2, 3

*DIFF Scale Operation Research, LLC v. MaxLinear, Inc.*,
    No. 19-2109, 2020 WL 2220031 (D. Del. May 7, 2020). . . . . . . . . . . . . . . . . . . . 7

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
    888 F.3d 1256 (Fed. Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*,
    Case No. 18-1335, Docket No. 33 (W.D. Tex. June 25, 2019). . . . . . . . . . . . . . . . . 8

*Foman v. Davis*,
    371 U.S. 178 (1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Garrett v. TP-Link Research Am. Corp.*,
    No. 20-3491, 2020 WL 5517202 (N.D. Cal. Sept. 14, 2020). . . . . . . . . . . . . . . . . 7

*Genedics, LLC v. Meta Co.*,
    No. 17-1062, 2018 WL 3991474 (D. Del. Aug. 21, 2018). . . . . . . . . . . . . . . . . . . 7

## **TABLE OF AUTHORITIES**

*Cases*                                                                 **Pages**

*Golden v. Apple Inc.*,
    819 Fed. App'x 930 (Fed. Cir. 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Horowitz v. Yishun Chen*,
    No. 17-432, 2018 WL 6219928 (C.D. Cal. May 14, 2018). . . . . . . . . . . . . . . . . . . . 7

*LBS Innovations, LLC v. Nokia USA Inc.*,
    No. 15-1972, 2016 WL 3407611 (E.D. Tex. June 21, 2016). . . . . . . . . . . . . . . . . . . 5

*Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*,
    No. 18-1074, 2018 WL 10425908 (N.D. Tex. Oct. 9, 2018). . . . . . . . . . . . . . . . . . . 7

*Lyda v. CBS Corp.*,
    838 F.3d 1331 (Fed. Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Rosas v. Bexar Cty.*,
    No. 14-1082, 2015 WL 1955406 (W.D. Tex. Apr. 29, 2015). . . . . . . . . . . . . . . . . . 5

*Stephens v. John Bean Techs. Corp.*,
    No. 18-133, 2018 WL 7288584 (W.D. Tex. Dec. 12, 2018). . . . . . . . . . . . . . . . . . 8, 9

*Stripling v. Jordan Prod. Co.*,
    234 F.3d 863 (5th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8


*Rules*                                                                 **Pages**

Fed. R. Civ. P. 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Fed. R. Civ. P. 15(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

**INTRODUCTION**

WSOU's cursory opposition to Google's motion to dismiss is remarkable for what it does not include.  WSOU does not address at all Google's key argument for dismissal:  although the complaint admits that, to infringe the '961 patent, someone must make at least two calls to two different Google APIs, it fails to allege that anyone actually makes those two calls, thus failing on its own terms to allege infringement.  This failure alone is fatal to WSOU's claims.

But that is not all that is missing from WSOU's opposition.  WSOU does not even try to justify its deficient allegations beyond citation to boilerplate.  WSOU does not focus on the claim it alleged in the complaint, instead focusing on a different claim that it did not allege.  WSOU does not address the law governing allegations of direct infringement generally or method claims specifically, instead relying heavily on a single case that, contrary to WSOU's spin on it, actually supports dismissal of WSOU's complaint.  And, finally, WSOU does not provide any reason why any amendment would succeed, and is similarly silent on the key reason any amendment must fail:  WSOU admits that an alleged infringer must make at least two calls to two different Google APIs, but fails to identify such an alleged infringer.

WSOU's opposition does not seriously challenge Google's motion at all.  The Court should dismiss WSOU's complaint in full, and should deny leave to amend it.

**ARGUMENT**

**I.      WSOU Does Not Address Its Own Requirement of Multiple Calls to Two APIs**

As Google explained in its motion, WSOU's complaint asserts infringement by multiple calls to different APIs, the Fence API and the Snapshot API.  *See* Mot. §§ B, II.  WSOU's allegations require the actual infringer—whoever that may be—to combine various features of these two APIs.  Mot. at 5 (citing Compl. ¶¶ 46-60).  Thus WSOU's own complaint requires

"that, to infringe claim 1 of the '961 patent, some actual infringer must make various calls to the Fence API and the Snapshot API and then combine the results of these calls to act in an infringing manner."  Mot. at 5 (citing Compl. ¶¶ 56, 57).  Despite the import of these admissions in its complaint, WSOU's opposition fails to address this point.  Indeed, WSOU does not even mention this issue, but instead pretends that this part of Google's motion does not exist.

This failure is fatal.  WSOU's complaint admits that infringement requires at least two calls to two different APIs, one to set up a "fence" and one to increment a "count."  Compl. ¶¶ 56, 57; *see* Mot. § B.  Having made this admission—as it must, given the structure of the claim and the functionalities of the two APIs it identifies in the complaint—WSOU can only "plead 'facts sufficient to allow a reasonable inference that all steps of the claimed method are performed'" by at minimum alleging that *someone* makes *both* of these calls.  *De La Vega v. Microsoft Corp.*, No. 19-612, 2020 WL 3528411, at *4 (W.D. Tex. Feb. 11, 2020) (quoting *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2017)).  WSOU does this nowhere in the complaint, and it claims to do so nowhere in its opposition.  The Court need go no further.

## II.    WSOU Cannot Rely on Unpleaded Claim 11

Although WSOU's complaint refers only to claim 1 (Compl. ¶ 60) and alleges only infringement of claim 1 (*see id.* ¶¶ 46-60), WSOU's lead argument is that the Court should instead consider claim 11, not claim 1, and deny dismissal for that reason.  Opp. at 2-3.  WSOU hangs this argument entirely on its boilerplate allegation that Google "directly infringe[s] **at least one claim** of the '961 patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States."  *Id.* at 2 (quoting Compl. ¶ 61 (alteration and emphasis in original)).  Citing only this boilerplate, WSOU argues that the complaint "alleges infringement of all claims of the '961

– 2 –

patent, including apparatus claims." Opp. at 2. But the mere words "at least," whether or not buried in boilerplate, cannot be sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration in original)), and thus cannot suffice to allege infringement by any claims other than claim 1.

This Court recently considered this issue in *De La Vega*, 2020 WL 3528411. There, two complaints alleged "that Microsoft and Google each, directly and indirectly, infringe[d] at least claims 1 and 9 of" the patent-in-suit. *Id.* at *1 (citing Compls. ¶ 21 (alteration added)). Despite the "at least" language in the *De La Vega* complaints, the Court considered only the claims the plaintiff specifically noted, claims 1 and 9. *See id.* at *1-*2. And in doing so, the Court applied a standard that devastates WSOU's argument here. *See id.* at *7. After considering in detail plaintiff's allegations of infringement of claim 1, *id.* at *2-*7, the Court turned to claim 9:

> Plaintiff's Original Complaints do not provide any description of how the accused instrumentalities infringe claim 9. Plaintiff only refers to claim 9 twice in each of his Original Complaints, once to provide the claim language and once to allege that each Defendant infringes claim 9 ("Defendant is thus liable for infringement of at least claims 1 and 9 of the '986 patent pursuant to 35 U.S.C. § 271."). There is no explanation as to how the accused instrumentalities infringe claim 9. Plaintiff fails to even include an allegation or short statement that each Defendant infringes claim 9 in the same manner as claim 1.

*Id.* at *7 (internal citations omitted). The Court found that "these statements fail to even rise to the level of 'labels and conclusions, and a formulaic recitation of the elements of a cause of action' that are insufficient under *Twombly*," and dismissed the plaintiff's allegations regarding claim 9 without further analysis, and with prejudice. *Id.* at *7 (quoting *Twombly*, 550 U.S. at 555). As *De La Vega* explained, the words "at least" are not magic and will not allow WSOU to rely on claims it did not plead. The Court should not further consider WSOU's arguments regarding unpleaded claim 11.

### III.     WSOU's Boilerplate Allegations Cannot Overcome Its Pleading Failures

As Google explained in its motion, "a court must dismiss a complaint if it fails to allege 'enough facts to state a claim to relief that is plausible on its face'"; this "'facial plausibility'" requires "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  *Golden v. Apple Inc.*, 819 Fed. App'x 930, 931 (Fed. Cir. 2000) (quoting *Twombly*, 550 U.S. at 555); *see* Mot. § I.  Google applied this standard to WSOU's infringement allegations, in paragraphs 46-59 of its complaint.  *See* Mot. §§ B, II.  WSOU does not try to defend paragraphs 46-59, and does not address them in its opposition, but instead alleges that Google "selectively ignores allegations of the Complaint (Dkt. 1) that defeats [sic] its motion." Opp. at 2.  Throughout its opposition, WSOU cites only three paragraphs of its complaint: paragraphs 45, 60, and 61.  But these paragraphs are mere boilerplate.  Paragraph 45 states:

> Google makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this judicial district, products such as, but not limited to, systems that incrementally determine the location context of a mobile device (collectively, the "Accused Products").

Compl. ¶ 45.  This paragraph serves to introduce paragraphs 46-59, which contain WSOU's specific (and deficient) infringement allegations.  Following those allegations, WSOU returns to boilerplate with paragraphs 60-61, which state:

> In view of preceding paragraphs, each and every element of at least claim 1 of the '961 Patent is found in the Accused Products.

> Google continues to directly infringe at least one claim of the '961 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without the authority of Brazos.

Compl. ¶¶ 60-61.  WSOU argues that, because Google did not specifically mention these boilerplate bookends when challenging in detail the allegations between them, it takes an

– 4 –

unfairly "myopic" reading of the complaint.  Opp. at 4-5.  WSOU thus claims that, no matter the deficiencies of paragraphs 46-59—deficiencies Google described in its motion and WSOU does not rebut in its opposition—these boilerplate paragraphs *still* provide sufficient allegations of infringement.  *Id.*  But paragraphs 45, 60 and 61 are precisely the "formulaic recitation of the elements" the law does not allow.  *Golden*, 819 Fed. App'x at 930-31.  They could not sufficiently allege infringement without paragraphs 46-59, and they certainly cannot do so with them.  As Google explained in its motion, paragraphs 46-59 admit that Google's Fence API and Snapshot API do not themselves perform any steps of the claim, and allege instead only that they provide capabilities—not infringing by themselves—which someone else could put together in an allegedly infringing way.  Mot. § B (citing Compl. ¶¶ 49, 51, 53-54, 56-59 (referring to actions by "an app," "developers," "apps," "the application," and "the user")).  Thus, even if its boilerplate paragraphs would be sufficient by themselves (and they would not), they cannot survive the contradictory allegations of paragraphs 46-59.  The Court "need not accept as true conclusory allegations and allegations contradicted by other allegations within Plaintiff's own complaint."  *LBS Innovations, LLC v. Nokia USA Inc*., No. 15-1972, 2016 WL 3407611, at *2 (E.D. Tex. June 21, 2016) (citing *Rosas v. Bexar Cty*., No. 14-1082, 2015 WL 1955406, at *5 (W.D. Tex. Apr. 29, 2015)).

## IV.    WSOU Ignores Google's Authorities, and Its Own Cases Require Dismissal

Google's motion sets forth in detail the pleading standard for infringement claims. *See* Mot. § I.  WSOU's opposition does not address the seamless web of authority on these issues, but hangs its hat on a single case:  *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018).  *Disc Disease* does not apply here, but even if it did, it would mandate dismissal of WSOU's allegations in this case.

In *Disc Disease*, the plaintiff filed its infringement complaint one day before "amendments to the Federal Rules of Civil Procedure took effect, abrogating Rule 84 and Form 18."  888 F.3d at 1258.  The defendant moved to dismiss under the newly governing *Twombly* and *Iqbal* standard, and the district court granted that motion with prejudice.  *Id*. at 1258-59. Plaintiff Disc Disease "filed a motion for reconsideration on the basis that the abrogation of Form 18 constituted an intervening change in law," sought leave "to file a first amended complaint" and "attached to its motion for reconsideration an amended complaint that included a detailed infringement analysis," and "filed a timely Rule 59(e) motion requesting that the district court alter or amend its judgment to allow Disc Disease to file a first amended complaint."  *Id.* at 1259.  The district court denied all these motions.  *Id.*

In a short opinion, the Federal Circuit reversed the district court's dismissal.  *Id.* at 1260. The Court found that because "[t]his case involves a simple technology," and the plaintiff "attached to the complaint the asserted patents and photographs of the accused products," the plaintiff's "disclosures and allegations are enough to provide VGH Solutions fair notice of infringement," and thus the district court should not have dismissed the claim.  *Id.* at 1258, 1260.

There are two ways to read *Disc Disease*, but neither helps WSOU here.  First, one can understand *Disc Disease* as shaped by its exceedingly rare facts, including the district court's unwillingness to allow claims to proceed even after the plaintiff provided an "an amended complaint that included a detailed infringement analysis," and seeming intent to redress what appeared to be an inequitable result.  *Id.* at 1259.  Many courts have evidently read *Disc Disease* this way, declining to extend it and limiting it to its facts.[1]  Even ignoring this central aspect of

---

[1] *E.g.*, *Boston Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 490 n.2 (D. Del. 2019) ("In this case, the technology is far from simple and thus *Disc Disease* is inapposite."); *Chapterhouse, LLC v. Shopify, Inc.*, No. 18-300, 2018 WL 6981828, at *1-*2 (E.D. Tex. Dec. 11,

*Disc Disease*, however, cannot save WSOU.  *Disc Disease* stands only for the proposition that,

when a claim "involves a simple technology" from which a defendant can receive "fair notice of

infringement" solely through an identification of patents and products and accompanying

photographs, then such a pleading is sufficient.  *Id.* at 1260.  It is not hard to see why that result

was correct in *Disc Disease*:  the figures of the two asserted patents bear a striking resemblance

to the pictures of the accused products attached to the complaint.  *Compare* U.S. Patent No.

8,012,113, Fig. 1 *with Disc Disease Sols. Inc. v. VGH Sols., Inc.*, Case No. 15-188, Docket No. 1-3 (M.D. Ga. Nov. 30, 2015); *compare* U.S. Patent No.




FIG. 1

7,618,509, Fig. 12 *with Disc Disease Sols. Inc. v. VGH Sols., Inc.*, Case No. 15-188, Docket No.

1-5 (M.D. Ga. Nov. 30, 2015).  But *Disc Disease* cannot and does not support WSOU's

---

2018) (distinguishing "the relatively simple patents of *Disc Disease*"); *Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc*., No. 18-1074, 2018 WL 10425908, at *1-*2 (N.D. Tex. Oct. 9, 2018) (noting that *Disc Disease* "appears to be limited to similar circumstances, where considering the technology at issue, the complexity level of the asserted claims, and the nature of the accused devices, simple pleadings supported by photographs may be sufficient to meet the standards of *Twombly* and *Iqbal*."); *Horowitz v. Yishun Chen*, No. 17-432, 2018 WL 6219928, at *3 (C.D. Cal. May 14, 2018) (*Disc Disease* "doesn't set a floor for the level of detail required to plead direct patent infringement" and is "simply one example where pleadings were sufficient."); *Genedics, LLC v. Meta Co.*, No. 17-1062, 2018 WL 3991474, at *12 n.15 (D. Del. Aug. 21, 2018), ("[t]here can be little doubt, however, that the patents at issue here concern subject matter that is much more technologically sophisticated than in *Disc Disease*."); *Garrett v. TP-Link Research Am. Corp.*, No. 20-3491, 2020 WL 5517202, at *4 (N.D. Cal. Sept. 14, 2020) ("it is not clear from the Complaint that this case involves 'simple technology,' and Garrett does not argue that it does."); *DIFF Scale Operation Research, LLC v. MaxLinear, Inc*., No. 19-2109, 2020 WL 2220031, at *1 n.2 (D. Del. May 7, 2020) ("This is not a situation, like that in *Disc Disease* [] where the plaintiff does not need to rely on a narrative articulation of how the accused products plausibly infringe the elements of the claim," noting that "[t]he patent claims at issue in *Disc Disease* were directed to an apparatus and method that were not unduly complex.").

boilerplate allegations here, where there is no "simple technology" amenable to disclosure through pictures, because *Disc Disease* allows allegations to suffice only if they provide "fair notice of infringement"—which, for the reasons Google has already explained, WSOU's boilerplate allegations do not.  888 F.3d at 1260; *see supra* § III.  The "fair notice" standard of *Disc Disease* thus requires dismissal of WSOU's complaint.[2]

## V.     WSOU's Indirect Infringement Claims Also Fail

Without proper claims of direct infringement, WSOU cannot properly allege indirect infringement.  *See* Mot. § III.  The Court should dismiss WSOU's indirect allegations as well.

## VI.    The Court Should Deny Leave to Amend the Complaint

While courts "should freely give leave" to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), they need not do so if amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Granting leave to amend would be futile when 'the amended complaint would fail to state a claim upon which relief could be granted.'"  *Burton v. Schindler Elevator Corp.*, No. 19-779, 2020 WL 1545712, at *1 (W.D. Tex. Mar. 31, 2020) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)).  "An amendment is futile if the amended complaint would fail to survive a motion to dismiss pursuant to Rule 12."  *Stephens v. John Bean Techs. Corp.*, No. 18-133, 2018 WL 7288584, at *1 (W.D. Tex. Dec. 12, 2018).

That is so here.  WSOU's opposition cursorily requests leave to amend, Opp. at 5, but does nothing to explain why its amended complaint would "survive a motion to dismiss pursuant

---

[2] WSOU also briefly cites *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, Case No. 18-1335, Docket No. 33, slip op. at 7-8 (W.D. Tex. June 25, 2019).  Opp. at 5.  To no avail: there, the plaintiff's complaint included an element-by-element comparison of the accused product to the asserted claim.  *Id.*, Docket No. 1 ¶¶ 17-24 (W.D. Tex. Dec. 28, 2018).  The defendant challenged a single element of this comparison, but the Court found that the plaintiff sufficiently alleged that element.  *Id.*, Docket No. 33, slip op. at 7-8.  *Encoditech* is worlds away from WSOU's reliance on pure boilerplate.

to Rule 12." *Stephens*, 2018 WL 7288584, at *1.  Nor do its arguments against dismissal provide any such indication.  WSOU relies heavily on boilerplate allegations, *see supra* § III, but when considering leave to amend, "a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim," *Burton*, 2020 WL 1545712, at *2 (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016)).  And *Disc Disease* would still require WSOU to provide "fair notice" of its claim in any amended complaint, which it has shown it cannot do.  *See supra* § IV.

Finally, and critically, WSOU does not even attempt to address the consequences of its admission that, to infringe the '961 patent, *someone* must make at least two calls to two different APIs, as well as WSOU's failure to allege that this someone actually exists.  This failure is fatal to WSOU's present claims, *see supra* § I, and it is fatal to any future claim under claim 11 of the '961 patent, because WSOU does not explain how any difference between claims 1 and 11 would allow it to avoid this admission in an amended complaint asserting the latter.

Even under the generous standard of Fed. R. Civ. P. 15(a)(2), WSOU has not provided sufficient grounds to allow amendment; indeed, it has not provided *any* grounds.  In these rare circumstances, the Court should dismiss the complaint without leave to amend.

## CONCLUSION

For the foregoing reasons and those set forth in the motion, Google respectfully requests that the Court dismiss the complaint in this action, Docket No. 1, in its entirety.

Date: October 2, 2020

Respectfully submitted,

*/s/ Michael E. Jones*
Michael E. Jones (Texas Bar No. 10929400)
Patrick C. Clutter (Texas Bar No. 24036374)
**Potter Minton, P.C.**
110 North College, Suite 500
Tyler, Texas, 75702

+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
patrickclutter@potterminton.com

Matthew S. Warren (*pro hac vice*)
Jen Kash (*pro hac vice*)
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-585@cases.warrenlex.com

Tharan G. Lanier (*pro hac vice*)
**Jones Day**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I certify that on October 2, 2020, I served the foregoing Reply in Support of Motion to Dismiss by Defendant Google LLC For Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) by notice of electronic filing on counsel of record registered as CM/ECF users.

*/s/ Michael E. Jones*
Michael E. Jones