# Exhibit A

WARREN LEX LLP

2261 MARKET STREET NO. 606
SAN FRANCISCO CA 94114

TEL +1 (415) 895 2940
FAX +1 (415) 895 2964

December 8, 2020

**By Electronic Submission to CM/ECF**

The Honorable Alan D. Albright
United States District Judge
United States District Court for the Western District of Texas
800 Franklin Avenue
Waco, Texas, 76701

Re:   *WSOU Investments LLC v. Google LLC*, No. 20-585 (W.D. Texas)

Dear Judge Albright:

Plaintiff WSOU and defendant Google write jointly to seek the Court's guidance regarding Google's proposed motion to strike WSOU's infringement contentions in this matter.  Google seeks an order striking the contentions in this matter, and giving WSOU thirty days to provide amended infringement contentions "setting forth where in the accused product(s) each element of the asserted claim(s) are found."  WSOU responds that its current contentions are sufficient.  Google and WSOU agree that they are at an impasse regarding this matter, with no compromise possible, and thus seek help from the Court.

**1.    Google's Statement**

The Order Governing Proceedings required WSOU to "serve preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claims(s) are found."  Docket No. 24 ¶ 2.  WSOU's contentions fail this test by alleging that an "application" performs steps of infringement, without specifying what that "application" is, and without claiming that the unspecified "application" actually infringes, instead stating only that it *could*.  For example:

- "For example, when a user's stationary state (i.e. within a geofencing region) is determined, **the application can** incrementally count data for other context sets (e.g. step counting, distance covered, etc.)."  *Id.* at 20, 93 (emphasis added);

- "For example, when a user connects headphones with the mobile device, **the application can** provide a request for suggesting soundtracks."  *Id.* at 35, 108 (emphasis added); and

- "**An application can** suggest other services based on the determination of a stationary state."  *Id*. at 35, 108 (emphasis added).

In addition, WSOU's contentions require (among other things) that the "application" perform multiple steps to combine various pieces of data in an allegedly infringing way.  For example:

> [G]eofencing allows the determination of a stationary state based on fences.  This state can be combined with an incremented count for another signal source such as motion data for activity

The Honorable Alan D. Albright
December 8, 2020
Page 2

> (e.g. walking) using one or more sensors such as motion sensors, position sensors, etc. For example, when a user's stationary state (i.e. within a geofencing region) is determined, **the application can** incrementally count data for other context sets (e.g. step counting, distance covered, etc.).

*E.g.*, *id.* at 20, 28-29, 93, 101 (emphasis added). WSOU's contentions thus require the unspecified "application" to perform at least two distinct actions: first, determine "a user's stationary state," and second, "incrementally count data for other context sets (e.g. step counting, distance covered, etc.)." *Id.* Even assuming that combining these two distinct actions in this way contributes to infringement, WSOU does not allege that any "application" actually *does* both these things, let alone that any "application" even *can* do both these things.

These failures are fatal. WSOU's infringement contentions do not "set[] forth where in the accused product(s) each element of the asserted claims(s) are found," and thus do not give Google fair notice of WSOU's infringement theories.

WSOU makes three arguments to justify its current contentions; all fail. First, it says that it accuses the Pixel, and that this accusation resolves the matter. But WSOU's own contentions admit that infringement requires both hardware (such as the Pixel) *and* software: they do not actually name the Pixel (or even specify particular models) but accuse "Google Android devices such as Google Pixel with Google Apps and Services" (*id.* at 1, 74), and have nothing to fill the "Apps and Services" gap except for an unspecified application that both determines "a user's stationary state," and "incrementally count[s] data for other context sets." *E.g.*, *id.* at 20, 28, 93, 101. WSOU's contentions thus admit that the Pixel is thus necessary to infringement, but not sufficient.

Second, WSOU claims that "Google's allegations are inapplicable to the asserted system claims." Again, WSOU's contentions belie its argument: for both method and system claims, WSOU's contentions admit that infringement requires an unnamed "application" that both determines "a user's stationary state," and "incrementally count[s] data for other context sets," but provide none. *See supra.*

Third, and tellingly, WSOU argues that although it cannot currently identify the missing "application," it posits that "Google apps, applications, services, processes, or subroutines" will fill this gap, and it hopes to find the missing "application" through "the course of discovery." WSOU thus admits that it does not currently know enough to allege infringement, but hopes to find out later. WSOU's shoot-first-ask-questions-later approach cannot meet the Court's requirement that contentions "set[] forth where in the accused product(s) each element of the asserted claim(s) are found," and would, if adopted by this Court, allow litigation to become a limitless fishing expedition, in which a plaintiff can assert infringement with no theory, and hope that discovery reveals one later. That is not the law, and should not be.

For all these reasons, Google respectfully requests that the Court strike WSOU's existing infringement contentions, and order WSOU to submit revised contentions, within 30 days, that "set[] forth where in the accused product(s) each element of the asserted claim(s) are found."

The Honorable Alan D. Albright
December 8, 2020
Page 3

2.   **WSOU's Statement**

The core function of infringement contentions is notice. *See e.g., Mobile Telecomm. Techs. v. Sprint Nextel et al.*, No. 2:12-cv-00832 (E.D. Tex. April 25, 2014). Such ***notice*** corresponds to a party's ***theories of infringement***. *See e.g., Juxtacomm-Texas Software, LLC v. Awxay, Inc. et al.*, No. 6:10-cv-00011 (E.D. Tex. October 13, 2010). WSOU's preliminary infringement contentions ("PICs") provide such notice as to its theory of infringement. In particular, Google does not dispute that WSOU accused Google's Android software system, which includes within the OS a function called the "Awareness API." The PICs describe in detail how operation of Android OS and the Awareness API infringe.  Both of Google's requests are not requests alleging lack of notice concerning infringement, but instead, are requests seeking additional information concerning the ***scope and extent*** of the infringement.

Initially, Google's complained that the PICs must identify every application that make use of Android (and the Awareness API). However, such identification is not required in the PICs for Google to be on notice of the theories of infringement. This is because infringement occurs within the Android OS. While the extent of use of the Android OS might be relevant to damages, the scope of use it is not necessary for a theory of infringement.  In any event, Google is in a much better position to analyze its own ***extent*** of infringement as opposed to asking WSOU to identify such extent.

Again, Google already has notice of the particular features within Android that infringe. The PICs provide a detailed walkthrough of Android's infringing functions and operations. An identification of applications that use Android provides no additional details as to WSOU's theory of infringement. The theory of infringement is indifferent as to what application uses the function. And, even as to the ultimate issue of infringement, Courts allow representative examples to establish infringement. *See, e.g, Union Carbide Chemicals & Plastics Technology Corp. v. Shell Oil Co.*, 425 F.3d 1366, 1377, 76 U.S.P.Q.2d 1705, 1712 (Fed. Cir. 2005) (affirming infringement verdict and rejecting infringer's argument that the patentee's expert use of one representative example to show infringement for 69 accused was inappropriate) *and Spansion, Inc. v. International Trade Com'n, 629 F.3d 1331* (Fed. Cir. 2010).

Google's next request is similar to the first – asking for all hardware devices that make use of the accused Android function.  However, as Google acknowledges, WSOU already identified Google's Pixel line of devices as an example, namely laptops, tablets, and smartphones which use the Android OS.

"In <u>Google Android devices such as Google Pixel with Google Apps and Services, Google provides Awareness API</u> that unifies location and context signals in a single API. Google provides context-based features with minimal impact on system resources, combining context signals while letting the API manage system resources so that the app does not have to [do] the same. The API supports different signals such as time, location, places, etc." *See e.g.*, Preliminary Infringement Contentions at 1 (emphasis added).

Such Pixel devices implement the accused Android system, which are detailed in the PICs.  Such comports with "representative examples" that Court's require in PICs.  *Orion IP, LLC v. Staples, Inc.*, No. 2:04-cv-297 (E.D. Tex. Jan. 9, 2006) ("[P]laintiffs should provide specific theories of infringement and

The Honorable Alan D. Albright
December 8, 2020
Page 4

representative examples of the alleged infringement so as to give defendants fair notice of infringement beyond that which is provided by the mere language of the patent claims themselves."). Nothing more is required. Google – not WSOU – is in a much better position to understand the scope and extent of Google's infringement and devices that use the accused functionality within the Android OS.

Google's position regarding the method claims also lack merit. Not only does the Complaint allege Google's own use of the accused products and accused functionality (*see e.g.* Compl., ¶¶ 45, 61), but the infringement contentions themselves allege that Google practices the claimed methods through Google's own use of its Android devices as well as Google's use of its own apps and services that infringe through Google's Awareness API, which is a part of the Google Android system.

In summary, WSOU's PICs already provide details of its theories of infringement – particular function of Android, which include the Awareness API. No further detail concerning the extent is required.

*   *   *   *   *

The parties look forward to discussing this issue with the Court.

Respectfully Submitted,

Matthew S. Warren