# EXHIBIT #17

**Group 3 – Google's Sur-Reply Claim Construction Brief (Civil Case Nos. 6:20-cv-00573-ADA, 6:20-cv-00575-ADA, 6:20-cv-00577-ADA, and 6:20-cv-00585-ADA)**

**PATENT**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| APPLICANTS | : | Anguenot |
| TITLE | : | ELECTRONIC MESSAGE HANDLING METHOD BASED ON A MESSAGE SYSTEM CLIENT AND SYSTEM TO IMPLEMENT THE METHOD |
| APPLICATION NO. | : | 12/415,089 |
| FILED | : | March 31, 2009 |
| CONFIRMATION NO. | : | 2105 |
| EXAMINER | : | Shin |
| ART UNIT | : | 2443 |
| LAST OFFICE ACTION | : | October 15, 2010 |
| ATTORNEY DOCKET NO. | : | LUTZ 201000US01<br>A-L Ref. No. 802941 US |

## **AMENDMENT A**

MAIL STOP AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Sir:

Responsive to the Office Action mailed October 15, 2010 on the above-referenced patent application, Applicants respectfully request reconsideration of the application.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 9 of this paper.

## AMENDMENTS TO THE CLAIMS:

The listing of claims will replace all prior versions, and listings of claims in the application:

## LISTING OF THE CLAIMS

1. (Currently amended) ~~Management~~ A method ~~applying to~~ of managing electronic messages ~~in an inbox associated~~ to a user ~~(3)~~ of an electronic message client ~~(2) integrated in a communication system (1) characterised in that~~, comprising:
for ~~each~~ one or more electronic message of ~~the said~~ a plurality of electronic messages in an inbox associated with a user of an electronic message client integrated in a communication system, ~~the~~ a user ~~(3) may, from within~~ is able to use the electronic message client ~~(2)~~, to assign an archiving rule ~~consisting in the~~ that includes a definition, ~~on the one hand,~~ of at least one action out of a list of actions ~~whose implementation is likely to~~ that can be detected by the ~~said~~ communication system ~~(1)~~, and, ~~on the other hand, of~~ information concerning a location ~~(115, 215)~~ within the ~~said~~ communication system ~~(1)~~ to which the ~~said~~ corresponding one or more electronic message is ~~to be~~ moved ~~when~~ after the ~~said~~ action is ~~carried out~~ detected, and in that the ~~said~~ corresponding one or more electronic message is ~~in fact~~ moved to the ~~said~~ location ~~(115, 215) upon~~ after detection ~~of~~ by the ~~said~~ communication system ~~(1) of performance~~ of the corresponding at least one action.

2. (Currently amended) ~~Management~~ The method according to claim 1~~, characterised in that, as~~ wherein the communication system ~~(1)~~ comprises ~~communication means such as in particular~~ at least one of an electronic message server ~~(101)~~, a printing system ~~(102)~~, a fax sending/receiving system ~~(103) and/or~~ and a telephony system ~~(104)~~, the ~~said action~~ list ~~comprises in particular~~ of actions comprising at least one of the following actions:
sending or receiving of a message by a user ~~(3, 31)~~ of the ~~said~~ communication system ~~(1)~~ by means of the ~~said~~ electronic message server ~~(101)~~;

2

printing of a document by a user ~~(3, 31)~~ of the ~~said~~ communication system ~~(1)~~ by means of the ~~said~~ printing system ~~(102)~~;

sending or receiving of a fax by a user ~~(3, 31)~~ of the ~~said~~ communication system ~~(1)~~ by means of the ~~said~~ fax sending/receiving system ~~(103)~~; ~~or~~ and

placing or receiving of a telephone call by a user ~~(3, 31)~~ of the ~~said~~ communication system ~~(1)~~ by means of the ~~said~~ telephony system ~~(104)~~.

3.  (Currently amended) ~~Management~~ The method according to claim 1~~,~~ ~~characterised in that~~ as wherein the communication system ~~(1)~~ comprises a file manager ~~(105)~~, the ~~said action~~ list ~~comprises, in particular,~~ of actions comprising at least one of the following actions:

using or updating a file present in the communication system ~~(1)~~ by a user ~~(3, 31)~~ of the ~~said~~ communication system ~~(1)~~;

moving a file from a first location to a second location of the communication system ~~(1)~~ by a user ~~(3, 31)~~ of the ~~said~~ communication system ~~(1)~~; and

exceeding a storage limit of a file storage module of the communication system ~~(1)~~.

4.  (Currently amended) ~~Management~~ The method according to claim 1~~,~~ ~~characterised in that~~ as wherein the communication system ~~(1)~~ comprises a network connection manager ~~(106)~~, the ~~said action~~ list ~~comprises, in particular,~~ of actions comprising at least one of the following actions:

access to a web page from the ~~said~~ communication system ~~(1)~~ by a user ~~(3, 31)~~ of the ~~said~~ communication system ~~(1)~~;

access to an Intranet page hosted by the ~~said~~ communication system ~~(1)~~ by a user ~~(3, 31)~~ of the ~~said~~ communication system ~~(1)~~; and

implementation of an FTP transfer by any user ~~(3, 31)~~ of the ~~said~~ communication system ~~(1)~~.

5.  (Currently amended) ~~Management~~ The method according to claim 1~~,~~ ~~characterised in that~~ as wherein the communication system ~~(1)~~ comprises ~~means (113)~~

3

a user rights database for the management of user rights in respect to the ~~said~~ communication system ~~(1)~~, the ~~said action~~ list ~~comprises, in particular, the action~~ of actions comprising:

modification of the user rights database by a user ~~(3, 31)~~ of the ~~said~~ communication system ~~(1)~~.

6. (Currently amended) ~~Management~~ The method according to claim 1~~,~~ ~~characterised in that as~~ wherein the communication system ~~(1)~~ comprises means ~~(107, ..., 112)~~ for the management of collaborative applications, ~~whether or not hosted by the communication system (1),~~ the ~~said action~~ list ~~comprises, in particular,~~ of actions comprising at least one of the following actions:

update of a page of a collaborative application by a user ~~(1, 11)~~ of the communication system ~~(1)~~ in the case of a collaborative application hosted by the ~~said~~ communication system ~~(1)~~; and

update of a page of a collaborative application hosted outside the communication system ~~(1)~~.

7. (Currently amended) ~~Management~~ The method according to claim 1~~,~~ ~~characterised in that~~ wherein the archiving rule is a function~~, among other things,~~ of the user who is to carry out the ~~said~~ action within the communication system ~~(1)~~, selected from among the user ~~(3)~~ to whom the inbox is associated~~, or~~ and other users ~~(31)~~ of the ~~said~~ communication system ~~(1)~~.

8. (Currently amended) ~~Management~~ The method according to claim 7~~,~~ ~~characterised in that~~ wherein the ~~said~~ list of actions is a function of a profile set up for the user ~~(3, 31)~~ who is to carry out the action, the ~~said~~ profile defining ~~the~~ rights of use of ~~the programmes or~~ programs and systems available on the communication system ~~(1)~~.

9. (Currently amended) ~~Management~~ The method according to claim 1~~,~~ ~~characterised in that~~ wherein, ~~once~~ after the ~~said~~ corresponding one or more electronic

4

message ~~has been~~ is moved to the ~~said~~ location, a distinctive mark is added to the ~~said~~ corresponding one or more electronic message, enabling it to be differentiated from the other electronic messages.

10. (Currently amended) Communication system ~~(1)~~, comprising
an electronic message client ~~(2)~~ to manage electronic ~~message~~ messages in an inbox associated ~~to~~ with a user ~~(3)~~ of the ~~said~~ electronic message client ~~(2)~~, ~~characterised in that~~ the ~~said~~ electronic message client ~~(2) comprises~~, comprising:
means ~~(217)~~ to enable the user ~~(3)~~ to assign, for ~~each~~ one or more electronic message of the ~~said~~ electronic messages, an archiving rule ~~consisting in the~~ including a definition, ~~on the one hand,~~ of at least one action from ~~among~~ a list of actions whose implementation ~~is susceptible of being~~ can be detected by the ~~said~~ communication system ~~(1)~~, and, ~~on the other hand,~~ of information relating to a location ~~(115, 215)~~ within the ~~said~~ communication system ~~(1)~~ ~~towards~~ to which the ~~said~~ one or more electronic message is ~~to be~~ moved ~~when~~ after the ~~said~~ action is ~~carried out~~ detected, and
~~in that~~ the communication system ~~(1) comprises, in addition,~~ further comprising:
means of ~~detection (114a, 114b, 114c, 114d) to detect that~~ detecting the corresponding at least one action ~~attached~~ assigned to the ~~said~~ corresponding one or more electronic message ~~has been carried out~~, and
means ~~(117, 118)~~ of generation of an archiving command to move the ~~said~~ corresponding one or more electronic message to the ~~said~~ location ~~upon~~ after detection of the ~~fact that the~~ corresponding at least one action ~~has been performed~~.

11. (New) The communication system according to claim 10, further comprising:
at least one of an electronic message server, a printing system, a fax sending/receiving system and a telephony system;
wherein the list of actions include at least one of the following actions:
sending or receiving of a message by a user of the communication system by means of the electronic message server;

5

    printing of a document by a user of the communication system by means of the printing system;

    sending or receiving of a fax by a user of the communication system by means of the fax sending/receiving system; and

    placing or receiving of a telephone call by a user of the communication system by means of the telephony system.

12. (New) The communication system according to claim 10, further comprising:

a file manager;

wherein the list of actions includes at least one of the following actions:

    using or updating a file present in the communication system by a user of the communication system;

    moving a file from a first location to a second location of the communication system by a user of the communication system; and

    exceeding a storage limit of a file storage module of the communication system.

13. (New) The communication system according to claim 10, further comprising:

a network connection manager;

wherein the list of actions includes at least one of the following actions:

    access to a web page from the communication system by a user of the communication system;

    access to an Intranet page hosted by the communication system by a user of the communication system; and

    implementation of an FTP transfer by any user of the communication system.

14. (New) The communication system according to claim 10, further comprising:

a user rights database for the management of user rights in respect to the communication system;

wherein the list of actions includes modification of the user rights database by a user of the communication system.

15. (New) The communication system according to claim 10, further comprising:
means for the management of collaborative applications;
wherein the list of actions includes at least one of the following actions:
update of a page of a collaborative application by a user of the communication system in the case of a collaborative application hosted by the communication system; and
update of a page of a collaborative application hosted outside the communication system.

16. (New) The communication system according to claim 10 wherein the archiving rule is a function of the user who is to carry out the action within the communication system, selected from among the user to whom the inbox is associated and other users of the communication system.

17. (New) The communication system according to claim 16 wherein the list of actions is a function of a profile set up for the user who is to carry out the action, the profile defining rights of use of programs and systems available on the communication system.

18. (New) The communication system according to claim 10 wherein, after the corresponding one or more electronic message is moved to the location, a distinctive mark is added to the corresponding one or more electronic message, enabling it to be differentiated from the other electronic messages.

19. (New) A method of managing electronic messages via an electronic message client, comprising:
a) creating a first archiving rule for electronic messages in an inbox of an electronic mail client associated with a user, the electronic mail client integrated in a

communication system, the first archiving rule specifying at least one action of a plurality of actions that can be detected by the communication system after which select electronic messages are to be archived from the electronic mail client and specifying a storage location within the communication system to which the select electronic messages are to be archived, wherein the electronic mail client associated with the user is used to create the first archiving rule;

b) assigning the first archiving rule to one or more electronic message in the inbox associated with the user, wherein the electronic mail client associated with the user is used to assign the first archiving rule to each corresponding one or more electronic message; and

c) moving the one or more electronic message to which the first archiving rule is assigned from the inbox associated with the user to the storage location associated with the first archiving rule after the corresponding at least one action associated with the first archiving rule is detected.

20.  (New) The method according to claim 19, further comprising:

d) creating a second archiving rule for electronic messages in the inbox of the electronic mail client associated with the user, the second archiving rule specifying one or more action of the plurality of actions that can be detected by the communication system after which select electronic messages are to be archived from the electronic mail client and specifying the storage location within the communication system to which the select electronic messages are to be archived, wherein the electronic mail client associated with the user is used to create the second archiving rule;

e) assigning the second archiving rule to at least one electronic message in the inbox associated with the user, wherein the electronic mail client associated with the user is used to assign the second archiving rule to each corresponding at least one electronic message; and

f) moving the at least one electronic message to which the second archiving rule is assigned from the inbox associated with the user to the storage location associated with the second archiving rule after the corresponding at least one action associated with the second archiving rule is detected.

## REMARKS

Amendment A is hereby provided after careful consideration of the Examiner's comments set forth in the Office Action mailed October 15, 2010. Claims 1-10 remain in the application and claims 11-20 are added after Amendment A is entered. Reconsideration of the application is respectfully requested in view of the amendments and remarks provided herein.

## The Office Action

Claims 10 stands rejection under 35 U.S.C. § 101 for allegedly being directed to a computer system of "software per se."

Claims 1, 4, 5, 7, and 8 stand rejected under 35 U.S.C. § 102(e) for allegedly being anticipated by U.S. Pat. App. Publication No. 2007/0157203 to Lim et al.

Claim 2 stands rejected under 35 U.S.C. § 103(a) for allegedly being obvious over Lim in view of U.S. Pat. App. Publication No. 2003/0105827 to Tan et al.

Claims 3, 6, 9, and 10 stand rejected under 35 U.S.C. § 103(a) for allegedly being obvious over Lim in view of U.S. Patent No. 7,730,148 to Mace et al.

## The § 101 Art Rejections

### Claim 10 is Directed to Statutory Subject Matter under § 101.

As amended, independent claim 10 is directed to a "communication system" that includes "an electronic message client to manage electronic messages in an inbox associated with a user of the electronic message client" in which the electronic message client includes "means to enable the user to assign, for one or more electronic message of the electronic messages, an archiving rule including a definition of at least one action from a list of actions whose implementation can be detected by the communication system and information relating to a location within the communication system to which the one or more electronic message is moved after the action is detected." The "communication system" of claim 10 also includes "means of detecting the corresponding at least one action assigned to the corresponding one or more electronic message, and means of generation of an archiving command to move the

9

corresponding one or more electronic message to the location after detection of the corresponding at least one action." The Office Action alleges that the claim is directed to a computer system of "software per se" because the specification does not make it clear that the only reasonable interpretation of the word "system" includes at least one tangible hardware component. In other words, this § 101 rejection alleges that a system claim is directed to non-statutory subject matter because the specification allegedly does not discloses that the system **MAY NOT** be implemented using purely software. The Office Action uses this reasoning to conclude that the "communication system" in claim 10 is "software per se."

However, the specification describes the communication system as being implemented in a corporate (or company) network or a personal computer. The specification states that the communication system includes message storage databases and may include an electronic message server, a printing system, a fax system, and a telephone. As such, the communication system includes the common structural components of a computer system or computer network. Notably, the specification does not mention the term "software" and does not preclude the communication system from being implemented via structural components. Moreover, the elements (e.g., electronic message client, means to enable, means of detection, and means of generation) of claim 10 are directed to physical components of a communication system. Based on the foregoing, claim 10 qualifies as a machine under § 101, which is an enumerated statutory category.

Moreover, the Applicant notes that MPEP 2106.01 states the following:

> Computer programs are often recited as part of a claim. **USPTO personnel should determine whether the computer program is being claimed as part of an otherwise statutory manufacture or machine**. In such a case, the **claim remains statutory irrespective of the fact that a computer program is included in the claim**. The same result occurs when a **computer program is used in a computerized process where the computer executes the instructions set forth in the computer program**. Only

10

>when the claimed invention **taken as a whole** is directed to a mere program listing, i.e., to only its description or expression, is it descriptive material per se and hence nonstatutory. (see MPEP 2106.01(I), 3rd para) (emphasis added)

Applicant notes that the citation above from the MPEP shows that the Office Action assertions are clear error and in conflict with the MPEP guidelines. In other words, it is clear error to classify independent claim 10, as a whole, as "software per se" because the claims, taken as a whole, are not directed to mere program listings.

Based at least on the foregoing, it is submitted that claim 10 is directed to a statutory subject matter under § 101. Accordingly, the applicant respectfully requests that the rejection of independent claim 10 under § 101 be withdrawn.

## The § 102 Art Rejections

A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference. See *Verdegaal Bros. v. Union Oil Co. of California,* 814 F.2d 628, 631, (Fed. Cir. 1987). In order for the reference to anticipate a claim, it must teach every element of the claim. See MPEP § 2131.

## Claims 1, 4, 5, 7, and 8 Patentably Distinguish Over Lim.

As amended, independent claim 1 is directed to a method of managing electronic messages to a user of an electronic message client that includes "for one or more electronic message of a plurality of electronic messages in an inbox associated with a user of an electronic message client integrated in a communication system, a user is able to use the electronic message client to **assign** an archiving rule that includes a definition of at least one action out of a list of actions that can be detected by the communication system and information concerning a location within the communication system to which the corresponding one or more electronic message is moved after the action is detected, and in that the corresponding one or more electronic message is

11

moved to the location after detection by the communication system of the corresponding at least one action." This anticipation rejection in reliance on Lim is clear error because the reference does not disclose or fairly suggest the "assign" limitation associated with the "archiving rule" in relation to a "user" as recited in amended claim 1.

The Office Action cites paragraphs 11, 69, and 235 of Lim for disclosure of the "assign" limitation in claim 1. However, the cited portions of Lim merely disclose a method and apparatus for controlling document access and application usage via "centrally" managed rules. The Lim rules are stored and manipulated in a central rule database via a rule server. Paragraph 82 of Lim provides an example of controlling document access to an e-mail message on a mail server. For e-mail, the Lim document access control includes opening an e-mail, deleting an e-mail, reading e-mail attributes, and changing e-mail attributes. Paragraph 83 of Lim provides an example of controlling application usage where the application is an e-mail client. For e-mail, the Lim application usage control includes creating an e-mail, opening an e-mail, copying an e-mail, archiving an e-mail, saving an e-mail to a file, deleting an e-mail, sending an e-mail, forwarding an e-mail, attaching a file to an e-mail, cutting data to a clipboard, pasting data from a clipboard, performing a drag-and-drop operation, and changing e-mail attributes.

Notably, the cited portions of Lim do not disclose or fairly suggest that an electronic message client associated with a user can be used to assign an archiving rule to an electronic message in an inbox associated with the user as recited in the "assign" limitation of claim 1. Rather, Lim deals with using centrally managed rules in a central rule database on a rule server to control e-mail access and e-mail client usage, such as archiving an e-mail.

Based at least on the foregoing, the Applicant respectfully submits that claim 1 is patentably distinguished from Lim. Accordingly, the Applicant respectfully submits that independent claim 1 and claims dependent thereon (e.g., claims 4, 5, 7, and 8) are currently in condition for allowance.

Additionally, claim 4 is directed to a method in which the "list of actions" include at least one of "access to a web page from the communication system by a user of the communication system; access to an Intranet page hosted by the communication

system by a user of the communication system; and implementation of an <u>FTP transfer</u> by any user of the communication system." The Office Action relies on paragraph 69 of Lim for disclosure of the "web page" and "Intranet page" limitations in dependent claim 4. However, the cited portion of Lim merely discloses controlling access to web pages. Similarly, the Office Action relies on paragraph 226 of Lim for disclosure of the "FTP transfer" limitation in dependent claim 4. However, the cited portion of Lim merely discloses FTP servers that may include interceptor and consequence applications to control document access. Based at least on the foregoing, it is submitted that claim 4 is patentably distinguished from Lim. Accordingly, the Applicant respectfully submits that claim 4 is currently in condition for allowance for at least these additional reasons.

Additionally, claim 5 is directed to a method in which the "communication system" includes a "user rights database" and the "list of actions" include "modification of the <u>user rights database</u> by a user of the communication system." The Office Action relies on paragraph 100 of Lim for disclosure of the "user rights database" limitation in dependent claim 5. However, the cited portion of Lim merely discloses a policy builder for creating, testing, publishing, and deploying policy rule statements. Based at least on the foregoing, it is submitted that claim 5 is patentably distinguished from Lim. Accordingly, the Applicant respectfully submits that claim 5 is currently in condition for allowance for at least these additional reasons.

## The § 103 Art Rejections

Obviousness rejections are based on the statutory language that "a patent may not be obtained ... if the difference between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." See 35 U.S.C. § 103(a). The key to supporting any obviousness rejection is the clear articulation of the reason(s) why the claimed invention would have been obvious. See MPEP § 2142. The analysis supporting an obviousness rejection should be made explicit. See *KSR International Co. v. Teleflex, Inc.*, 550 U.S. 398, 418 (2007). Rejections on obviousness cannot be sustained with mere conclusory statements; instead, there must be some articulated reasoning with some rational underpinning to

support the legal conclusions of obviousness. See *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006).

### Claim 2 Patentably Distinguishes Over the Combination of Lim and Tan.

Claim 2 depends from independent claim 1. Accordingly, claim 2 is patentably distinct from the combination of Lim and Tan for at least the same reasons provided above distinguishing claim 1 from Lim. Based at least on the foregoing, the Applicant respectfully submits that claim 2 is currently in condition for allowance.

Additionally, claim 2 is directed to a method in which the "list of actions" include at least one of "sending or receiving of a message by a user of the communication system by means of the electronic message server; printing of a document by a user of the communication system by means of the printing system; sending or receiving of a fax by a user of the communication system by means of the fax sending/receiving system; and placing or receiving of a telephone call by a user of the communication system by means of the telephony system." The Office Action relies on paragraph 157 of Lim for disclosure of the "message" and "document" limitations in dependent claim 2. However, the cited portion of Lim merely discloses usage policies that control whether users can perform various actions, such as sending or printing documents. Similarly, the Office Action relies on paragraphs 4 and 99 of Tan for disclosure of the "fax" and "telephone call" limitations, respectively, in dependent claim 2. However, the cited portions of Tan merely disclose management of fax messages (paragraph 4) and screening of telephone calls (paragraph 99). Based at least on the foregoing, it is submitted that claim 2 is patentably distinguished from the combination of Lim and Tan. Accordingly, the Applicant respectfully submits that claim 2 is currently in condition for allowance for at least these additional reasons.

### Claims 3, 6, and 9 Patentably Distinguish Over the Combination of Lim and Mace.

Claims 3, 6, and 9 depend from independent claim 1. Accordingly, claims 3, 6, and 9 are patentably distinct from the combination of Lim and Mace for at least the same reasons provided above distinguishing claim 1 from Lim. Based at least on the

14

foregoing, the Applicant respectfully submits that claims 3, 6, and 9 are currently in condition for allowance.

Additionally, claim 3 is directed to a method in which the "list of actions" include at least one of "<u>using or updating a file</u> present in the communication system by a user of the communication system; <u>moving a file</u> from a first location to a second location of the communication system by a user of the communication system; and exceeding a <u>storage limit</u> of a file storage module of the communication system." The Office Action relies on paragraph 150 of Lim for disclosure of the "using or updating a file" and "moving a file" limitations in dependent claim 3. However, the cited portion of Lim merely discloses controlling access to and usage of files on file servers, including creating, reading, writing, deleting, copying, moving, and renaming files. Similarly, the Office Action relies on col. 10, lines 46-57 of Mace for disclosure of the "storage limit" limitation in dependent claim 3. However, the cited portion of Mace merely discloses user control over the size of a local e-mail archive store. Based at least on the foregoing, it is submitted that claim 3 is patentably distinguished from the combination of Lim and Mace. Accordingly, the Applicant respectfully submits that claim 3 is currently in condition for allowance for at least these additional reasons.

Additionally, claim 6 is directed to a method in which the "list of actions" include at least one of "update of a page of a collaborative application by a user of the communication system in the case of a collaborative <u>application hosted</u> by the communication system; and update of a page of a collaborative <u>application hosted outside</u> the communication system." The Office Action relies on paragraph 11 of Lim for disclosure of the "application hosted" limitation in dependent claim 6. However, the cited portions of Lim merely disclose policy enforcers on client systems or servers that control document access and usage for direct user accesses as well as application accesses. Similarly, The Office Action relies on paragraph 130 of Lim for disclosure of the "application hosted outside" limitation in dependent claim 6. However, the cited portion of Lim merely discloses an integration service module that is responsible for capturing events that occur outside the system. Based at least on the foregoing, it is submitted that claim 6 is patentably distinguished from the combination of Lim and

15

Mace. Accordingly, the Applicant respectfully submits that claim 6 is currently in condition for allowance for at least these additional reasons.

### Claim 10 Patentably Distinguishes Over the Combination of Lim and Mace.

As amended, independent claim 10 is directed to a "communication system" that includes "an electronic message client to manage electronic messages in an inbox associated with a user of the electronic message client" in which the electronic message client includes "**means to enable** the user to **assign**, for one or more electronic message of the electronic messages, an archiving rule including a definition of at least one action from a list of actions whose implementation can be detected by the communication system and information relating to a location within the communication system to which the one or more electronic message is moved after the action is detected." The "communication system" of claim 10 also includes "means of detecting the corresponding at least one action assigned to the corresponding one or more electronic message, and means of generation of an archiving command to move the corresponding one or more electronic message to the location after detection of the corresponding at least one action." This obviousness rejection is clear error because neither Lim, Mace, nor any combination thereof disclose or fairly suggest the "assign" limitation in the "means to enable" element. The reasons for obviousness stated in the Office Action do not cure these errors because they do not explicitly state how these aspects would have been obvious based on Lim, Mace, or the combination thereof.

As for the "assign" limitation," the Office Action does not cite Mace for disclosure of this limitation. The Office Action only cites paragraphs 235 and 446 of Lim for disclosure of the "assign" limitation in the obviousness rejection of claim 10. However, the cited portions of Lim merely disclose a method and apparatus for controlling document access and application usage via "centrally" managed rules. The Lim rules are stored and manipulated in a central rule database via a rule server. Paragraph 82 of Lim provides an example of controlling document access to an e-mail message on a mail server. For e-mail, the Lim document access control includes opening an e-mail, deleting an e-mail, reading e-mail attributes, and changing e-mail attributes. Paragraph 83 of Lim provides an example of controlling application usage where the application is

an e-mail client. For e-mail, the Lim application usage control includes creating an e-mail, opening an e-mail, copying an e-mail, archiving an e-mail, saving an e-mail to a file, deleting an e-mail, sending an e-mail, forwarding an e-mail, attaching a file to an e-mail, cutting data to a clipboard, pasting data from a clipboard, performing a drag-and-drop operation, and changing e-mail attributes.

Notably, the cited portions of Lim do not disclose or fairly suggest that an electronic message client associated with a user includes a means to enable the user to assign an archiving rule to an electronic message in an inbox associated with the user as recited in the "means to enable" element of claim 10. Rather, Lim deals with using centrally managed rules in a central rule database on a rule server to control e-mail access and e-mail client usage, such as archiving an e-mail.

Therefore, it is error to rely on the cited portions of Lim for disclosure of the "assign" limitation in the "means to enable" element of claim 10. The reasons for obviousness do not cure this error because they do not explicitly state how this limitation would have been obvious based on Lim, Mace, or the combination thereof. Based at least on the foregoing, it is submitted that claim 10 is patentably distinguished from the combination of Lim and Mace. Accordingly, the Applicant respectfully submits that independent claim 10 is currently in condition for allowance.

## CONCLUSION

For the reasons detailed above, it is respectfully submitted all claims remaining in the application (Claims 1-20) are now in condition for allowance. The foregoing comments do not require unnecessary additional search or examination.

☒   Remaining Claims, as delineated below:

| (1) FOR | (2) CLAIMS REMAINING AFTER AMENDMENT LESS HIGHEST NUMBER PREVIOUSLY PAID FOR | | (3) NUMBER EXTRA |
|---|---|---|---|
| TOTAL CLAIMS | 20 | - 20 = | 0 |
| INDEPENDENT CLAIMS | 3 | - 3 = | 0 |

☒   This is an authorization under 37 CFR 1.136(a)(3) to treat any concurrent or future reply, requiring a petition for extension of time, as incorporating a petition for the appropriate extension of time.

☒   The Commissioner is hereby authorized to charge any filing or prosecution fees which may be required, under 37 CFR 1.16, 1.17, and 1.21 (but not 1.18), or to credit any overpayment, to Deposit Account Number 06-0308.

In the event the Examiner considers personal contact advantageous to the disposition of this case, he/she is hereby authorized to telephone Alan C. Brandt, at 216.363.9000.

Respectfully submitted,

Fay Sharpe LLP

January 27, 2011
Date

*[signature]*

Alan C. Brandt, Reg. No. 50,218
The Halle Building, 5th Floor
1228 Euclid Avenue
Cleveland, Ohio 44115-1843
216.363.9000

N:\LUTZ\201000US01\ACB0000619V001.DOCX