**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a | § | Case No. 6:20-cv-571-ADA |
| BRAZOS LICENSING AND | § | Case No. 6:20-cv-572-ADA |
| DEVELOPMENT, | § | Case No. 6:20-cv-573-ADA |
| | § | Case No. 6:20-cv-575-ADA |
| Plaintiff, | § | Case No. 6:20-cv-576-ADA |
| | § | Case No. 6:20-cv-579-ADA |
| v. | § | Case No. 6:20-cv-580-ADA |
| | § | Case No. 6:20-cv-583-ADA |
| GOOGLE LLC, | § | Case No. 6:20-cv-584-ADA |
| | § | Case No. 6:20-cv-585-ADA |
| Defendant. | § | |
| | § | JURY TRIAL DEMANDED |

**GOOGLE'S OPPOSITION TO WSOU'S MOTION**
**FOR A PROTECTIVE ORDER REQUIRING WITHDRAWAL OF SUBPOENAS**
**AGAINST NONPARTIES BP FUNDING TRUST AND TERRIER SSC, LLC**

## **TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A.   BP Funding and Terrier's Loan Interests in Asserted Patents, and Their Potential
     Effect on WSOU's Standing to Bring Cases Against Google. . . . . . . . . . . . . . . . . . . . 1

B.   Uniloc's Nationwide Litigation Campaign Collapses Following Revelation that Loan
     Interests Deprived Plaintiffs of Standing to Allege Infringement of Patents-in-Suit. . . . . . 2

C.   Google Seeks Standing Discovery from Both WSOU and from the Lenders. . . . . . . . . . 3

D.   WSOU Objects to Google's Standing Discovery Into Its Own Documents, But Does
     Not Object to Google's Standing Discovery Into the Lenders' Documents. . . . . . . . . . . . 4

E.   BP Funding and Terrier Waive Their Objections to the Subpoenas; BP Funding
     Executes a Detailed Written Agreement to Produce Documents . . . . . . . . . . . . . . . . . . 4

F.   Google Moves to Compel Production by Terrier; BP Funding and Terrier Reiterate
     Their Agreement to Produce Documents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

G.   WSOU Asserts "Prejudice," and BP Funding Reneges on Its Agreement . . . . . . . . . . . 5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.     WSOU Must Show Good Cause to Limit Discovery, a "Particularly Heavy" Burden . . . . 6

II.    WSOU's Claims of Irrelevance Cannot Constitute Good Cause. . . . . . . . . . . . . . . . . . . 7

III.   WSOU's Claim of Third-Party Burden is Not Supported by the Third Parties . . . . . . . . . 9

IV.    WSOU Cannot Avoid Discovery by Claiming a Fishing Expedition. . . . . . . . . . . . . . . . 9

V.     The Court Should Not Reward WSOU's Conduct. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# **TABLE OF AUTHORITIES**

*Cases*            **Pages**

*A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*,
No. 16-62610, 2017 WL 4871077 (S.D. Fla. Aug. 15, 2017) . . . . . . . . . . . . . . . . . . . . 7

*Caraway v. Chesapeake Expl. LLC*,
269 F.R.D. 627 (E.D. Tex. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Deitz v. Performance Food Grp., Inc.*,
No. 20-153, 2021 WL 2715974 (W.D. Tex. Apr. 21, 2021) . . . . . . . . . . . . . . . . . . . . . 9

*Eidos Display, LLC v. AU Optronics Corp.*,
No. 11-201, 2016 WL 6680578 (E.D. Tex. Nov. 14, 2016) . . . . . . . . . . . . . . . . . . . . . 3

*Finjan, Inc. v. Rapid7, Inc.*,
No. 18-1519, 2020 WL 5045186 (D. Del. Aug. 7, 2020). . . . . . . . . . . . . . . . . . . . . . 9, 10

*Ford Motor Co. v. Versata Software, Inc.*,
316 F. Supp. 3d 925, 948 (N.D. Tex. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Garcia v. El Paso Tchrs. Fed. Credit Union*,
No. 20-25, 2021 WL 2784561 (W.D. Tex. Jan. 21, 2021) . . . . . . . . . . . . . . . . . . . . . . 6

*Granados v. State Farm Lloyds*,
No. 10-13, 2010 WL 11597707 (W.D. Tex. June 2, 2010) . . . . . . . . . . . . . . . . . . . . . . 6

*Hacienda Design Studio, LLC v. TCOE Inc.*,
No. 14–519, 2016 WL 8258898 (W.D. Tex. Sept. 30, 2016). . . . . . . . . . . . . . . . . . . . 8

*Higar v. Task Force of Texas, LLC*,
No. 17-60, 2018 WL 4999962 (E.D. Tex. May 28, 2018). . . . . . . . . . . . . . . . . . . . . . 8

*In re Terra Int'l*,
134 F.3d 302 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

*Kilmon v. Saulsbury Indus., Inc.*,
No. 17-99, 2018 WL 5800759 (W.D. Tex. Feb. 13, 2018). . . . . . . . . . . . . . . . . . . . 6, 7, 8

*Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*,
No. 12-773, 2015 WL 11251773 (W.D. Tex. Aug. 28, 2015), *aff'd*,
676 F. App'x 967 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Richards v. Jefferson Cty., Ala.*,
    517 U.S. 793 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Taylor v. Sturgell*,
    553 U.S. 880 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Uniloc USA, Inc. v. Apple, Inc.*,
    No. 18-358, Docket No. 164-2 (N.D. Cal. Jan. 17, 2019). . . . . . . . . . . . . . . . . . . . . . 2

*Uniloc USA v. Apple Inc.*,
    784 Fed. App'x 763 (Fed. Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Uniloc USA, Inc. v. Apple, Inc.*,
    No. 18-358, 2020 WL 7122617 (N.D. Cal. Dec. 4, 2020) . . . . . . . . . . . . . . . . . . . . . 2

*Uniloc 2017 LLC v. Blackboard, Inc.*,
    No. 20-665, 2021 WL 1236100 (D. Del. Jan. 28, 2021) . . . . . . . . . . . . . . . . . . . . . . 3

*Uniloc 2017 LLC v. Google LLC*,
    508 F. Supp. 3d 556 (N.D. Cal. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Uniloc USA, Inc. v. Motorola Mobility, LLC*,
    No. 17-1658, 2020 WL 7771219 (D. Del. Dec. 30, 2020) . . . . . . . . . . . . . . . . . . . . . 3

*Zamora v. GC Services, LP*,
    No. 15-48, 2017 WL 1861843 (W.D. Tex. Feb. 17, 2017). . . . . . . . . . . . . . . . . . . . . 8

### Statutes and Rules

Fed. R. Civ. P. 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

### Other Proceedings

*Google LLC v. BP Funding Trust*,
    Case No. 21-440, Docket Nos. 1 (D. Del. October 15, 2021)
    Case No. 21-440, Docket No. 14 (D. Del. October 22, 2021). . . . . . . . . . . . . . . . 3-6, 8

*Google LLC v. Terrier SSC, LLC*,
    Case No. 21-419, Docket No. 1 (D. Del. October 7, 2021). . . . . . . . . . . . . . . . . . 1, 4, 5

**INTRODUCTION**

WSOU asks the Court to stop Google's inquiry into the key jurisdictional issue of whether WSOU has standing to bring these suits, by ordering that Google withdraw subpoenas to third parties which previously agreed to produce documents until WSOU interjected itself, forcing Google to file motions to compel currently pending before the District of Delaware. WSOU asserts no prejudice except that standing discovery is a "fishing expedition." The question before the Court is a simple one: has WSOU met its burden of establishing good cause, that is, a specific need for protection against Google's receipt of documents from third parties which agreed to produce them? WSOU does not and cannot meet this burden.

**BACKGROUND**

**A.    BP Funding and Terrier's Loan Interests in Asserted Patents, and Their Potential Effect on WSOU's Standing to Bring Cases Against Google**

BP Funding Trust ("BP Funding") is a special purpose investment vehicle controlled by a specialty finance company. According to the public record, BP Funding and WSOU executed a loan agreement on May 16, 2019, which gave BP Funding a security interest covering patents in all but two of these actions. *Google LLC v. Terrier SSC, LLC,* Case No. 21-419, Docket No. 1, Ex. 5 at Reel 056526, Frame 0225 (D. Del. October 7, 2021). BP Funding later transferred its interest to Terrier SSC, LLC ("Terrier"), through an agreement not publicly filed with the USPTO. On June 29, 2020, WSOU filed these cases against Google. On June 3, 2021, nearly one year later, Terrier filed a "Release of Security Interest," dated May 28, 2021. *Id.* at Reel 056526, Frame 0157. While public records thus show that BP Funding and then Terrier held a security agreement in WSOU's patents, the substance of that interest is not public. But that substance could determine WSOU's standing to bring its claims.

– 1 –

**B.      Uniloc's Nationwide Litigation Campaign Collapses Following Revelation that Loan Interests Deprived Plaintiffs of Standing to Allege Infringement of Patents-in-Suit**

Understanding the importance of Google's standing discovery, and WSOU's eagerness to stop it, requires review of Uniloc's nationwide litigation campaign.  There, defendants sought to dismiss Uniloc's claims for lack of standing, arguing that Uniloc's lending arrangements and security agreements "left no plaintiff with constitutional standing." *Uniloc USA, Inc. v. Apple, Inc.*, No. 18-358, Docket No. 164-2 at 1 (N.D. Cal. Jan. 17, 2019).  The district court initially denied Apple's motion to dismiss, finding on the limited information before it that "the Unilocs had cured their default to Fortress's reasonable satisfaction, as somewhat evidenced by their later May 15 amendment," but "authoriz[ing] discovery on the matter in the interim." *Uniloc USA, Inc. v. Apple, Inc.*, No. 18-358, 2020 WL 7122617, at *2 (N.D. Cal. Dec. 4, 2020).

When Uniloc appealed a finding of invalidity of certain asserted claims, the Federal Circuit required resolution of standing first, and "remand[ed] for the district court to supplement the record, determine whether Uniloc has standing in the first instance, and, if appropriate, cure any jurisdictional defects." *Uniloc USA v. Apple Inc.*, 784 Fed. App'x 763, 768 (Fed. Cir. 2019).  Following the Federal Circuit's ruling, and after WSOU filed its complaints in this Court, the district court reviewed new, previously unproduced loan documents, and concluded that "Uniloc Luxembourg and Uniloc USA's licensing scheme deprived them of exclusionary rights in the '203 patent.  This, in turn, deprived them of Article III standing." *Uniloc,* 2020 WL 7122617, at *8.  Accordingly, the *Uniloc* court granted the motion to dismiss.  *Id.*  The court acknowledged that it had "reache[d] the opposite result as the prior order in the related cases" because "the prior order lacked some crucial facts," including "the entirety of the third amendment to the Revenue Sharing Agreement." *Uniloc*, 2020 WL 7122617, at *6.  The court's finding on this "new

– 2 –

record" (*id.*) collapsed Uniloc's litigation campaign.  WSOU and Uniloc share common

ownership and counsel; WSOU is desperate to prevent the same fate from happening here.[1]

## C.    Google Seeks Standing Discovery from Both WSOU and from the Lenders

Google sought discovery regarding WSOU's standing to bring its claims.  From public

records, Google identified BP Funding and Terrier as entities holding interests in the asserted

patents under non-public agreements, and accordingly sought standing discovery from both the

lenders and WSOU itself.  From WSOU, Google sought standing discovery starting on April 19,

when it sought documents "concerning any actual or potential financial or non-financial interests

of any person in the asserted patent, any related patent, any related application, or WSOU

Investments, LLC," and "concerning the 'Release of Patent Security Interest' filed with the

United States Patent and Trademark Office."  WSOU provided no documents; Google followed

up on August 31 (Ex. A), but WSOU did not respond.

On September 8, 2021, Google served BP Funding with document and deposition

subpoenas.  *See Google LLC v. BP Funding Trust*, Case No. 21-440, Docket No. 1, Exs. 1-2

(D. Del. October 15, 2021).  On September 10, Google served Terrier with document and

---

[1] *E.g.*, *Uniloc 2017 LLC v. Blackboard, Inc.*, No. 20-665, 2021 WL 1236100, at *1 (D. Del. Jan. 28, 2021); *Uniloc USA, Inc. v. Motorola Mobility, LLC*, No. 17-1658, 2020 WL 7771219, at *8 (D. Del. Dec. 30, 2020); *Uniloc 2017 LLC v. Google LLC*, 508 F. Supp. 3d 556, 574 (N.D. Cal. 2020).  WSOU loudly omits reference to the *Uniloc* matters, despite its familiarity with them, and despite the identically case-dispositive relevance of the discovery sought.  Instead, WSOU cites cases that have no bearing on the relevance of Google's subpoenas. For example, WSOU cites *Eidos Display, LLC v. AU Optronics Corporation* for its argument that "a security interest in a patent does not present a 'typical joinder issue' and does not create ownership rights in the patent."  Mot. at 5.  But the *Eidos* court considered a different issue—a lienholder's settlement authority—and did so having already ordered production of the loan agreement, the same production WSOU asks this Court to block.  2016 WL 6680578, at *5.  In any event, Google does not argue that any lien, in itself, requires joinder of the lender—were that so, Google would need no further discovery.  Instead, the public record shows that the liens here do not stand on their own, but are expressly part of a larger series of transactions, the contents of which make Google's defenses more—or less—likely to succeed.

deposition subpoenas.  *See Google LLC v. Terrier SSC, LLC*, Case No. 21-419, Docket No. 1,

Exs. 1-2 (D. Del. October 7, 2021).  These subpoenas seek documents and testimony regarding

two principal categories of information:  first, loan agreements and conveyances underlying the

security interest in the patents in suit, and, second, documents concerning the scope of that

interest.  *Id.*  Many of these documents, such as those concerning the conveyance of interests

from BP Funding to Terrier, are uniquely in the possession of the non-parties.  As required by

Fed. R. Civ. P. 45(a)(4), Google gave WSOU notice of these subpoenas before serving them on

BP Funding and Terrier.  The deadline for compliance with all four subpoenas was September

22.  Neither respondent complied.

### D.      WSOU Objects to Google's Standing Discovery Into Its Own Documents, But Does Not Object to Google's Standing Discovery Into the Lenders' Documents

On September 15, WSOU responded to Google's letter of August 31, "refer[ring] Google

to the publicly available security agreements and releases" and claiming that "the security

interest was released before litigation."  Ex. B.  The latter statement was not correct:  the security

interest remained for a year after WSOU filed its complaints.  *Google LLC v. Terrier SSC, LLC,*

Case No. 21-419, Docket No. 1, Ex. 5 at Reel 056526, Frame 0157.  WSOU's letter did not

object to, or even mention, Google's third-party subpoenas.  Ex. B.  WSOU and Google met and

conferred on September 24, and, on September 29, Google followed up listing specific

documents it sought from WSOU.  Ex. C.   Despite repeated requests for a further response,

WSOU did not respond further until after it filed this Motion.

### E.      BP Funding and Terrier Waive Their Objections to the Subpoenas; BP Funding Executes a Detailed Written Agreement to Produce Documents

Neither BP Funding nor Terrier submitted timely objections to the subpoenas.  On

October 1, two weeks after its objections were due, counsel for BP Funding contacted Google,

but again did not object to the subpoenas.  *Google LLC v. BP Funding Trust*, Case No. 21-440,

Docket No. 1, Ex. 6 (D. Del. October 15, 2021).  Instead, BP Funding and Google executed a

written agreement for BP Funding to produce, by Friday, October 15, specific categories of

documents responsive to Google's subpoenas and relevant to the security interest in WSOU's

patents held first by BP Funding and then by Terrier.  *Id.*, Docket No. 1, Exs. 7-10

(D. Del. October 15, 2021).  Terrier did not respond at all to the subpoenas.

**F.      Google Moves to Compel Production by Terrier; BP Funding and Terrier Reiterate
         Their Agreement to Produce Documents**

On October 7, Google filed its Motion to Compel Terrier in light of its non-response to

the subpoena.  *Google LLC v. Terrier SSC, LLC*, Case No. 21-419, Docket No. 1

(D. Del. October 7, 2021).  On Tuesday, October 12, counsel for BP Funding and Terrier again

wrote to Google to confirm and reconfirm that Terrier and BP Funding would produce

responsive documents.  *Google LLC v. BP Funding Trust*, Case No. 21-440, Docket No. 1, Ex.

10 (D. Del. October 15, 2021).  Counsel wrote that Terrier "would like to reach a reasonable

agreement on the third-party discovery Google is seeking," and that "[w]e are on track to

produce the BasePoint documents on Friday."  *Id.*

**G.      WSOU Asserts "Prejudice," and BP Funding Reneges on Its Agreement**

Weeks after Google gave WSOU notice of these subpoenas, and one day before BP

Funding had agreed in writing to produce substantial documents, WSOU wrote to Google,

Terrier, and BP Funding, stating vaguely that "Google's demands on them are improper," and

that "production of the documents will prejudice WSOU."  *Google LLC v. BP Funding Trust*,

Case No. 21-440, Docket No. 1, Ex. 11 (D. Del. October 15, 2021).  In response, BP Funding

reneged on its agreement to produce documents.  *Id.*, Docket No. 1, Ex. 12 (D. Del. October 15,

2021).  Google asked WSOU to identify the prejudice it claimed to suffer.  *Id.*, Docket No. 14, Ex. A (October 22, 2021).  WSOU did not reply.  On October 15, Google filed its Motion to Compel BP Funding.  *Id.*, Docket No. 1 (D. Del. October 15, 2021).  Because BP Funding and Terrier are Delaware corporations with Delaware agents for service of process, Google's motions to compel them remain pending before the District of Delaware, "the court for the district where compliance is required" under Fed. R. Civ. P. 45(d)(2)(B)(i).

## ARGUMENT

### I.     WSOU Must Show Good Cause to Limit Discovery, a "Particularly Heavy" Burden

"The burden is upon the party seeking the protective order 'to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'"  *Kilmon v. Saulsbury Indus., Inc.*, No. 17-99, 2018 WL 5800759, at *2 (W.D. Tex. Feb. 13, 2018) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)).  The burden to support a request for a protective order is "particularly heavy"; to meet this burden, a "conclusory assertion of rights and privileges does not sufficiently demonstrate the existence of a specific personal right or privilege."  *Granados v. State Farm Lloyds*, No. 10-13, 2010 WL 11597707, at *1 (W.D. Tex. June 2, 2010).

WSOU cites no authority for its position that a patent assertion entity has a legitimate expectation of privacy to a "loan file" relating to the asserted patents, and none exists.  WSOU has likewise "failed to explain why the Confidentiality and Protective Order does not adequately guard its interests."  *Garcia v. El Paso Tchrs. Fed. Credit Union,* No. 20-25, 2021 WL 2784561, at *4 (W.D. Tex. Jan. 21, 2021) (noting that "concerns regarding confidential information and trade secrets, and the risk that disclosure may place a party in a competitive disadvantage, have clearly been addressed by the Confidentiality and Protective Order.")

## II.     WSOU's Claims of Irrelevance Cannot Constitute Good Cause

WSOU's motion relies on its view that Google's standing discovery is not relevant or within the scope of allowable discovery.  There are several flaws with this argument.  First, it relies on WSOU's description of what it calls a ruling by this Court during a sealed hearing (*e.g.*, Mot. at 2-4), which it claims is relevant here.   But, as WSOU acknowledges, this ruling is "sealed and therefore unavailable" beyond the parties to it—including, of course, Google.  Mot. at 2.  WSOU cannot bind Google to a sealed proceeding to which it was not a party.  *See, e.g.*, *Taylor v. Sturgell*, 553 U.S. 880, 892-93 (2008) ("The application of claim and issue preclusion to nonparties thus runs up against the 'deep-rooted historic tradition that everyone should have his own day in court.'") (quoting *Richards v. Jefferson Cty., Ala.*, 517 U.S. 793, 798 (1996)).

Second, this Court has rejected the precise argument WSOU makes here.  In *Kilmon v. Saulsbury Indus., Inc.*, just like WSOU here, the movant argued that "the requests for production served on [third-party] SCANA Corp. exceed the scope of permissible discovery and were issued for the purpose of annoying or harassing Defendant."  Case No. 17-99, 2018 WL 5800759, at *4 (W.D. Tex. Feb. 13, 2018).  The movant likewise argued that "the subpoena was an attempt to interfere with its customer relationships."  *Id.* at *6.  But this Court rejected these arguments, finding that the movant "fails to demonstrate good cause and a *specific need for protection from the discovery request at issue*—the SCANA Corp. Subpoena."  *Id.* (emphasis added).

WSOU provides no such specific grounds here, nor could it.  Google has asserted standing defenses, and in any event standing is always relevant to a party's claim or defense.  *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, No. 16-62610, 2017 WL 4871077, at *1 (S.D. Fla. Aug. 15, 2017) (discovery "aimed at a question of standing necessarily involves discovery aimed at the plaintiff's claim"); *Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine,*

*Inc.*, No. 12-773, 2015 WL 11251773, at *6 (W.D. Tex. Aug. 28, 2015), *aff'd*, 676 F. App'x 967

(Fed. Cir. 2017) (granting exceptional case fees because plaintiff withheld in discovery an asset

purchase agreement that "could not have been more relevant" as it proved lack of standing and

"ultimately was the basis for dismissal"). WSOU claims that "[t]he underlying loan documents

are not relevant to a claim or defense in this case, as the operative document—the publicly

recorded security agreement—has already been produced." Opp. at 4. But that "publicly

recorded security agreement" directly states that it is subject to other, private, agreements that

Google has not seen. For example, Section 4 of the publicly filed Patent Security Agreement

between WSOU and BP Funding provides that "[t]his Agreement is a Loan Document executed

pursuant to the Loan Agreement and shall (unless otherwise expressly indicated herein) be

construed, administered, and applied in accordance with the terms and provisions thereof."

*Google LLC v. BP Funding Trust*, Case No. 21-440, D.I. 1, Ex. 5 at Reel 056526, Frame 0225

(D. Del. October 15, 2021). Just as in the *Uniloc* matters, this document does not stand on its

own. Just as in the *Uniloc* matters, WSOU's standing depends on those internal documents,

which Google requests by its subpoenas.[2]

---

[2] To the extent WSOU relies on *Zamora v. GC Services, LP*, that reliance is misplaced.
No. 15-48, 2017 WL 1861843 (W.D. Tex. Feb. 17, 2017). *Zamora* concerns a protective order
covering *personal* records over which the court found an individual *person* had a *personal* right
to protection. *E.g., Zamora*, 2017 WL 1861843, at *5 (protective order appropriate as to
"medical authorizations or paperwork regarding Zamora's leave of absence and return to work").
Courts, including this one, routinely distinguish personal information from business or financial
records. *See, e.g., Kilmon*, 2018 WL 5800759, at *4 (denying a protective order for third-party
discovery of "documents relating to the business relationship between Defendant, Defendant's
employees, and SCANA Corp"); *Higar v. Task Force of Texas, LLC*, No. 17-60, 2018 WL
4999962, at *1 (E.D. Tex. May 28, 2018) ("bank records are the business records of the bank, in
which the party has no personal right"); *Hacienda Design Studio, LLC v. TCOE Inc.*, 2016 WL
8258898, at *3 (W.D. Tex. Sept. 30, 2016) (denying motion for protective order and denying
motion to quash non-party subpoena regarding "confidential business information between
[plaintiff and the third party]").

### III.   WSOU's Claim of Third-Party Burden is Not Supported by the Third Parties

WSOU next claims that Google's subpoenas seek information that "could be sought from a less burdensome source"—WSOU itself—and that Google should "seek that information from WSOU without burdening nonparties." Opp. at 5.  But WSOU cannot claim its own burden from discovery Google seeks against third parties, *Ford Motor Co. v. Versata Software, Inc.*, 316 F. Supp. 3d 925, 948 (N.D. Tex. 2017), and the third parties themselves do not claim any burden. To the contrary, before WSOU interjected itself, BP Funding and Terrier repeatedly agreed to produce substantial documents.  *See supra* §§ E, F.  WSOU also ignores the fact that the third parties have documents that WSOU does not, including communications between BP Funding and Terrier, which BP Funding had agreed to produce.  Finally, WSOU argues that, although it itself has not produced anything, Google cannot obtain documents from anyone else if there is a chance that WSOU might have them.  WSOU cites no authority for this Catch-22; none exists.

### IV.   WSOU Cannot Avoid Discovery by Claiming a Fishing Expedition

Finally, and without citation, WSOU claims that "there is good cause to enter a protective order because Defendant's harassment of WSOU's current or former lenders with burdensome fishing expeditions can harm WSOU's relationships and thereby prejudice WSOU."  Opp. at 6. But a party seeking a protective order "must show the necessity of any protective order's issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."  *Deitz v. Performance Food Grp., Inc*., No. 20-153, 2021 WL 2715974, at *3 (W.D. Tex. Apr. 21, 2021) (citing *In re Terra Int'l*, 134 F.3d at 306).  Under these "particular and specific" circumstances, the non-parties issued loans to a prolific patent assertion entity, with patents as collateral.  Indeed, in *Finjan, Inc. v. Rapid7, Inc.*, plaintiff's subsidiary "announced a patent acquisition and development agreement with IBM,"

and defendants sought discovery regarding that agreement.  No. 18-1519, 2020 WL 5045186, at

*1 (D. Del. Aug. 7, 2020).  When IBM sought to prevent their production, the Court found that:

> In any event, IBM should have foreseen when it entered into a patent acquisition and
> license agreement with Finjan that documents concerning that agreement and IBM's
> relationship with Finjan could be requested and produced in future patent litigations,
> especially a litigation such as this one involving the very patents that are a subject of the
> agreement.  That is, IBM never should have expected this horse to stay in the barn.

*Id.* at *3.  BP Funding and Terrier similarly should not have "expected this horse to stay in the

barn."  Their quick agreement to produce documents indicates that they did not.

## V.     The Court Should Not Reward WSOU's Conduct

WSOU has known since September 7, when Google served notice of these subpoenas,

that Google sought discovery from BP Funding and Terrier.  WSOU did not object, did not seek

a protective order, and did not even contact Google concerning the subpoenas.  Only after

Google filed a motion to compel Terrier, and literally on the eve of BP Funding's agreed

discovery, did WSOU inject itself into the process, first to pressure BP Funding to renege on its

agreement, and then to file this motion for a protective order.  Courts frown upon these tactics,

and for good reason.  *See, e.g., Caraway v. Chesapeake Expl. LLC,* 269 F.R.D. 627, 628

(E.D. Tex. 2010) ("The only reason to wait until the last minute before filing a motion for

protective order such as this is to present an opponent with *a fait accompli*.")  This Court should

not reward WSOU's tactic of 'laying behind the log' until the last minute, but should deny the

motion.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny WSOU's motion for a protective order.

Date:  October 27, 2021                          Respectfully submitted,

                                        */s/ Matthew S. Warren, with permission from*
                                        <u>*Michael E. Jones*                                </u>

Michael E. Jones (Texas Bar No. 10929400)
Patrick C. Clutter (Texas Bar No. 24036374)
**Potter Minton, P.C.**
110 North College, Suite 500
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
patrickclutter@potterminton.com

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-571@cases.warrenlex.com

Tharan Gregory Lanier (*pro hac vice*)
**Jones Day**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

Sasha Mayergoyz
**Jones Day**
77 W. Wacker Drive
Chicago, IL 60601
+1 (312) 782-3939
smayergoyz@jonesday.com

Tracy A. Stitt
Edwin O. Garcia
**Jones Day**
51 Louisiana Avenue NW
Washington, DC 20001
+1 (202) 879-3641
tastitt@jonesday.com
edwingarcia@jonesday.com

Michael A. Lavine
**Jones Day**

555 California Street
26th Floor
San Francisco, California 94104
+1 (415) 626-3939
mlavine@jonesday.com

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I certify that on October 27, 2021, I served the foregoing Google's Opposition to

WSOU's Motion for a Protective Order Requiring Withdrawal of Subpoenas Against Nonparties

BP Funding Trust and Terrier SSC, LLC by notice of electronic filing on counsel of record

registered as CM/ECF users.

*/s/ Michael E. Jones*