# EXHIBIT A



**DAN MACLEMORE**
maclemore@thetexasfirm.com
**(254) 776-5500**
Waco Office

December 21, 2021

To: Honorable Alan D. Albright, United States District Judge

From: Daniel MacLemore, Beard Kultgen Brophy Bostwick & Dickson, PLLC
Counsel for BP Funding Trust, Terrier SSC, LLC, and Aqua Licensing, LLC

Re: *WSOU Investments, LLC v. Google, LLC* – W.D. Tex. Nos. 6:20-cv-571, *etc.*
**Request for Continuance of Third Party Discovery Matters Set for Hearing December 27, 2021**

Your Honor,

I have recently been engaged as local counsel for the three third-party subpoena recipients referenced above, all of which have received subpoenas from Google and other defendants related to WSOU cases.

I understand that late last week, at Google's request, the Court set a hearing for December 27, 2021 at 11 am, to hear three motions related to two of my clients: (1) Google's motion to compel Terrier SCC, LLC, (filed originally in the District of Delaware as a miscellaneous discovery petition); (2) Google's motion to compel BP Funding Trust (also filed originally in Delaware); and (3) WSOU's motion for a protective order (filed here as part of WSOU's suit against Google) relating to Terrier and BP Funding. Since the underlying Google lawsuit is pending here, my clients filed a motion to transfer the Delaware motions under Rule 45(f), which Google opposed but the Delaware District Court recently granted.

I am requesting a continuance of the December 27, 2021 hearing until mid- to late- January (Google has agreed to a continuance to sometime the week of January 10, 2022 but will not agree to a continuance longer than that). In addition to the timing issues (I plan on being out of the office most of the next two weeks), there are several substantive reasons for this request.

First, my understanding is that the issues are at least partially if not wholly the same as issues previously raised by Microsoft on a motion to compel that this Court denied this fall in a similar WSOU case. The transcript from the Microsoft hearing was sealed at the request of the parties. Accordingly, extra time will allow WSOU and Microsoft to confer about un-sealing the relevant transcript portions (which we are asking them to do), so that Google and my clients can review it and better understand what exactly was argued and what this Court decided when it denied Microsoft's motion concerning my clients.

Second, the three motions Google has brought to the Court's attention are not the only motions that concern my clients; there appear to be more similar motions coming, and we think it makes sense to hear all the issues related to these third parties at the same time.

Third, Google also filed a motion in Delaware against another third party witness that my firm now represents called Aqua Licensing, LLC. After Google lost on the transfer issue in the BP Funding and Terrier proceedings in Delaware, it consented to the transfer of its motion against Aqua to Texas, which the Delaware court granted (on 12/15/2021 Google's motion against Aqua, D. Del. No. 1:21-mc-00443, became W.D. Tex. 6:21-mc-01309). Unlike the three motions discussed above, the motion filed against Aqua was never fully briefed in Delaware, so we will need some time to prepare a response on that one.

**Waco Office**: 220 South Fourth Street  Waco, Texas 76701  Main: 254-776-5500
**Dallas Office:** 15150 Preston Road, Suite 230  Dallas, Texas  75202  Main: 214-761-6460
thetexasfirm.com

Finally, in addition to the four motions discussed above (three motions to compel filed by Google in Delaware, and one for a protective order filed here by WSOU), my clients have also received similar (and, in some cases, identical) subpoenas from other defendants being sued by WSOU in the Western District of Texas, including ZTE, Dell, and HPE. At least one of these other defendants—ZTE, which served my clients with subpoenas that were identical to the subpoenas served by Google—is threatening what might be a fifth motion on these related issues. ZTE is currently insisting that it will not cooperate with Google in doing a single potential deposition of Aqua unless Aqua, BP Funding, and Terrier *all* agree to waive *all* of their objections to all documents and topics in the subpoenas that Google served on them and that ZTE then copied and served.

Accordingly, if counsel for the various different defendants sending my clients duplicative subpoenas are not going to cooperate with respect to potential depositions of these third party subpoena recipients, then my clients are going to file a motion to partially consolidate these cases for the limited purpose of certain third party discovery to streamline further, related proceedings before this Court and hopefully save my client's time, money, and inconvenience in light of their position as uninvolved third parties.

In sum, my clients believe a continuance of a month or so is warranted because they would like to review whatever can be unsealed with respect to what this Court has already decided about the issues involving my clients in the Microsoft case (and Google should get to see it, too). If a hearing is still necessary, then we believe all the issues relating to my third-party subpoena recipient clients, including a potential limited-purpose consolidation, should be resolved at the same hearing where Google, ZTE, and any other party can argue why the Court should rule differently than it did when it previously denied Microsoft's motion to compel discovery from WSOU related to BP Funding and Terrier.

                                                   Sincerely yours,

                                                   **BEARD KULTGEN BROPHY**
                                                   **BOSTWICK & DICKSON, LLP**

                                                   Dan MacLemore

Cc(s):   Morgan Pietz (morgan@pstrials.com)
           Julie Goerlinger (julie@pstrials.com)
           Rob Millimet (Rob@stantonllp.com)

*Co-Counsel for Non Party Subpoena Recipients BP Funding Trust, Terrier SSC, LLC and Aqua Licensing LLC.*

        AND TO ALL COUNSEL OF RECORD IN WSOU v. GOOGLE LITIGATION