# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>     Plaintiff,<br><br>v.<br><br><br>GOOGLE LLC,<br><br>     Defendant. | CIVIL ACTION 6:20-CV-00571-ADA<br>CIVIL ACTION 6:20-CV-00572-ADA<br>CIVIL ACTION 6:20-CV-00573-ADA<br>CIVIL ACTION 6:20-CV-00575-ADA<br>CIVIL ACTION 6:20-CV-00576-ADA<br>CIVIL ACTION 6:20-CV-00579-ADA<br>CIVIL ACTION 6:20-CV-00580-ADA<br>CIVIL ACTION 6:20-CV-00583-ADA<br>CIVIL ACTION 6:20-CV-00584-ADA<br>CIVIL ACTION 6:20-CV-00585-ADA |

**WSOU INVESTMENTS, LLC'S THIRD SET OF
INTERROGATORIES TO DEFENDANT GOOGLE**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff WSOU Investments, LLC ("WSOU") requests that Defendant Google answer each of the following Interrogatories under oath in the manner and within the time prescribed by law.

**DEFINITIONS**

1. The terms "DEFENDANT," "YOUR," and "YOU" as used herein shall refer to Defendant Google LLC, as well as any parent, subsidiary, division, or related company, any business entity controlled by or operated on behalf thereof, any predecessors thereof, and any and all agents, directors, owners, officers, attorneys, employees, representatives, subcontractors, and/or any PERSON acting on its behalf.

2. The term "PLAINTIFF" as used herein shall refer to Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing, as well as any parent, subsidiary, division, or related company, any business entity controlled by or operated on behalf thereof, any predecessors thereof, and any and all agents, directors, owners, officers, attorneys, employees, representatives, subcontractors, and/or any PERSON acting on their behalf.

3. The phrase "ACCUSED INSTRUMENTALITY" refers to the instrumentalities identified in the complaint (as may be amended) as well as the infringement contentions served in this case (as may be amended).

4. The term "PATENT-IN-SUIT" as used herein means the patent asserted in the present litigation.

5. The phrase "PRIOR ART" as used herein means any printed publication, any public use, any public knowledge, any sale, or any patent for sale anywhere in the world which YOU believe may be material to the validity of the PATENT-IN-SUIT.

6. The term "COMMUNICATION" as used herein means the transmittal of information in the form of facts, ideas, inquiries, or otherwise, in any form, including without limitation personal, written, e-mail, facsimile, and telex.

7. The term "DOCUMENT" as used herein (whether in the plural or singular) means any writing or other tangible thing from which data or information can be obtained (translated if necessary through detection devices into reasonably usable form), and which is known to YOU, or in YOUR custody, possession, or control, whether printed, recorded, reproduced by any process, or written or produced by hand, whether or not claimed to be privileged or exempt from production for any reason. Writings and tangible things that are included within this definition encompass letters, correspondence, electronic mail messages (in electronic or hard copy form), videos, presentations (including any corresponding deck of slides), tape recordings, reports, agreements, communications including intercompany communications, telegrams, memoranda, summaries, forecasts, photographs, models, wiki repositories, version control documentation on code (e.g., Perforce or the like), statistical statements, graphs, laboratory and engineering reports and notebooks, calendars, day-planners, electronic information within handheld organizing devices, charts, plans, manuals, operational guidelines, maintenance schedules, CAD/CAM files, specifications, test scripts, manuals, web pages, drawings, diagrams, minutes of records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, customer lists, reports and/or summaries of interviews, reports and/or summaries or investigations, opinions or reports of consultants, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any DOCUMENTS, revisions of drafts of any DOCUMENTS, cancelled checks, bank statements, invoices, receipts and originals of promissory notes, surveys, computer printouts, computer disks, photostats, motion pictures, slides, and sketches. The foregoing list is not an exclusive definition but is intended to aid YOU in producing the DOCUMENTS. In addition to the items listed above, any comment or notation appearing on any document, and not part of the original text, is considered a separate document and any draft of preliminary form of any document is also considered a separate document.

8. As used herein, the singular form shall include the plural, and vice versa, wherever such dual construction will serve to bring within the scope of this request any DOCUMENTS which would otherwise not be brought within its scope.

9. As used herein, the conjunctives "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this request any DOCUMENTS which would otherwise not be brought within its scope.

10. The term "IDENTIFY" or "IDENTITY" when used with reference to a "DOCUMENT" means to provide with respect to each document requested to be identified by these interrogatories or are mentioned or referred to in any of your answers to these interrogatories, the following information: its nature, e.g., letter, memorandum, etc.; the date it was sent; the date it was received; the identity of the person sending it; the identity of the person to whom it was sent; the identity of the person or persons to whom a copy or copies were sent; a statement as to who each such person represented or purported to represent; statement of the substance of the subject matter of the document; and the name and last known address of the person who presently has custody of the document and each non-conforming copy.

11. The term "IDENTIFY" or "IDENTITY" when used with reference to a "person" means to state the person's full name and last known business and residence address and telephone number and, where appropriate, the person's title and occupation at the present time and at the time stated in the interrogatory or response thereto as well as the date ranges the person provided services to YOU and in what capacity, if relevant.

12. The term "IDENTIFY" or "IDENTITY" when used with reference to "COMMUNICATION" means with respect to each oral communication requested to be identified by any of these interrogatories, or mentioned or referred to in any of your answers to any of these interrogatories to: state the date and place of the communication and whether it was in person or by telephone; identify, in a manner described above, each and every person who participated in, heard any part of, or in any way has knowledge or information concerning such communication; state what was said by each person who participated in such communication; and identify, in the manner described, each and every DOCUMENT that recorded, summarized, confirmed, referred to or pertained to such COMMUNICATION.

13. The term "STATE ALL FACTS" means that YOU are to provide a full and complete statement of all facts relating to the subject matter of the Interrogatory, including the IDENTITY of any individual or witness having knowledge of any such fact, including their last known address and phone number and the IDENTITY of any DOCUMENT that refers, relates, or evidences any such fact.

## INSTRUCTIONS

1. The following Interrogatories are being served in accordance with Rule 33 of Federal Rules of Civil Procedure. Each Interrogatory must be answered in full after a diligent search has been made to locate all the requested information. This search includes examination of all DOCUMENTS, as well as other information possessed by DEFENDANT, its attorneys, accountants, investigators, bankers, agents, employees, subsidiaries, divisions, representatives, or other persons acting on its behalf or under its control. If YOU are unable to answer any Interrogatory fully and completely after exercising due diligence to secure the requested information, please so state and answer the Interrogatory to the extent that YOU are able. As to each incomplete answer, specify the portion of the Interrogatory that YOU claim YOU are unable to answer fully and completely, state the facts which support YOUR contention that YOU are unable to answer that Interrogatory fully and completely, and state what knowledge, information, and belief YOU have concerning the unanswered portion of each such Interrogatory.

2.      If information concerning any DOCUMENT requested to be identified herein is withheld by YOU based upon a claim of privilege, state as to each such DOCUMENT: The privilege asserted and its basis; the nature of the DOCUMENT withheld (e.g., letter memorandum, etc.); the date of the DOCUMENT; the identity of the author and his/her relationship to YOU at the time of the document's creation; the identity of each recipient of the DOCUMENT or any copy thereof; the length of the DOCUMENT and pages and his/her relationship to YOU at the time of the document's creation; the location of the original and each copy of the DOCUMENT; and the general subject matter of the DOCUMENT.

3.      If information concerning any COMMUNICATION is withheld by you based on a claim of privilege, state as to each such COMMUNICATION: The privileges asserted and its basis; whether the COMMUNICATION was in person or by telephone; the date of the COMMUNICATION; the IDENTITY of the participants in a COMMUNICATION, all other persons present, all persons having knowledge or information concerning the COMMUNICATION; the IDENTITY of each DOCUMENT reflecting or pertaining, relating or referring to the COMMUNICATION; and the general subject matter of the COMMUNICATION.

4.      Each Interrogatory is a continuing one and requires a further and/or supplemental response whenever a previous response becomes incomplete or inaccurate.

5.      Unless stated otherwise, either in the Interrogatory itself or included within a particular definition, these Interrogatories are not limited to any particular time frame.

6.      The Federal Rules of Civil Procedure place an affirmative duty to supplement these responses with (1) the IDENTITY and location of persons having knowledge of discoverable matters; and (2) the IDENTITY of each person expected to be called as an expert witness at trial, the subject matter on which the person is expected to testify, and the substance of the person's testimony, in addition to any subsequently discovered information that makes a prior response incorrect, or any other circumstances where failing to amend the response constitutes a knowing concealment.

## INTERROGATORIES

**INTERROGATORY NO. 10:** Identify all instances where Google has made or used (e.g., by testing or demonstrating) any ACCUSED INSTRUMENTALITY in the United States, and describe in detail the manner of such activity, including the approximate date(s) such activity took place and who conducted or was present during such activity.

**RESPONSE:**

**INTERROGATORY NO. 11:**  If any ACCUSED INSTRUMENTALITY has been or will be designed, redesigned, altered, modified or changed in an effort to avoid infringement of any asserted claim, describe in detail the nature of that design, redesign, alteration, modification or change, explain in detail how such design, redesign, alteration, modification or change results in non-infringement of each asserted claim, including but not limited to identifying the specific claim limitation or limitations not practiced because of the change and state when the change was implemented in terms of both the date of the change and the version of the ACCUSED INSTRUMENTALITY that includes the change, identify all documents concerning that design, redesign, alteration, modification or change, and identify the person or persons most knowledgeable about the design, redesign, alteration, modification or change.

**RESPONSE:**

**INTERROGATORY NO. 12:**  Describe in detail the complete legal and factual basis for each defense plead in Google's answer, including but not limited to: an identification of all facts supporting or refuting Google's defenses, all persons knowledgeable of these facts (including every person whose knowledge or opinion is or was relied upon as a basis for Google's defenses, the opinion or substance of such person's or persons' knowledge, and the entire basis of that knowledge or opinion), and all documents and things, including the Bates number(s) of such documents and things, concerning Google's defenses.

**RESPONSE:**

**INTERROGATORY NO. 13:** For each version of the ACCUSED INSTRUMENTALITY, please IDENTIFY all ways in which YOU derived or will derive monetary and/or non-monetary benefits by including the ACCUSED INSTRUMENTALITY in YOUR products and/or services along with any DOCUMENTS used to develop YOUR response.  As a non-limiting example, including an ACCUSED INSTRUMENTALITY in a product or service to match a similar instrumentality in YOUR competitor's product would be a benefit contemplated by this interrogatory.

**RESPONSE:**


**INTERROGATORY NO. 14:** Describe in detail all facts relating to whether and how the ACCUSED INSTRUMENTALITY is a driving force of sales, profitability, commercial success, or popularity of the product and any collateral or convoyed sales or services, as well as cost savings or other benefits for using the ACCUSED INSTRUMENTALITY, and all revenue associated with collateral or convoyed sales or services.

**RESPONSE:**


**INTERROGATORY NO. 15:** STATE ALL FACTS that support Google's contentions concerning the smallest saleable and/or manufacturing unit of the ACCUSED INSTRUMENTALITY.

Dated: September 15, 2021

Respectfully Submitted,

*/s/ Ryan S. Loveless*
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Travis L. Richins
Texas State Bar No. 24061296
Brett A. Mangrum
Texas State Bar No. 24065671
Jeffrey Huang
**ETHERIDGE LAW GROUP, PLLC**
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Brett@EtheridgeLaw.com
JHuang@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
**LAW FIRM OF WALT, FAIR PLLC**
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

*Counsel for Plaintiff WSOU Investments, LLC*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served via email to all counsel of record on September 15, 2021.

*/s/ Ryan S. Loveless*
Ryan S. Loveless