# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | CIVIL ACTION 6:20-CV-00571-ADA |
| | § | CIVIL ACTION 6:20-CV-00572-ADA |
| Plaintiff, | § | CIVIL ACTION 6:20-CV-00573-ADA |
| | § | CIVIL ACTION 6:20-CV-00575-ADA |
| | § | CIVIL ACTION 6:20-CV-00576-ADA |
| v. | § | CIVIL ACTION 6:20-CV-00579-ADA |
| | § | CIVIL ACTION 6:20-CV-00580-ADA |
| | § | CIVIL ACTION 6:20-CV-00583-ADA |
| | § | CIVIL ACTION 6:20-CV-00584-ADA |
| GOOGLE LLC, | § | CIVIL ACTION 6:20-CV-00585-ADA |
| | § | |
| Defendant. | § | |

**WSOU INVESTMENTS, LLC'S RULE 30(b)(6) NOTICE OF ORAL AND VIDEOTAPED DEPOSITION OF DEFENDANT**

PLEASE TAKE NOTICE that Plaintiff WSOU Investments, LLC ("WSOU"), by and through its attorneys of record, will take the deposition by oral examination of Defendant at the following date, time, and location (as may otherwise be agreed to by the parties) pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure.

Date:       October 8, 2021
Time:       9:00 a.m. CT
Location:   By remote video conference or as agreed.

The deposition will be recorded stenographically before a notary public or other officer authorized to administer oaths, and shall continue from day to day, excluding weekends and holidays, until completed. The deposition may be videotaped and/or offered via live web feed with real-time transcripts and instant messaging to persons located off-site (in such a case, the persons will be identified on the deposition record).

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant shall produce for deposition one or more officers, directors, managing agents, employees, or other persons who can testify on its behalf with respect to the topics set forth in Exhibit A attached to this notice.  The person(s) so designated shall be required to testify to each of those matters known or reasonably available to Defendant. Defendant is also requested to provide written notice to counsel for Plaintiff at least two weeks prior to the date of the deposition of the name(s) and position(s) of the designee(s) who will testify on behalf of Defendant and to identify the matters to which each designee will testify.

Defendant is requested to produce the categories of documents and things listed in Exhibit B at or before the deposition pursuant to Rule 30(b)(2) as well as any documents in the possession of Defendant's witness relevant to the deposition topics.  "Documents and things" as used herein have the same meaning as those terms used in Rule 34.

Dated:  September 2, 2021

Respectfully Submitted,

*/s/ Ryan S. Loveless*
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Travis L. Richins
Texas State Bar No. 24061296
Brett A. Mangrum
Texas State Bar No. 24065671
Jeffrey Huang
**ETHERIDGE LAW GROUP, PLLC**
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com

Travis@EtheridgeLaw.com
Brett@EtheridgeLaw.com
JHuang@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
**LAW FIRM OF WALT, FAIR PLLC**
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

*Counsel for Plaintiff WSOU Investments, LLC*

## CERTIFICATE OF SERVICE

    A true and correct copy of the foregoing instrument was served via email to all counsel of record on September 2, 2021.

*/s/ Ryan S. Loveless*
Ryan S. Loveless

## EXHIBIT A

### I. DEFINITIONS AND INSTRUCTIONS

1. "This Action" means and refers to the above captioned litigation(s).

2. "Plaintiff" means and refers to WSOU Investments, LLC.

3. "You" or "Defendant" means and refers to the named defendant(s) in the above-captioned litigation(s) and includes all of its current or former officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, and all other persons acting or purporting to act on behalf of it, as well as all of its foreign and domestic subsidiaries, parents, affiliates, divisions, successors, predecessors, and any other related entities with whom it has sufficient closeness, connection, and practical interaction to allow it control over that entity's documents and information, and specifically includes all assets or companies that have been acquired by it or with respect to which it has succeeded to rights and/or obligations.

4. "And," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

5. "Any" shall be construed as "all," "each and every," or "any one," whichever makes the request more inclusive.

6. "Concerning," "relating to," and "referring to" shall be interpreted so as to encompass the scope of discovery set forth in Federal Rule of Civil Procedure 26(b)(1). For example, Documents that "concern," "relate to," or "refer to" any given subject means all Documents that in any way directly or indirectly, in whole or in part, discuss, deal with, regard, constitute, pertain to, reflect, consider, underlie, modify, amend, confirm, mention, endorse, evidence, summarize, memorialize, describe, analyze, evaluate, represent, qualify, terminate, revoke, cancel, negate, comprise, contain, embody, enumerate, involve, identify, state, correspond to, or result from the subject or are in any way pertinent to the subject, including Documents concerning the preparation of other Documents.

7. "Date" means the exact day, month, and year, if ascertainable, or if not, the best estimate.

8. "Document" and, correlatively, "Documentation," shall be interpreted broadly, consistent with the comprehensive meaning in Federal Rule of Civil Procedure 34. Without limiting the foregoing, the term "Document" means and Includes all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices, that are within Your possession, custody, or control, Including all accounts; advertising literature; agreements; analytical records; appointment books or schedules;

articles; audits; bank records or statement blueprints; books; books of account; booklets; brochures; bulletins; calendars; CD, DVD, and other optical-disk media; charts; checks; circulars; coding forms; Communications (intra-or inter-company); computer files or storage (in a computer, computer disk, computer tape or otherwise); computer printouts; computer readable data; computer programs; computer source and/or object code; contracts; copies; correspondence; data bases; diaries; disks; displays; drafts of any document; drawings; electronic mail (e-mail); envelopes; examinations; films; files; file folders; financial reports; flyers; forecasts; graphs; indices; instructions; instruction manuals or sheets; invoices; job requisitions; letters; licenses; logs; magnetic media or sheets; magnetic media of any kind (Including disks, tapes, or other media) containing computer software with supporting indices, data, documentation, flow charts, comments, object code, source code, and computer programs relating thereto; manuals; maps; memoranda; messages (Including text messages and instant messages); minutes; three-dimensional models; magazines or other published material (or any clipping thereof); newspapers; notes (typewritten, handwritten, stenographic, recorded, or any other type); notebooks; notices; opinions; pamphlets; papers; periodicals or other publications; photographs; price lists; prints; printed circuit boards; promotional literatures; punch cards; purchase orders; questionnaires; receipts; records; recorded Read-Only-Memory (ROM); recordings (magnetic, electronic, videotape, or any other type); record requests; reports; slides; solicitations; statements; statistical compilations; stenographic notes; studies; summaries (Including any memoranda, minutes, notes, records, or summary of any (a) telephone or intercom conversation or message, (b) personal conversation or interview, or (c) meeting or conference); supporting documentation; surveys; tapes; telegrams; telephone logs; transparencies; travel or expense records; video recordings; video tapes; visitor logs; voice recordings; vouchers; x-ray films and prints; worksheets; working papers; writings or other handwritten, printed, reproduced, recorded, typewritten, or otherwise produced graphic material from which the information required may be obtained. The term "Document" also Includes all copies of documents by whatever means made, except that where a document is produced, identical copies of it that do not contain any markings, additions, or deletions that are different from the original do not have to be separately produced.

9. "Identify," "Identification," or "Identity," when used in reference to:

(a) a natural person, means: (1) the person's full name or title, last known address, and telephone number; (2) the person's present employer(s) and place(s) of employment; and (3) the person's job title or position held.

(b) a firm, corporation, partnership, joint venture, or other entity which is not a natural person, means: the entity's full name, place of incorporation (if known), address of its principal place of business, and telephone number.

(c) a Patent or Patent application, means: (1) its Patent number or application number and Dates of filing, publication and grant; (2) the Identity of all applicants or patentees; (3) the title of the application or Patent; and (4) the 4 present status of the application or Patent (e.g., pending, abandoned, etc.). If the Patent or Patent application has already been produced in discovery, it is sufficient to identify the Bates number(s) of such Patent or Patent application.

    (d)    a Document, other than a Patent or Patent application, means: (1) its Date, author, and addressee(s); (2) the type of Document (e.g., letter, memorandum, etc.); and (3) its present Location. If the Document has already been produced in discovery, it is sufficient to identify the Bates number(s) of such Document.

10.     "Including" means "specifically including but not limited to."

11.     "Person(s)" or "People" means and refers to any natural person, firm, association, partnership, corporation, group, sole proprietorship, public entity, governmental agency, organization or other form of legal business entity, regardless of whether "not-for-profit," and specifically including Plaintiff and You.

12.     "Plaintiff's Infringement Contentions" means and refers to WSOU's Infringement Contentions and any amendments thereto.

13.     "Accused Instrumentalities" shall mean all products, systems, and instrumentalities referred to in the complaint, Plaintiff's Infringement Contentions, and all reasonably similar products systems, and instrumentalities.

14.     "Patent-in-Suit" shall mean the patent listed in the complaint and/or Plaintiff's Infringement Contentions infringement contentions.

15.     "Prior Art" shall mean any printed publication, any public use, any public knowledge, any sale, or any patent for sale anywhere in the world which Defendant believes may be material to the validity of the Patent-in-Suit.

16.     "Source Code Control System" shall mean a tool used to track the development of a source code file to prevent it from being altered by more than one person at a time.

17.     "Version" shall mean a set of software code (source or object) that reflects a specific form or variation of the code. When changes are made to the code, the changed set of software code is identified by a unique number or letter code, termed the "version number," "revision level," or simply "version." Within a given version number category (major, minor), these numbers are generally assigned in increasing order and correspond to new developments in the software. For example, version 1.0, version 2.0, and version 2.2.

18.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

19.     The singular form of any word shall be deemed to include the plural, and vice-versa.

20.     Unless otherwise signified, whether a word or term begins with a capital or lower-case letter is irrelevant to its meaning as defined above.

## II.   DEPOSITION TOPICS

DEPOSITION TOPIC NO. 1: The identity and operation of all Accused Instrumentalities (and all versions thereof), including but not limited to those made the subject of Plaintiff's Infringement Contentions, that are (or have been) (i) made, used, sold, offered for sale, or imported into the United States by (or for) Defendant since the issuance of the Patent-in-Suit and/or (ii) otherwise utilized in, or with, any product(s) made, used, sold, offered for sale, or imported into the United States by (or for) Defendant since the issuance of the Patent-in-Suit.

DEPOSITION TOPIC NO. 2: Defendant's knowledge of the Patent-in-Suit, including the date, circumstances, and person(s) or mechanism(s) through which Defendant first learned of the Patent-in-Suit.

DEPOSITION TOPIC NO. 3: Defendant's Document collection and production efforts in this case, including Documents collected and produced pursuant paragraph 2(b) of the Discovery Order.

DEPOSITION TOPIC NO. 4: The identity, organization and structure of any division, department, group or subdivision (formal or informal) of Defendant from which Defendant has collected and produced Documents in this case.

DEPOSITION TOPIC NO. 5: The methods, processes and procedures employed by Defendant to search for, identify and produce Documents (including documents in electronic format) in this case.

DEPOSITION TOPIC NO. 6: The methods, processes and procedures employed by Defendant to search for and identify individuals named in Defendant's disclosures under Federal Rule of Civil Procedure 26(a)(1) and paragraph 1 of the Discovery Order.

DEPOSITION TOPIC NO. 7: Defendant's answers to Plaintiff's interrogatories served on Defendant in this case, including the content and subject matter of Documents identified and/or relied upon by Defendant in its answers.

DEPOSITION TOPIC NO. 8: Defendant's policies, procedures, practices and actual conduct regarding the creation, distribution, retention and destruction of Documents.

DEPOSITION TOPIC NO. 9: The identification of Documents that Defendant has not been able to produce in this case (e.g., Documents responsive to P.R. 3-4(a) or paragraph 2(b) of the Discovery Order) because they have been deleted, physically destroyed, corrupted, damaged, lost, overwritten, or otherwise disposed of or stolen.

DEPOSITION TOPIC NO. 10: Efforts made or steps taken by Defendant to design around or otherwise avoid infringement of the Patent-in-Suit.

DEPOSITION TOPIC NO. 11: Changes made to the design or operation of The Accused Instrumentalities.

DEPOSITION TOPIC NO. 12: The software of each Accused Instrumentalities, including but not limited to the design, development, structure, operation, and use of such software, how the software is archived, Version and/or Source Code Control System used for organizing the software, who developed the software, third party products used to develop the software, and development environments used in creating the software.

DEPOSITION TOPIC NO. 13: The design, development, organization, and functionality of the source code produced by Defendant in this litigation.

DEPOSITION TOPIC NO. 14: The operational and design differences among versions of the Accused Instrumentalities.

DEPOSITION TOPIC NO. 15: The flow or process of the Accused Instrumentalities as experienced by end users.

DEPOSITION TOPIC NO. 16: The identification, description, code packages (modules, classes, etc.), and purpose of all algorithms used, executed, or otherwise implemented by the Accused Instrumentalities.

DEPOSITION TOPIC NO. 17: The design, development, structure, operation, implementation, and use of each of the Accused Instrumentalities.

DEPOSITION TOPIC NO. 18: User interfaces for, or relating to, the Accused Instrumentalities.

DEPOSITION TOPIC NO. 19: Manuals, user guides, and other instructional information and resources provided or made available to Defendant's customers or end users relating to the Accused Instrumentalities.

DEPOSITION TOPIC NO. 20: The defenses asserted in this case by Defendant, including but not limited to:

    a. Defendant's basis(es) for denying infringement of the Patent-in-Suit;
    b. Defendant's basis(es) for alleging invalidity of the Patent-in-Suit;
    c. Defendant's basis(es) for alleging unenforceability of the Patent-in-Suit;

DEPOSITION TOPIC NO. 21: The identification of all Documents considered by Defendant in connection with any opinion concerning the Patent-in-Suit, including, but not limited to, the validity, enforceability, and infringement of the Patent-in-Suit.

DEPOSITION TOPIC NO. 22: Defendant's policies and practices related to obtaining and protecting its intellectual property.

DEPOSITION TOPIC NO. 23: Defendant's policies and practices related to licensing intellectual property to, and from, others.

DEPOSITION TOPIC NO. 24: Licenses (including patent licenses) that Defendant has entered into relating to the Accused Instrumentalities.

DEPOSITION TOPIC NO. 25: Royalties (including patent royalties) and/or license fees that Defendant has paid or is paying in connection with the Accused Instrumentalities.

DEPOSITION TOPIC NO. 26: Royalties (including patent royalties) and/or license fees that Defendant has collected or received, or is collecting or receiving, in connection with the Accused Instrumentalities.

DEPOSITION TOPIC NO. 27: All surveys (conducted by Defendant or conducted on behalf of Defendant) relating to the Accused Instrumentalities.

DEPOSITION TOPIC NO. 28: Sales of the Accused Instrumentalities and attendant sales data.

DEPOSITION TOPIC NO. 29: Sales of software incorporating the Accused Instrumentalities and attendant sales data.

DEPOSITION TOPIC NO. 30: Defendant's revenues and pre-tax income attendant to the Accused Instrumentalities and/or products/software titles incorporating or making use of the Accused Instrumentalities.

DEPOSITION TOPIC NO. 31: Defendant's revenues derived from any method of providing the Accused Instrumentalities to its customers.

DEPOSITION TOPIC NO. 32: Operating costs and expenses relating to the Accused Instrumentalities.

DEPOSITION TOPIC NO. 33: Research and development costs and expenses relating to the Accused Instrumentalities.

DEPOSITION TOPIC NO. 34: Operating profits attendant to the Accused Instrumentalities and/or products/software titles incorporating or making use of the Accused Instrumentalities.

DEPOSITION TOPIC NO. 35: Projections for sales and or use of the Accused Instrumentalities and/or products/software titles incorporating or making use of the Accused Instrumentalities.

DEPOSITION TOPIC NO. 36: Cost savings and other benefits related or attendant to the Accused Instrumentalities.

DEPOSITION TOPIC NO. 37: Defendant's return on investment in, or relative to, the Accused Instrumentalities.

DEPOSITION TOPIC NO. 38: Defendant's development profit and loss statements for the Accused Instrumentalities and/or products/software titles incorporating or making use of the Accused Instrumentalities.

DEPOSITION TOPIC NO. 39: Defendant's publicly-disclosed financial statements.

DEPOSITION TOPIC NO. 40: Reasons the Accused Instrumentalities are used or implemented with Defendant's products or products of third parties.

DEPOSITION TOPIC NO. 41: The monetary and/or nonmonetary value that Defendant's customers (including software makers), end users or other Persons attribute, accord or place on the Accused Instrumentalities, including the existence and substance of any related studies, surveys, presentations, reports, or other similar Documentation.

DEPOSITION TOPIC NO. 42: The monetary and/or nonmonetary value that Defendant attributes, accords, or places on the Accused Instrumentalities, including the pricing of such Accused Instrumentalities and the existence and substance of any related studies, surveys, presentations, reports, or other similar Documentation.

DEPOSITION TOPIC NO. 43: Defendant's review, study, or tracking of consumer choice, preference and/or selection relating to the Accused Instrumentalities (and/or the features and functions thereof).

DEPOSITION TOPIC NO. 44: Any and all comparisons of the Accused Instrumentalities with other products, systems, and/or instrumentalities of any other Person.

DEPOSITION TOPIC NO. 45: Reports, reviews and/or studies of competitor products, systems, and/or instrumentalities.

DEPOSITION TOPIC NO. 46: Presentations, whether written, verbal, recorded, televised and/or broadcast (via the Internet or otherwise), relating to the Accused Instrumentalities.

DEPOSITION TOPIC NO. 47: The marketing and promotion of the Accused Instrumentalities, including Defendant's marketing strategies and business plans.

DEPOSITION TOPIC NO. 48: Defendant's business and/or financial relationship with third parties relating to the design, development, implementation, use, sale, distribution, or promotion of the Accused Instrumentalities.

DEPOSITION TOPIC NO. 49: All license agreements or contracts relating to or concerning the design, development, implementation, use, sale, distribution, or promotion of the Accused Instrumentalities.

DEPOSITION TOPIC NO. 50: All internal analysis and market studies prepared by (or for) Defendant relating to the importance or benefits of the Accused Instrumentalities or features or aspects thereof.

DEPOSITION TOPIC NO. 51: All customer surveys and analysis conducted, commissioned, or purchased by Defendant related to the importance of, or benefits attributable to, the Accused Instrumentalities.

DEPOSITION TOPIC NO. 52: The nature and types of services provided by Defendant.

DEPOSITION TOPIC NO. 53: Defendant's policies and practices related to tracking customer information and data for the Accused Instrumentalities.

DEPOSITION TOPIC NO. 54: The identification of Documents, including architecture design documents, training manuals, training videos, debugging records, sketch books, emails, diagrams, flowcharts, source code documentation, change logs, specifications, repair records, maintenance records, operational manuals, WIKI documentation, correspondence with contractors, programmer logs, timesheets, and other work records, which refer to, explain, describe, define, or otherwise evidence the steps or acts taken by Defendant or Persons acting on the behalf of or in connection with Defendant to design, create, build, develop, implement, operate, repair, debug, maintain, or use the Accused Instrumentalities.

DEPOSITION TOPIC NO. 55: The identification of Defendant's instrumentalities that are reasonably similar to the Accused Instrumentalities.

DEPOSITION TOPIC NO. 56: The identification of Documents concerning Defendant's instrumentalities that are reasonably similar to the Accused Instrumentalities.

DEPOSITION TOPIC NO. 57: The identification of all instrumentalities Defendant alleges to be a non-infringing alternative.

DEPOSITION TOPIC NO. 58: The identification of Documents concerning the operation of any instrumentality that Defendant alleges to be a non-infringing alternative.

DEPOSITION TOPIC NO. 59: The number of (a) downloads and/or uses of the Accused Instrumentalities, and (b) the number of users and accounts serviced by the Accused Instrumentalities since issuance of the Patent-in-Suit to present.

DEPOSITION TOPIC NO. 60: For each limitation recited in the claims that Defendant contends is not met (either literally or under the doctrine of equivalents, and either directly or indirectly) by the Accused Instrumentalities, all facts and Documents that support, or tend to prove or disprove such a contention.

DEPOSITION TOPIC NO. 61: The identification of Documents that Defendant referenced or relied upon in answering interrogatories in this lawsuit or in drafting any responsive pleading, motion, legal memoranda, or discovery request in this lawsuit.

DEPOSITION TOPIC NO. 62: All communications between Defendant and any third party concerning the subject matter of this lawsuit.

DEPOSITION TOPIC NO. 63: All communications between Defendant and any third party regarding the Patent-in-Suit, regardless of whether or not it relates to this lawsuit.

DEPOSITION TOPIC NO. 64: All communications between Defendant and any third party regarding Prior Art.

DEPOSITION TOPIC NO. 65: All communications regarding any Prior Art, including Defendant's identification of Prior Art, the date and circumstances in which Defendant first gained any awareness of Prior Art, and any effort by Defendant or on behalf of Defendant to locate Prior Art.

DEPOSITION TOPIC NO. 66: The royalty rate or rates that Defendant contends would constitute a "reasonable royalty" under 35 USC § 284, assuming infringement of the Patent-in-Suit is found.

DEPOSITION TOPIC NO. 67: All facts regarding determining a royalty rate that Defendant contends would constitute a "reasonable royalty" under 35 USC § 284, assuming infringement of the Patent-in-Suit is found.

DEPOSITION TOPIC NO. 68: All facts regarding any computation, calculation, or estimation of damages, lost profits, or reasonable royalties involving the Patent-in-Suit.

DEPOSITION TOPIC NO. 69: The identification of Documents regarding any computation, calculation, or estimation of damages, lost profits, or reasonable royalties involving the Patent-in-Suit.

DEPOSITION TOPIC NO. 70: Any proposed or actual settlement of any litigation, prospective litigation, or disputes involving the Accused Instrumentalities.

DEPOSITION TOPIC NO. 71: All facts regarding any efficient infringement policy or policies used by Defendant, including the dollar amounts under which such an efficient infringement policy or policies are enacted.

DEPOSITION TOPIC NO. 72: All facts regarding any inspection, testing, evaluation, or analysis conducted showing how any product or service of Defendant compares to one or more claims of the Patent-in-Suit.

## **EXHIBIT B**

1. All documents consulted or relied upon in preparation for the deposition.

2. All documents which the deponent has used or may need to refresh his or her recollection as to any of the topics listed in Exhibit A.