# EXHIBIT 16

# Etheridge Law Group, PLLC

2600 East Southlake Blvd
Suite 120 / 324
Southlake, TX 76092

September 27, 2021

*Via Email*
Counsel for Google

      Re:    *WSOU Investments LLC v. Google LLC* cases (W.D. Texas)

Dear Jen,

I am writing to follow-up on (1) the parties' meet-and-confer call on September 24, 2021, (2) my letter of September 22, 2021, and (3) Google's objections to WSOU's 30(b)(6) notices.

As we noted during the call, we are surprised that Google refused to meet-and-confer about their 30(b)(6) objections—particularly on topics that Google's objections asked to meet and confer—when you were so anxious on the call to reach agreements on 30(b)(6) hours, schedules, and limits. Obviously, WSOU won't agree to deposition restrictions before Google addresses the problems with its 30(b)(6) objections and designations.

As we also noted during the call, Google's refusal to discuss any of the deficiencies with its document production and inappropriate objections, including those set out my letter last week, are severely hampering WSOU's ability to prepare for depositions and prepare its case. The following are just some of the tactics Google is taking hinder WSOU's discovery:

- Refusing to meet-and-confer on 30(b)(6) topics about which *Google* asked to meet-and-confer
- Refusing to testify under Rule 30(b)(6) about relevant documents and information Google is withholding
- Refusing to testify about documents Google *did* produce *and* cited in 33(d) answers
- Refusing to testify about facts related to Google's claims it doesn't practice certain functions
- Refusing to testify about "duplicative" topics on completely different subject matter
- Refusing to testify on certain topics because Google produced documents or interrogatory answers on those topics
- Refusing to testify on topics plainly relevant to damages and the hypothetical negotiation, such as Google's own licensing and IP policies

As shown below, this list is clearly not exhaustive. Accordingly, please let us know by the end of business tomorrow when you are available to meet-and-confer this week on the issues in my September 24 letter and set forth below.

September 27, 2021
Page 2

**Google's inappropriate objections of "duplicative and/or cumulative" discovery**

Google objects to numerous Topics—and completely refuses testimony on others—based on the inappropriate objection that Google provided documents or interrogatory responses on those topics. *See, e.g.*, Objection No. 5; Objections to Topics 28-34, 69 ("readily obtainable from Google's interrogatory responses and/or document production"); 62-65: ("information readily apparent from produced documents"); Objection No. 10, Objections to Topics 2, 7, 19, 21, 24-26, 27-34, 39, 49, 61, 65 ("information already in WSOU's possession, custody or control").

Several Topics seek information Google claims is "more properly sought through other types of discovery including interrogatories" (Objections to Topics 57-59), yet Google has *refused* to provide that information in interrogatories or document productions.

WSOU unquestionably has the right to 30(b)(6) testimony, including about Google's documents and interrogatory answers. Therefore, please be prepared at the meet-and-confer to confirm if Google's 30(b)(6) deponents will be prepared to testify about these topics notwithstanding Google's production of discovery in other forms.

**Google's withholding of discovery from prior to the six-year "damages period"**

On the call Friday, you repeatedly insisted that WSOU produce documents that date back to the date of the hypothetical negotiation. Your insistence was truly ironic, given Google's refusal to do the same. *See, e.g.*, Objection No. 9, Objections to Topics 1, 28-34, 36-38, 48, 59, 70 ("calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286"). My September 22nd letter similarly set forth how Google is withholding documents prior to the six-year "damages period." In light of your recognition on the call that evidence from prior to the six-year "damages period" is relevant and producible, at the meet-and-confer please be prepared to confirm that Google is withdrawing its objections on this basis and its witnesses will be prepared to fully testify about these Topics.

**Google's inappropriate attempts to limit the scope of WSOU's discovery**

As with its document productions, Google attempts to limit the scope of certain Topics—and refuses to provide any testimony on others—based on its unduly narrow reading of WSOU's infringement assertions. *See, e.g.*, Objections 15 and 19, and Objections to Topics 1, 11-19, 23, 27-38, 40-51, 53-60, and 72. Google cannot unilaterally limit the scope of WSOU's Topics and refuse discovery on Google products and services using the accused and similar functionalities.

Similarly, Google cannot refuse to testify on Topics merely because the information about those Topics might be used in expert reports. *See, e.g.*, Objection 7, Objections to Topics 10, 20-21, 55-58, 60, 66-69, and 72. Google also cannot refuse to provide testimony about facts that might support legal conclusions. *See, e.g.*, Objection 6, Objections to Topics 20, 55-58, 60, and 66-69.

Google is also improperly attempting to limit testimony to documents Google produced in the litigation. *See, e.g.*, Objections to Topics 13, 16, 19, 24-26, 28-30, 32-38, 40, and 70 (limiting testimony only to "source code made available for inspection," "documents produced in this litigation," and "financial information produced in this litigation"). WSOU is entitled to full and

September 27, 2021
Page 3

complete testimony about these Topics, including about relevant information, documents, and source code Google has failed to produce.

**Google cannot limit testimony on damages evidence to only "market analysis"**

Google's objections appear to reject any testimony on financial considerations other than "market analyses" or "marketing and promotion." *See, e.g.*, Objections to Topics 27, 41-47, 50-51. Please be prepared at the meet-and-confer to discuss each of these Objections to clarify the scope of testimony Google's witnesses will provide.

**Google cannot refuse to testify about its products' functions**

In its Objection to Topic 61, Google refuses to testify about facts related to its claims that Google's products don't perform certain functions. At the meet-and-confer, please be prepared to explain how Google can refuse to put up a witness to testify about those facts.

**Use of Google Meet and Drive during the depositions**

Google's Objection 1 pushes for any remote deposition of Google's witnesses to be via Google Meet and Drive. After the poor sound quality of the meet-and-confer on September 24, 2021, where you sounded like you were simultaneously underwater and in a large empty room, we would like to discuss using Zoom to take all depositions.

**Other improper objections**

In its Objection to Topic 61, Google refuses to testify on the identification of documents referenced in Google's interrogatory answers. Yet, in many of its interrogatory answers Google *only* references bates numbers. At the meet-and-confer, please be prepared to explain how Google can refuse to put up a witness to discuss those documents.

For numerous Topics, Google claims it may not understand the Topic. *See, e.g.*, Objections to Topics 1, 16-19, 23-45, 47-51, 54, 57-59, 63-65, and 70 ("to the extent it understands this topic"). Please be prepared at the meet-and-confer to tell us exactly what you don't understand in each of these topics.

Google also seems to imply that it won't produce a witness prepared to testify on information subject to third-party confidentiality. *See, e.g.*, Objection 13, Objections to Topics 62-64. Please be prepared to clarify this at the meet-and-confer.

\* \* \*

We sincerely hope to be able to resolve all these disputes. WSOU's Topics are unquestionably relevant and proper subjects for 30(b)(6) testimony. We will ask questions of Google's witnesses about these Topics and, if they cannot or will not answer the questions, we will seek relief from the court, including but not limited to additional discovery, additional deposition time, and our costs and fees.

September 27, 2021
Page 4

Please let us know by the end of business tomorrow when you are available to meet-and-confer this week on the issues above and in my September 24 letter.


Best regards,

*/s/ Nathan Cummings*

Nathan Cummings