# EXHIBIT 17

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-3641
tastitt@jonesday.com

September 30, 2021

Nathan Cummings, Esq.
Etheridge Law Group, PLLC
2600 Southlake Blvd.
Suite 120-324
Southlake, TX 76092
Via Email to: IPTeam@etheridgelaw.com

                Re:       <u>WSOU v. Google</u>, Civil Action No. 6:20-cv-00575 (W.D. Tex.)

Dear Nathan:

    I write in response to your letter of September 27, 2021.

    As an initial matter, your assertion that Google "refused to meet and confer about their 30(b)(6) objections" or any discovery deficiencies raised by WSOU--such as those set forth in its September 22, 2021 correspondence--is incorrect and misleading. The September 24th meet and confer was scheduled to discuss WSOU's discovery deficiencies, and the proposed agenda was set forth in the September 20, 2021 letter from Jennifer Kash to Travis Richins. This meet and confer had already been postponed by WSOU for over a week, and many of the issues that Google sought to address had been pending since late August or earlier. Less than thirty-six hours before that conference, WSOU sent a generalized letter that for the first time alleged deficiencies with Google's document production and improperly attempted to interject those issues into Google's requested meet and confer. Yet, when Google had previously attempted to add its ***long standing*** discovery issues to an earlier meet and confer call scheduled by WSOU--WSOU refused, stating our request was "inappropriate." Moreover, your September 22 letter was entirely silent regarding Google's objections to WSOU's 30(b)(6) notices, which were raised for the first time on the September 24 call. As we explained then, and we reiterate now, Google is of course willing to discuss the objections and scope of WSOU's 30(b)(6) topics, as well as the issues raised in your September 22, 2021 letter. We have previously provided WSOU with our availability for a call on October 1, 2021, and await your response.

    Moreover, the self-serving bullet point list in your letter of alleged "tactics" by Google to delay discovery is a transparent attempt to blame Google for WSOU's lack of diligence. WSOU's current predicament is solely of WSOU's own making. By way of example, Google's source code has been available for WSOU to inspect in Dallas since May 21. Google has repeatedly reminded WSOU of this fact, yet WSOU has not taken any action to inspect that

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Nathan Cummings, Esq.
September 30, 2021
Page 2

code.  WSOU also purported to disclose various experts in these cases, but WSOU has failed to provide a signed undertaking for a even single one of those experts.  Google pointed this out to WSOU nearly two weeks ago—and WSOU has still not provided any signed undertakings.  Simply put, the only thing preventing WSOU's experts from reviewing confidential information is WSOU.   Furthermore, despite Google serving its 30(b)(6) notice on WSOU on September 3, 2021, WSOU has not provided any objections nor designated any witness on any topic.  Unlike Google-- who has provided dates for *all* Google witnesses that WSOU has noticed for deposition--WSOU has failed to provide a single date for any of the depositions properly noticed by Google.

Turning to the issues in your letter, WSOU mischaracterizes Google's objections with sweeping statements that Google is "refusing to testify" on certain issues.  As explained below, that is demonstrably not the case.

### *Google's Objections Regarding "Duplicative" or "Cumulative" Discovery are Appropriate*

Google's objections regarding the cumulative and duplicative nature of many topics in WSOU's notice are entirely proper.  In any event, Google is not refusing to provide a witness to testify on any of the topics based solely on these objections.  Indeed, as evident from Google's responses and subsequent correspondence, Google is providing witnesses to testify regarding the facts and content of documents set forth in Google's interrogatory responses (*see* topic no. 7), and regarding documents produced by Google (*see, e.g.*, topic nos. 28-34).

Moreover, WSOU's complaint regarding topics 57-58 is puzzling.  Google objected to these topics to the extent they seek information more properly obtained through other types of discovery, but *Google further agreed to designate one or more witnesses to testify on these topics*.  And, as evidenced by the interrogatory responses served on September 27, *Google also provided substantive interrogatory responses* regarding non-infringing alternatives.  Accordingly, WSOU's assertion that Google "refused to provide that information in interrogatories or document productions" is directly refuted by Google's interrogatory responses, objections to WSOU's Rule 30(b)(6) notice, and subsequent correspondence identifying witnesses to testify about those topics.

### *Google's Objections do not "Inappropriately" Limit the Scope of WSOU's Discovery*

Contrary to WSOU's assertion, Google is not inappropriately limiting WSOU's topics.  Rather, Google seeks to clarify their scope.  The breadth and ambiguity of WSOU's topics as written render it difficult, if not impossible, to prepare a witness to testify in response to those topics.  WSOU is not, as you contend, entitled to unfettered discovery regarding Google's products.  The scope of discovery in these cases is bounded by the allegations in WSOU's

JONES DAY

Nathan Cummings, Esq.
September 30, 2021
Page 3

infringement contentions, and Google's objections properly reframe the scope of WSOU's overbroad topics consistent with WSOU's own infringement contentions.

Specifically, Google's objections clarify that Google's obligations to prepare a witness in response to these topics are limited by the scope of discovery in the matter—*i.e.*, what information and documents have been produced in discovery—with the understanding that questions may extend to the witness' knowledge of the subject matter.

Moreover, contrary to WSOU's assertion, Google has not refused to designate a witness to testify on topics based solely on the fact that "information about those Topics might be used in expert reports." Rather, topic numbers 10, 20-21, 60, and 66-69 are improper contention topics which seek privileged information, and the facts and documents underlying any such contentions are covered by other topics for which Google has already designated witnesses.

WSOU also mischaracterizes Google's objections to topic nos. 62-64 as being due to third-party confidentiality. Google is not refusing to provide a witness to testify in response to any topic on the basis that responsive information is subject to third-party confidentiality obligations.

Additionally, your letter conflates two unrelated issues regarding the statutory damages period. Google provided financial information for the accused products to either the period of six years prior to the complaint, as that is the statutory timeframe for which WSOU can seek damages, or to the date of the hypothetical negotiation (whichever is later). Accordingly, that is the financial information for which Google has designated witnesses to testify (*see* topic nos. 28-38). Moreover, Google has not withheld discovery of other documents and information (such as technical and marketing documents) based on that six-year time frame. Accordingly, Google will not withdraw those objections.

### The Parties Agreed to use Google Meet and Drive for Google Witnesses

Finally, the parties agreed that depositions of Google fact witnesses would be taken using Google Meet and Drive. *See* Dkt. 52 at para. 16. We are disappointed by your assertion that WSOU should not have to abide by that agreement based on an alleged lack of audio clarity during one call—in particular because from our end, the reason for any feedback was due to the fact that you had dialed into the call using a telephone, as opposed using a computer, and failed to mute your line while others were talking. As you are aware, we used Google Meet and Drive for multiple depositions during the *Uniloc* case and no one from your team complained of a lack of clarity. We would be happy to set up additional technology runs so that you can ensure that your equipment functions properly using Google Meet and Drive.

JONES DAY

Nathan Cummings, Esq.
September 30, 2021
Page 4

      We look forward to discussing these issues with you during the upcoming meet and confer.

                                          Very truly yours,

                                          Tracy A. Stitt