IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,** | § § § § | Civil Case No. 6:20-cv-00572-ADA |
| | | Civil Case No. 6:20-cv-00575-ADA |
| *Plaintiff,* | § § | Civil Case No. 6:20-cv-00579-ADA |
| v. | § § | Civil Case No. 6:20-cv-00580-ADA |
| **GOOGLE LLC,** | § § | Civil Case No. 6:20-cv-00584-ADA |
| *Defendant.* | § § § | Civil Case No. 6:20-cv-00585-ADA |

## CARTER ARNETT PLLC'S MOTION TO WITHDRAW DUE TO A NON-WAIVABLE CONFLICT OF INTEREST

Local Rule AT-7 makes the Texas Disciplinary Rules of Professional Conduct the standards for professional conduct in this Court. Under those standards, Carter Arnett PLLC has a non-waivable conflict of interest with its client, WSOU Investments, LLC, that requires the withdrawal of all Carter Arnett attorneys from WSOU's matters. WSOU does not oppose Carter Arnett's withdrawal.

On February 10, 2022, Carter Arnett learned facts indicating that the firm *may* have a developing conflict of interest with WSOU. Carter Arnett therefore continued to pursue WSOU's matters while also pursuing an investigation of the facts indicating a conflict may exist.

By February 16, 2022, Carter Arnett's investigation and analysis of the facts revealed that a conflict of interest did exist. Carter Arnett therefore reached out to counsel and an expert in the field of legal ethics in Texas, James M. McCormack Esq., on February 16 to consult about the facts giving rise to the conflict, and about whether Carter Arnett's conclusions about why those facts created a non-waivable conflict of interest and made Carter Arnett's withdrawal mandatory were warranted. Additional communications between Mr. McCormack and Carter Arnett ensued between February 16 and 19 and as Carter Arnett learned additional facts and information about the nature of the conflict. As shown in the attached declaration of James M. McCormack Esq., Mr.

McCormack agreed with Carter Arnett's assessment about the nature of the conflict that emerged on February 10, the impact that additional facts Cater Arnett learned between February 10 and 18, and that such facts created a conflict that required the firm's immediate withdrawal.[1]

Carter Arnett hastens to add, however, that none of the facts or issues presented in the parties' respective discovery disputes now pending before the Court played any role in Carter Arnett's need to withdraw from these cases. Quite the contrary. Carter Arnett stands by all of the positions it asserted on WSOU's behalf when advancing WSOU's disputes against Google and when defending against Google's disputes against WSOU. The arguments Carter Arnett presented remain unchanged, and the relief Carter Arnett requested from the Court on WSOU's behalf relating to those disputes remains justified and should be awarded as previously submitted and argued on February 17.

Because the facts giving rise to the conflict are privileged, the rules of professional conduct require Carter Arnett to keep them confidential. *See* Tex. Disciplinary R. of Prof'l Conduct 1.15, cmt. 3. But Carter Arnett's studied conclusion—backed by an expert and lawyer in the field of ethics—about why those facts give rise to a non-waivable conflict that requires Carter Arnett's withdrawal from all WSOU matters, is generally considered sufficient under the rules to establish the firm's need to withdraw. *See id*. If, however, the Court requires more detail, Carter Arnett will provide such detail *in camera*, ex parte, and subject to its responsibility under the rules of professional conduct to maintain all privileges.

Carter Arnett therefore requests that the Court grant this motion and permit Carter Arnett and all of its lawyers who have appeared in these matters to withdraw. Mark Siegmund and Greg Love will remain in the cases on WSOU's behalf. Carter Arnett seeks this relief not for purposes of delay but for no other reason than because Carter Arnett is required to do so under the rules of professional conduct. Attorneys with the law firm of Steckler Wayne Cochran Cherry will remain as counsel of record for Plaintiff.

---

[1] Ex. 1, Decl. of James M. McCormmack.

Date: <u>February 21, 2022</u>    Respectfully Submitted,

<u>/s/ E. Leon Carter</u>
E. Leon Carter
lcarter@carterarnett.com
Texas Bar No. 03914300
Scott W. Breedlove
sbreedlove@carterarnett.com
Texas Bar No. 00790361
Linda R. Stahl
Texas Bar No.  00798525
lstahl@carterarnett.com
Joshua J. Bennett
jbennett@carterarnett.com
Texas Bar No. 24059444
Bradley D. Liddle
bliddle@carterarnett.com
Texas Bar No. 24074599
Seth A. Lindner
slinder@carterarnett.com
Texas Bar No. 24078862
Theresa M. Dawson
Texas Bar No. 24065128
tdawson@carterarnett.com
Michael C. Pomeroy
Texas Bar No. 24098952
mpomeroy@carterarnett.com
Nathan Cox
ncox@carterarnett.com
Texas Bar No. 24105751
**CARTER ARNETT PLLC**
8150 N. Central Expy, 5th Floor
Dallas, Texas 75206
Telephone No. (214) 550-8188
Facsimile No. (214) 550-8185

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 19 and 20, Carter Arnett PLLC conferred with WSOU Investments, LLC about the relief sought in this motion. WSOU indicated that it did not oppose Carter Arnett's withdrawal from these actions. On February 21, 2022, I also conferred with Greg Lanier and Mike Jones, counsel for Google, LLC, about the relief sought in this motion. Google was not able to provide its position on the relief the motion seeks by the time of the motion's filing. Accordingly, Carter Arnett will file an amended certificate of conference when Google's final position is disclosed.

*/s/ Joshua J. Bennett*
Joshua J. Bennett