# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>    v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>    Defendants. | Case Numbers:<br>6:20-cv-00473-ADA<br>6:20-cv-00475-ADA<br>6:20-cv-00476-ADA<br>6:20-cv-00477-ADA<br>6:20-cv-00480-ADA<br>6:20-cv-00481-ADA<br>6:20-cv-00482-ADA<br>6:20-cv-00485-ADA<br>6:20-cv-00486-ADA |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>    v.<br><br>ZTE CORPORATION,<br><br>    Defendant. | Case Numbers:<br>6:20-cv-00487-ADA<br>6:20-cv-00488-ADA<br>6:20-cv-00489-ADA<br>6:20-cv-00490-ADA<br>6:20-cv-00491-ADA<br>6:20-cv-00492-ADA<br>6:20-cv-00493-ADA<br>6:20-cv-00494-ADA<br>6:20-cv-00495-ADA<br>6:20-cv-00496-ADA<br>6:20-cv-00497-ADA |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE, LLC,<br><br>    Defendant. | Case Numbers:<br>6:20-cv-00572-ADA<br>6:20-cv-00579-ADA<br>6:20-cv-00580-ADA<br>6:20-cv-00584-ADA<br>6:20-cv-00585-ADA |

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>        Plaintiff,<br><br>   v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>        Defendant. | Case Numbers:<br>6:20-cv-00725-ADA<br>6:20-cv-00726-ADA<br>6:20-cv-00728-ADA<br>6:20-cv-00730-ADA<br>6:20-cv-00783-ADA |
| GOOGLE, LLC,<br><br>        Petitioner,<br><br>   v.<br><br>TERRIER SSC, LLC,<br><br>        Respondent. | Case Number:<br>6:21-cv-01269-ADA |
| GOOGLE, LLC,<br><br>        Petitioner,<br><br>   v.<br><br>BP FUNDING TRUST,<br><br>        Respondent. | Case Number:<br>6:21-cv-01270-ADA |
| GOOGLE, LLC,<br><br>        Petitioner,<br><br>   v.<br><br>AQUA LICENSING, LLC,<br><br>        Respondent. | Case Number:<br>6:21-cv-01309-ADA |

# ORDER GRANTING CONSOLIDATION FOR THE LIMITED PURPOSE OF NON-PARTY DISCOVERY

Came on for consideration non-party subpoena recipients BP Funding Trust, BasePoint Administrative, LLC, Terrier SSC, LLC, and Aqua Licensing, LLC (collectively, the "Requesting Non-Parties") Motion for Limited-Purpose Consolidation and Protective Order (the "Motion to Consolidate") in each of the above-captioned cases.[1] The Court, having considered the Motion to Consolidate and held a hearing for same, **GRANTS** the requested relief as detailed below.

## I.   BACKGROUND

As indicated in the above case caption, this Court has several similar patent infringement matters pending before it as brought by Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "WSOU"). Defendants in the above-captioned WSOU cases have sought discovery from some of the same non-parties, including by serving subpoenas for documents and testimony on the Requesting Non-Parties. In response, the Requesting Non-Parties have sought consolidation in an effort to require coordination among the defendants with respect to document requests, depositions, and discovery motions that have been brought or that defendants are contemplating bringing, pursuant to Rules 42 and 26(c) of the Federal Rules of Civil Procedure. Certain of the above-captioned defendants oppose such a request.

Dell Technologies Inc., Dell Inc., and EMC Corporation (collectively, "Dell") oppose the Requesting Non-Parties' Motion to Consolidate. ECF No. 149 at 1.[2] Dell argues that not

---

[1] The ECF filings for each of the above-captioned cases are noted below for each of the parties' respective positions regarding the Motion to Consolidate.

[2] The opposition was filed solely in Case No. 6:20-cv-00473-ADA. However, the opposition applied for all remaining *WSOU v. Dell* cases, including: 6:20-cv-00475-ADA; 6:20-cv-00476-ADA; 6:20-cv-00477-ADA; 6:20-

3

every non-party is facing the same number of subpoenas from the above-captioned defendants. Dell offers that the parties can proceed with nothing more than routine discovery that can be civilly coordinated by counsel. *Id.* at 2.

ZTE Corporations, ZTE (USA) Inc., and ZTE (TX), Inc. (collectively, "ZTE") also opposes the Motion to Consolidate. ECF No. 165 at 1.[3] ZTE primarily argues that it has no motion to compel before this court that could be subject to consolidation. However, ZTE is seeking "discovery for damages issues" that involve the same plaintiff and third parties. *Id.* Furthermore, the Requesting Non-Parties note that ZTE's "insist[s] on potentially moving to compel on its subpoenas, which are *identical* to the subpoenas before the Court in the Google Motions." Case No. 6:20-cv-473, ECF No. 153 at 18.

Google LLC ("Google") is "agnostic about consolidation as long as its terms are fair to all parties."[4] Specifically, Google argues that the limited deposition time and proposed satisfaction of subpoenas skews the playing field in favor of the Requesting Non-Parties. Google's primary concern is that should the Court grant consolidation pursuant to the Requesting Non-Parties' proposed order, the Requesting Non-Parties could use it to tilt the playing field heavily in their favor.

Hewlett Packard Enterprise Company ("HPE") responds that it supports the Motion to Consolidate based on the Requesting Non-Parties agreement to produce to HPE copies of

---

cv-00480-ADA; 6:20-cv-00481-ADA; 6:20-cv-00482-ADA; 6:20-cv-00485-ADA; and 6:20-cv-00486-ADA.
[3] The opposition was filed solely in Case No. 6:20-cv-00487-ADA. However, the opposition applied for all remaining *WSOU v. ZTE* cases, including: 6:20-cv-00488-ADA; 6:20-cv-00489-ADA; 6:20-cv-00490-ADA; 6:20-cv-00491-ADA; 6:20-cv-00492-ADA; 6:20-cv-00493-ADA; 6:20-cv-00494-ADA; 6:20-cv-00495-ADA; 6:20-cv-00496-ADA; and 6:20-cv-00497-ADA.
[4] The same opposition response was filed in the following cases: 6:21-cv-1269 (ECF No. 36 at 2); 6:21-cv-1270 (ECF No. 35 at 2); 6:21-cv-1309 (ECF No. 26). The same response and disposition will further apply to the following cases styled *WSOU v. Google*: 6:20-cv-00572-ADA; 6:20-cv-00579-ADA; 6:20-cv-00580-ADA; 6:20-cv-00584-ADA; and 6:20-cv-00585-ADA.

any document production the Requesting Non-Parties provide to Google and the transcript of any deposition taken by Google if the limited purpose consolidation is granted. ECF No. 90 at 1.[5] HPE also provides certain edits to the proposed order that the Requesting Non-Parties do not oppose.

WSOU also indicated its support during the oral hearing, stating that "we think practically these motions should be consolidated. They involve the same issues against the same third parties, involving the same plaintiff in the same subpoenas. I think they even included the exact same spelling mistakes that google had served on these third parties. So they really are the same thing." Transcript of Oral Argument at 19, Oral Hearing February 14, 2022 (rough).

The Requesting Non-Parties note that common subpoenas exist among the defendants, as illustrated by identical typos. Motion to Consolidate, at 7. Furthermore, the Requesting Non-Parties seek that discovery rulings in another set of cases styled *WSOU v. Microsoft* should apply to the cases at hand. In short, the request is simple: force the defendants to cooperate with each other to coordinate discovery from the Requesting Non-Parties to avoid unduly burdening the Requesting Non-Parties.

## II.  LEGAL STANDARD

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:
> **(1)** join for hearing or trial any or all matters at issue in the actions;
> **(2)** consolidate the actions; or
> **(3)** issue any other orders to avoid unnecessary cost or delay.

---

[5] The response in support of the Motion to Consolidate was filed in Case No. 6:20-cv-725. The response in support applies for all remaining *WSOU v. HPE* cases, including: 6:20-cv-00726-ADA; 6:20-cv-00728-ADA; 6:20-cv-00730-ADA; and 6:20-cv-00783-ADA.

"The purpose of this rule 'is to give the district court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.'" *Gate Guard Servs. L.P. v. Solis*, No. CIV.A. V-10-91, 2011 WL 2784447, at *14 (S.D. Tex. July 12, 2011) (citing 9A Wright & A. Miller, FED. PRAC. & PROC. § 2381 (3d ed.)). "Even if there are some questions that are not common, this does not preclude consolidation." *Id.* (citing *Batazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50 (5th Cir.1981)).

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas and provides certain protections to avoid undue burden or expense on a person subject to the subpoena. Specifically, "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1).

Last, courts are afforded the ability, for good cause, to issue protective orders to prevent undue burden or expense. FED. R. CIV. P. 26 ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following…").

### III. CONSOLIDATION ORDER

As noted by the Court in the hearing, the Requesting Non-Parties did not ask to be invited to these disputes and indeed have an interest in limiting their involvement. Moreover, even certain defendants agree that consolidation can be effective and helpful, as long as it leads to substantive discovery and a fair result. Arguments that too many differences exist among the discovery requests, or that the same discovery is sought for different purposes are unavailing.  The subpoenas have identical requests in numerous regards. Even certain

subpoenas include matching typographical errors, despite one defendant's claim that the requests are for different purposes. The Court finds that sufficient issues of law or fact are common to warrant consolidation as follows:

1. <u>Formalities and Future Filings</u>. This Order to Consolidate is not a general-purpose consolidation and applies to third party discovery to the Requesting Non-Parties only. The clerk of the Court is instructed not to formally consolidate on the docket. Parties are also instructed to file motions in all of the above-captioned cases, not just a self-designated lead case. Filings in each of the cases that are subject to this Order to Consolidate must be identical and include the caption of all related cases.

2. <u>Document Production</u>. To the extent that a Requesting Non-Party has produced documents, or produces documents in the future, in response to a subpoena from any of the defendants in these consolidated cases, such Requesting Non-Party shall hereby be allowed to produce the same set of documents to the other defendants subject to this Order. If a Requesting Non-Party designates any documents pursuant to a protective order *(e.g.,* as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY") in one case, then the same designation shall hereby automatically be deemed to apply in the other cases and as to the other defendants subject to this Order.

3. <u>Depositions</u>. Prior to any Requesting Non-Parties appearing for a deposition in connection with any of these consolidated cases, the following procedures shall apply: the defendants in the consolidated cases are ordered to confer with each other, review the Court's relevant prior discovery rulings in any of the consolidated cases, and agree on a single, consolidated list of deposition topics as to each Requesting Non-Party. Defendants must also supplement the list with any topics that they feel are unique to their case. The Court will allow

a single consolidated deposition of seven (7) hours, plus a reasonable amount of time per defendant. Should the Requesting Non-Parties or defendants believe that the depositions are overly repetitive, are going too long, or that more time is needed, the parties are instructed to call the Court for immediate resolution. However, the Court notes that many of the attorneys involved maintain "frequent flier miles" here. Accordingly, the Court expects that the parties can resolve these issues alone. The Requesting Non-Parties also have adequate protections under Rule 45(d)(1) of the Federal Rules of Civil Procedure. Any deposition of a Requesting Non-Party taken pursuant to this Order will be usable in all of the cases consolidated pursuant to this Order in which a subpoena for deposition has been issued to such Requesting Non-Party.

4. <u>Discovery Proceedings</u>. With respect to any future discovery proceedings related to the Requesting Non-Parties or otherwise subject to this Order—proceedings which specifically include the motions to compel filed by Google in the District of Delaware, which have been transferred to this district and assigned case numbers 6:21-mc-1269, 6:21-mc-1270, and 6:21-mc-1309, in the Western District of Texas, and WSOU's motion for a protective order filed in the Google cases (together, the "Google Motions")—the parties in the consolidated cases shall cooperate and coordinate with respect to briefing and argument. And whatever the Court decides with respect to a discovery issue decided under this Order shall apply to the other cases that are or that may become subject to this Order.

5. <u>Hearing on the Google Motions</u>. Hearing on the Google Motions is hereby set for **March 21, 2022 at 2:00pm**. All parties subject to these consolidated proceedings are invited to participate in the hearing on the Google Motions and will be bound by what the Court decides. Any defendant other than Google that wishes to be heard at the hearing on the

Google Motions, such as to support Google's position or argue that its own subpoenas to the Requesting Non-Parties should be treated differently, is invited to file a single brief of five pages or less by **Monday, March 14, 2022**. WSOU and the Requesting Non- Parties may then each file a single brief, of five pages or less, responding to the other defendants' briefs by **Friday, March 18, 2022**.

6.  Additional Defendants. WSOU and the Requesting Non-Parties may apply to the Court, for good cause shown, to include within the scope of this Order additional defendants and cases before this Court in which discovery is open. Any defendant proposed to be included within this order may object to such a request and argue why there are special facts giving rise for a need to obtain additional or different discovery from the Requesting Non-Parties on topics different from the topics covered by prior defendants. However, if the Court grants the request to include an additional defendant within the scope of this order, then any documents or deposition testimony previously produced pursuant to this order shall be produced to that new defendant pursuant to this Order, in full satisfaction of the Requesting Non-Parties' discovery obligations to that new defendant, subject, however, to any conditions or extra discovery allowed or imposed by the Court at that time

To the extent this Order to Consolidate limits or changes the usual course of discovery, it shall be deemed a protective order, which is hereby ENTERED on the terms set out above, per rule 26(c) of the Federal Rules of Civil Procedure.

SO ORDERED.

SIGNED this 4th day of March, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE