# EXHIBIT 5

**WARREN LEX** LLP

2261 MARKET STREET NO. 606
SAN FRANCISCO CA 94114

TEL +1 (415) 895 2940
FAX +1 (415) 895 2964

September 28, 2021

**By Electronic Mail**

Jim Etheridge
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120/324
Southlake, Texas, 76092
jim@etheridgelaw.com

Re:   WSOU Investments LLC v. Google LLC, Nos. 20-571, 20-572, 20-573, 20-575, 20-576, 20-579, 20-580, 20-583, 20-584, 20-585 (W.D. Texas)

Dear Mr. Etheridge:

I write to follow up on my letter of September 24, sent following our meet and confer call during which we discussed, among other things, my September 9 letter concerning deposition hours, which restated a proposal Google previously sent to WSOU on August 31. We have not received a response, despite your agreement on our call that WSOU would do so promptly, concerning the number of hours of deposition the parties can agree to take in each case, or to my specific proposal regarding the number of days of deposition proposed for each of the WSOU witnesses noticed by Google. The parties can reach agreement on deposition hours, an issue that it is anticipated will be resolved earlier in the case—with the negotiation of the discovery order—and is not dependent on resolving the parties objections to 30(b)(6) topics. In fact, WSOU has not served its objections to the 30(b)(6) topics served by Google, and yet Google is still attempting to move forward with discovery while any such issues are resolved. Please respond to our proposal and provide dates for the depositions of Mssrs. Etchegoyen, Shanus, Hogan and Garvey.

In addition to WSOU's tardiness in responding to our proposal regarding deposition hours, WSOU has also failed to review any source code in this matter, or even ask to schedule a review, since Google first made source code available on May 21.

On September 24, Google proposed dates for depositions of Google witnesses, and designated the 30(b)(6) topics on which each witness would testify. Google has gone to great lengths to clear and hold the dates for over thirty witnesses across ten cases. If WSOU does not intend to go forward with some or all of these depositions, we expect the courtesy of a timely response. Finally, each witness will only testify once; if WSOU proceeds with a deposition, it cannot seek the same witness again later. If any issues prevent WSOU from taking a complete deposition, we expect that WSOU will raise and resolve them before testimony commences.

Due to the approaching deadlines in this case and the importance of confirming such a complicated deposition schedule, we request a response on these issues by Thursday, September 30.

Very Truly Yours,

Jennifer A Kash