# EXHIBIT D

Docket No. 1004289.583US

## REMARKS

Claims 1-18 are pending in this application.

By the present amendment, Applicants have amended claims 1, 13 and 18.

No new matter has been presented.

Reconsideration of the above-identified application in view of the foregoing amendments and the following remarks is respectfully requested.

**Rejections Under 35 U.S.C. §101:**

Claim 18 was rejected under 35 U.S.C. §101 as allegedly directed to non-statutory subject matter. Applicants have amended claim 18 to specify that the "computer readable medium" recited therein is a "non-transitory" computer readable medium. Applicants respectfully submit that claim 18, as amended complies with 35 U.S.C. §101, and thus, request that the rejection be withdrawn.

**Rejections Under 35 U.S.C. §103:**

Claims 1-9 and 11-18 were rejected under 35 U.S.C. §103(a) as being obvious over U.S. Patent Publication No. 2007/0037605 by Logan ("Logan").

Claim 10 was rejected under 35 U.S.C. §103(a) as being unpatentable over Logan in view of U.S. Patent Publication No. 2003/0151502 by Kam.

Of the foregoing claims, 1, 13 and 18 are independent.

Claim 1, as amended, recites: "A method comprising:

storing an association between a user notification and an event;

detecting the event by an apparatus <u>and triggering the associated user notification</u>;

detecting movement of an external object in a range outside the apparatus in response to the detected event; and

6

~~determining~~ <u>changing</u> characteristics of the user notification based on the step of detecting movement."

Support for the amendment can be found, e.g., on page 6, lines 10 to 15 and page 8, lines 20 to 31 of the application as originally filed:

> "Following the triggered event and the associated user notification, the apparatus 110 may start detecting movement of external objects outside the apparatus 110. In an embodiment, the movement detection is utilized in a range 130 outside the apparatus 110. No matter the shape of the range 130 in Fig. 1 is oval, the shape may be of any form and not necessarily extending around the apparatus 110 but only to a certain direction from the apparatus 110."

(Application, page 6, lines 10 to 15.)

> "According to an example embodiment of the invention, the radar detects motion 430 in a range outside the apparatus. As described before, the radar may be capable of detecting the direction of the movement as well. In case the radar detects an object approaching 440 the apparatus, the apparatus may assume that the user of the apparatus has notified the ringing tone and is approaching to answer the call. In such a situation the characteristics of the event's user notification may be changed. For example, ringing tone volume may be decreased 445 and a display may be turned on for informing the user of the caller identification. Furthermore, the time for diverting the incoming call to a voicemail may also be extended. Eventually, after the user has reached the apparatus and either answering or rejecting 450 the incoming call, the radar may be deactivated 455."

(Application, page 8, lines 20 to 31.)

Applicants respectfully submit that claim 1, as amended, is patentable over Logan.

Logan describes an automated <u>selection</u> of an appropriate alert notification to signal the arrival of an incoming call directed to a portable telephone; e.g., to automatically switch between a cellular telephone's ring and vibrate modes. These operating modes may be

automatically controlled by sensing the <u>location</u> of the portable phone, or of persons and objects near to the portable phone, and/or by sensing the characteristics of the environment in which the portable phone is being used, or by detecting the characteristics of the inbound telephone call.

The mechanisms used in Logan to acquire the needed status data may include GPS or MPS subsystems for determining the absolute location of the portable phone; sensors for detecting and/or measuring the magnitude of signals received from identifiable beacon transmitters at known locations; sensors for detecting ambient light, sound and pressure to determine the likely status of the telephone; and a built-in accelerometer that may be used to determine when and how the telephone has been subjected to movement.

The Office Action alleges that with respect to the detecting movement step and the determining step based on detecting movement of e.g., claim 1, "it would have been obvious to one of ordinary skill in the art at the time of the claimed invention to include into Logan the determination and detection of movements of persons or objects." (Office Action, p. 5) Applicants respectfully disagree.

Logan describes a portable telephone in which the position of the portable telephone is determined and an alert for an incoming call is produced based on the detected position of the portable telephone. However, there is no activity needed from the user. Logan discloses:

> "[0020] These variations in the behavior of the portable telephone may be automated without needing attention from the user by responding to information indicating the location or mode of use of the phone, or changes in the environment in which the phone is used or the character of the calling party."

This is different than Applicants' invention as defined by amended claim 1 where movement of an external object, such as the user, is detected.

Docket No. 1004289.583US

Furthermore, Logan very clearly uses <u>the determined position (of, e.g., the portable telephone)</u> to produce the call alert. Applicants respectfully submit that it is pure hindsight only in view of the teachings of the instant application to state that one of ordinary skill in the art would have been motivated by Logan to "detect movement of an external object" rather than <u>an exact position of the portable telephone</u>.

In other words, there is no reason to detect movement of an external object in Logan since the determined position of, e.g., the portable telephone, is used therein for producing the call alert and once the call alert is produced there is no further activity needed. Thus, the nature of Logan and the claimed invention are clearly very different.

Although Applicants respectfully assert that claim 1 as originally presented is not obvious in view of Logan, Applicants have herein amended claim 1 to further clarify the nonobvious differences.

The claimed "detecting movement of an external object" aims at "adjusting characteristics of the user notification based on [the detected movement of an external object]", such as the user. By associating a user notification and an event, the user notification may be triggered once the event is detected and the characteristics of the user notification may be changed based on the detected movement, as required by amended claim 1. This is entirely different than Logan wherein the determined position is used when providing the call alert in the first place.

Moreover, assuming, *arguendo*, that one of ordinary skill in the art would have been motivated to modify Logan to include detecting movement in the measuring position information (which Applicants do not concede), the resulting methodology still would have been different than Applicants' invention as defined by amended claim 1. This is because the only

9

Docket No. <u>1004289.583US</u>

change to Logan would have been to use the movement instead of the position for selecting the call alert. However, even under that scenario the feature of "changing characteristics of the user notification based on the step of detecting movement", as recited in amended claim 1, would have been missing.

For at least the foregoing reasons, Applicants respectfully submit that Logan does not teach or suggest the subject matter recited in amended claim 1. Nor would one of ordinary skill in the art had been motivated to modify the teachings of Logan in an a manner that would have arrived at the claimed invention.

Accordingly, Applicants respectfully submit that claim 1, as amended, is patentable over Logan.

Claims 13 and 18, as amended, contain features that are the same as those found in amended claim 1, and thus, those claims are allowable for at least the same reasons as set forth above in urging the allowance of claim 1.

**Dependent Claims:**

Applicants do not believe it necessary at this time to address the rejections of the dependent claims as Applicants believe that the foregoing places the independent claims in condition for allowance. Applicants, however, reserve the right to address those rejections in the future should such a response be deemed necessary and appropriate.

### CONCLUSION

Applicants respectfully submit that this Application is in condition for allowance for which action is earnestly solicited.

If a telephone conference would facilitate prosecution of this Application in any way, the Examiner is invited to contact the undersigned at the number provided.

Docket No. <u>1004289.583US</u>

## **AUTHORIZATION**

The Commissioner is hereby authorized to charge any fees which may be required for this response, or credit any overpayment to Deposit Account No. 504827, Order No. 1004289.583US.

Furthermore, in the event that an extension of time is required, the Commissioner is requested to grant a petition for that extension of time which is required to make this response timely and is hereby authorized to charge any fee for such an extension of time or credit any overpayment for an extension of time to the above-noted Deposit Account No. 504827, Order No. 1004289.583US.

Respectfully submitted,

LOCKE LORD LLP

Date: July 29, 2013          By: _____
                                  Peter N. Fill
                                  Registration No. 38,876

Correspondence Address:
Address Associated With Customer Number:

# **10928**

Telephone: (212) 415-8600
Facsimile: (212) 303-2754

11

712697v.1