IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | Case No. 6:20-cv-585-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| GOOGLE LLC, | § § |  |
| Defendant. | § § | |

**GOOGLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER 35 USC § 287**

**INTRODUCTION**

WSOU asserts apparatus claims against Google, and WSOU must therefore satisfy the marking requirement of 35 U.S.C. § 287 in order to recover pre-suit damages.  It cannot.  There is no dispute that WSOU licensed the '961 patent to ▮▮▮ without imposing marking obligations, and there is no dispute that ▮▮▮ offered to sell practicing products in the United States without marking them with the '961 patent.  Finally, there is no dispute that WSOU did not provide actual notice to Google before filing this action on June 29, 2020.  Section 287 thus bars WSOU from recovering pre-suit damages.  Google therefore respectfully requests this Court grant partial summary judgment.

**BACKGROUND**

**A.**  **WSOU Alleges All Android Devices With Google Maps Infringe Apparatus Claims**

WSOU does not identify any particular hardware or configuration of the accused devices to support its theory of infringement of apparatus claims 11 and 14 of the '961 patent, but rather claims infringement because they are devices on which Google Maps is "installed and operated." Ex. 1 §§VII.E and VII.F.  (All exhibits are to the concurrently filed declaration of Jennifer A. Kash.)  During his deposition, WSOU's infringement expert, Tamás Budavári, confirmed that his infringement opinions are not limited to any particular device.  To the contrary, Dr. Budavári admitted that he "cannot tell" whether screenshots in his opinion showing Google Maps "were taken on Pixel phones or other Android phones," but that it did not affect his infringement opinion, because those screenshots "illustrate the features that I wanted to illustrate—and, hence, must have all the components of the



Fig. 3    Fig. 4

infrastructure—that was required to do it." Ex. 2 at 175:18 to 176:22. But those screenshots, reproduced here, simply show the operation of a Google Maps application. Ex. 1 Figs. 3-4, at 15. Dr. Budavári then confirmed that "the fact that they were able to produce these screenshots" meant that a device "had the appropriate software stack and/or worked with the Google platform so that they can do that." Ex. 2 at 176:23 to 177:3. Thus, according to WSOU and confirmed by its own testifying expert, when ▮▮▮ offered to sell Android devices with Google Maps pre-installed, those devices practiced the apparatus claims of the '961 patent.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### C.   WSOU Does Not Dispute the Date of Actual Notice to Google

WSOU provided Google with actual notice of alleged infringement of the '961 patent only when WSOU filed its complaint on June 29, 2020. WSOU admits as much: Google's Interrogatory No. 11 asked WSOU to "state the entire factual basis for your contention, including describing all facts upon which you base your contention that Defendant had notice of the Patent-in-Suit," and WSOU "incorporate[d] by reference Plaintiff's complaint," which states that "Google has received notice and actual or constructive knowledge of the '961 Patent since at least the date of service of this Complaint." Ex. 6 at 3; Docket No. 1 ¶ 62.

D.     **WSOU Seeks Both Pre-Suit and Post-Suit Damages**

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████

## ARGUMENT

I.     **Patent Plaintiffs Must Prove Marking to Recover Damages Before Actual Notice**

"If a patentee who makes, sells, offers for sale, or imports his patented articles has not 'given notice of his right' by marking his articles pursuant to the marking statute, he is not entitled to damages before the date of actual notice." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (quoting *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)); *see VLSI Tech. LLC v. Intel Corp.*, No. 19-977, 2021 WL 2773013, at *4 (W.D. Tex. Apr. 12, 2021). "A patentee's licensees must also comply with § 287, because the statute extends to 'persons making or selling any patented article for or under [the patentee].'" *Arctic Cat,* 876 F.3d at 1366 (quoting *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996)).

"The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *Arctic Cat,* 876 F.3d at 1366. "[A]n alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287," but "this is a low bar. The alleged infringer need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Id.* at 1368. "[I]n the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter." 35 U.S.C. § 287(a).

Summary judgment of no pre-suit damages is appropriate where a patentee asserting apparatus claims "has licensees who produce unmarked products that practice at least one claim of" the asserted patent. *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, 2019 WL 2959568, at *2 (E.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 1987204 (E.D. Tex. 2019).

## II.   WSOU Has Not Shown Marking of Products It Claims Practice the '961 Patent

WSOU failed to make a reasonable effort to ensure the mobile devices sold by ▇▇▇ which practice claims 11 and 14 of the '961 patent under WSOU's theory of infringement, comply with marking requirements. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ There is further no dispute that ▇▇▇ did not mark these products with the '961 patent number and no dispute that WSOU failed to provide Google with any presuit notice.

As a result, there are only two possible outcomes in this matter: either WSOU will prevail on infringement, in which case for the reasons described above WSOU cannot meet its "burden of pleading and proving [it] complied with § 287(a)'s marking requirement," *Arctic Cat*, 876 F.3d at 1366 (citing *Maxwell*, 86 F.3d at 1111)—or, if Google prevails on non-infringement, WSOU can collect no damages at all. But there is no outcome of this matter in which Google must pay pre-suit damages for infringement of the '961 patent.

## CONCLUSION

For all the foregoing reasons, Google respectfully requests that the Court grant partial summary judgment that Google is not liable for damages before WSOU filed this action.

Date:  June 5, 2023

Respectfully submitted,
*/s/ Tharan Gregory Lanier, with permission by Michael E. Jones*
Michael E. Jones (State Bar No. 10929400)

– 4 –

mikejones@potterminton.com
Shaun W. Hassett (State Bar No. 24074372)
shaunhassett@potterminton.com
POTTER MINTON, P.C.
102 North College, Suite 900
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile

Tharan Gregory Lanier
(California Bar No. 138784) (*pro hac vice*)
tglanier@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
Francesca Miki Shima Germinario
(California Bar No. 326208)
Virginia G. Kain (California Bar No. 344545)
Sachli Balazadeh-Nayeri
(California Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-585@cases.warrenlex.com

Tracy A. Stitt
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
+1 (202) 879-3641
tastitt@jonesday.com

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I certify that on June 5, 2023, I filed the foregoing Google's Motion for Summary Judgment Under 35 USC § 287 under Local Rule CV-5 and served it on counsel of record through the Court's electronic filing system.

*/s/ Michael E. Jones*
