# EXHIBIT 3



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/565,573 | 09/23/2009 | Yiming Ma | P3221US00 | 1715 |

11764        7590        01/30/2013
Ditthavong Mori & Steiner, P.C.
44 Canal Center Plaza
Suite 322
Alexandria, VA 22314

| EXAMINER |
|---|
| KARIKARI, KWASI |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2641 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 01/30/2013 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

docket@dcpatent.com
ipadmin@dcpatent.com

PTOL-90A (Rev. 04/07)

WSOU_585_8737961-0000117

| ***Office Action Summary*** | Application No. | Applicant(s) | |
|---|---|---|---|
| | 12/565,573 | MA ET AL. | |
| | Examiner | Art Unit | |
| | KWASI KARIKARI | 2641 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>*25 October 2012*</u>.

2a)☐ This action is **FINAL**.　　2b)☒ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____ ; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

5)☒ Claim(s) <u>*1-17*</u> is/are pending in the application.

　　5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☒ Claim(s) <u>*1,2,9,12 and 13*</u> is/are rejected.

8)☒ Claim(s) <u>*3-8,10,11 and 14-17*</u> is/are objected to.

9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

\* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☒ The drawing(s) filed on <u>*23 September 2009*</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.

　　Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

　　Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

　　a)☐ All　b)☐ Some * c)☐ None of:

　　　1.☐ Certified copies of the priority documents have been received.

　　　2.☐ Certified copies of the priority documents have been received in Application No. _____ .

　　　3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

　　\* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)　　　　　　3)☐ Interview Summary (PTO-413)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Paper No(s)/Mail Date. _____ .
2)☒ Information Disclosure Statement(s) (PTO/SB/08)　4)☐ Other: _____ .
　　Paper No(s)/Mail Date <u>*01/26/2010 and 03/08/2011*</u>.

Application/Control Number: 12/565,573                                              Page 2
Art Unit: 2641

## DETAILED ACTION

### Restriction/Election

1.      Applicant's election with traverse of Group I covering claims 1-17 in the reply filed

on 10/25/2012, has been acknowledged.

### Information Disclosure Statement

2.      The information disclosure statement (IDS) submitted on 03/08/2011 and

01/26/2010 is in compliance with the provisions of 37 CFR 1.97. Accordingly, the

information disclosure statement is being considered by the examiner.

### Claim Rejections - 35 USC § 103

3.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

> This application currently names joint inventors.  In considering patentability of the claims under 35 U.S.C. 103(a), the
> examiner presumes that the subject matter of the various claims was commonly owned at the time any inventions covered
> therein were made absent any evidence to the contrary.  Applicant is advised of the obligation under 37 CFR 1.56 to point
> out the inventor and invention dates of each claim that was not commonly owned at the time a later invention was made in
> order for the examiner to consider the applicability of 35 U.S.C. 103(c) and potential 35 U.S.C. 102(e), (f) or (g) prior art
> under 35 U.S.C. 103(a).

> The factual inquiries set forth in *Graham* v. *John Deere Co.*, 383 U.S. 1, 148 USPQ 459 (1966), that are applied for
> establishing a background for determining obviousness under 35 U.S.C. 103(a) are summarized as follows:
> 1.      Determining the scope and contents of the prior art.
> 2.      Ascertaining the differences between the prior art and the claims at issue.
> 3.      Resolving the level of ordinary skill in the pertinent art.
> 4.      Considering objective evidence present in the application indicating obviousness or nonobviousness.

**Claims 1, 2, 9, 12 and 13 are rejected under 35 U.S.C. 103(a) as being**

**unpatentable over Gummadi et. al., (U.S. 2008/0233945), (hereinafter, Gummadi) in**

**view of Smith et al., (U.S 2003/0006911), (hereinafter, Smith).**

Application/Control Number: 12/565,573                                    Page 3
Art Unit: 2641

**Regarding claims 1 and 12, Gummadi** discloses a method/apparatus comprising:

causing at least in part a receiving of signal data **(= known signals may be used to determined mobility metric, see [0115])**, that indicates a set of one or more distinct signal sources from which signals are received at a mobile device for each of a plurality of different times **(= base station can command a subscriber station to periodically transmit a known sequence in the sounding zone over an uplink…and the correlation of sounding sample from first and later frame are used to determine mobility of the subscriber station, see [0116]**);

determining whether the mobile device is moving outside a specified area **(= determining mobility factor includes when subscriber enters a network by moving from outside a coverage area, see [0170])** at a current time of the plurality of different times based on the signal data **(= initialization timer for mobility metric can be set to a value that ensures updated metric to include initialization and expiration time and event, see [0179-81]);**

if the mobile device is determined to be not moving outside the specified area, then causing at least in part an incrementing of a count for a stationary state associated with the set of one or more distinct signal sources at the current time **(= initialization of timer and transition to steady state at the end of time expiration, see [0183-85]).**

**Gummadi explicitly fails to disclose** the claimed limitations of: "causing at least in part initiation of delivery of a service to the mobile device based on the stationary state".

WSOU_585_8737961-0000120

Application/Control Number: 12/565,573                                  Page 4
Art Unit: 2641

However **Smith,** which is an analogous art, discloses a client handheld device that, in stationary state, communicates with an advertisement platform and the device is presented with coupon (see, [0136-37 and 0141-44]), which meets the claimed limitations.

Therefore, it would have been obvious at the time the invention was made for one of the ordinary skill in the art to have combined the teaching of Smith with Gummadi for the benefit of achieving a communication system that provides targeted advertisement based on client's location thereby, enabling convenient proximity commerce in the communication system.

**Regarding claims 2 and 13**, as recited in claims 1 and 12, **Gummadi** further discloses the method/apparatus, wherein determining whether the mobile device is moving outside the specified area comprises determining whether a measure of similarity, between a first set of one or more distinct signal sources in a time window ending at the current time and a second set of one or more distinct signal sources in a time window ending at a time earlier than the current time, is below a movement threshold **(see, [0116]).**

**Regarding claim 9**, as recited in claim 1, **Gummadi** explicitly fails to disclose the method, wherein delivering the service to the mobile device based on the stationary state further comprises determining a type of service based on communications by the user during the stationary state.

Application/Control Number: 12/565,573                                    Page 5
Art Unit: 2641

However **Smith,** which is an analogous art, discloses the method, wherein delivering the service to the mobile device based on the stationary state further comprises determining a type of service based on communications by the user during the stationary state **(see, [0136-37 and 0141-44]).**

Therefore, it would have been obvious at the time the invention was made for one of the ordinary skill in the art to have combined the teaching of Smith with Gummadi for the benefit of achieving a communication system that provides targeted advertisement based on client's location thereby, enabling convenient proximity commerce in the communication system.

## Allowable Subject Matter

4.      Claims 3-8, 10, 11 and 14-17 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

## CONCLUSION

5.      Any inquiry concerning this communication or earlier communications from the examiner should be directed to Kwasi Karikari whose telephone number is 571-272-8566.The examiner can normally be reached on M-T (6:30 - 4:30pm).

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Charles Appiah can be reached on 571-272-7904.

**The fax phone number** for the organization where this application or proceeding is assigned is **571-273-8566**.

WSOU_585_8737961-0000122

Application/Control Number: 12/565,573                                          Page 6
Art Unit: 2641

## STATUS OF APPLICATION

**6**.        Information regarding the status of an application may be obtained from the
Patent Application Information Retrieval (PAIR) system.  Status information for
published applications may be obtained from either Private PAIR or Public PAIR.
Status information for unpublished applications is available through Private PAIR only.
For more information about the PAIR system, see http://pair-direct.uspto.gov. Should
you have questions on access to the Private PAIR system, contact the Electronic
Business Center (EBC) at 866-217-9197 (toll-free).

**/Kwasi Karikari/**
**Primary Examiner: Art Unit 2641.**

WSOU_585_8737961-0000123