**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a | § | |
| BRAZOS LICENSING AND | § | |
| DEVELOPMENT, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:20-cv-585-ADA |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| GOOGLE LLC, | § | **PUBLIC VERSION** |
| | § | |
| Defendant. | § | |

**GOOGLE'S REPLY IN SUPPORT OF
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER 35 USC § 287</u>**

## **INTRODUCTION**

WSOU's opposition to Google's motion lacks merit. WSOU fails to establish that Google had actual notice of the '961 patent before the filing of this suit; Google timely notified WSOU of its marking obligations; and Google met its § 287 burden to articulate unmarked products it believes practice the '961 patent in light of WSOU's theory of infringement.

## **ARGUMENT**

### I.   **WSOU Fails to Establish Pre-Suit Notice**

Google had actual notice of the '961 patent only from the complaint. Mot. at 2. WSOU argues that it "met its § 287(a) burden of pre-suit notice" through ███████████████

██████████      ████████████████████████████████████████

██████████████████████ as WSOU admits, the notice requirement is only met if "recipient is informed of the identity of the patent and the activity that is believed to be an infringement." *Id*. (citing *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021)); *see also BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 776 (W.D. Tex. 2022) ("The Court will not, however, establish a rule that notice of one patent in a portfolio or large family constitutes constructive notice of every patent in that portfolio or family."). That never happened before the complaint, and WSOU's evidence confirms that it did not.

WSOU's Exhibit C demonstrating ████████████████████████████

███████████████████████████████████████████████████████

████████████████████ Moreover, nowhere in the documents WSOU cites does ███████ notify Google of potentially infringing activity, the '961 patent specifically, or even the field of



the technology covered by the patent.  Exs. C, D.  WSOU also cites Exhibit D, which shows ███

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████

 Moreover, WSOU attempts to use Mr. Bakewell's testimony to establish Google's pre-suit notice.  Opp. at 8.  But Mr. Bakewell's understanding of Google's notice regarding the portfolio containing '961 is limited to the documents cited in his report, which do not contain any reference to the '961 patent, much less potential infringement of the patent.  Ex. G at 48:23 to 49:6.  As is evident in Exhibits C and D, ██████████████████████████████████ ████████████████████████ ███████████████████████ with no notice of "the activity that is believed to be an infringement."  *SRI Int'l, Inc. v. Advanced Tech. Lab'ys, Inc*., 127 F.3d 1462, 1470 (Fed. Cir. 1997); *Lubby Holdings*, 11 F.4th at 1360.

## II. Google Met Its Burden As the Alleged Infringer Under *Arctic Cat*

 Google met its "initial burden of production to *articulate* the products it *believes* are unmarked 'patented articles' subject to § 287," because "this is a low bar.  The alleged infringer need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer *believes* practice the patent."  *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017) (emphasis added).   Google not only *articulated* a list of unmarked products, Exs. 4-5, but provided evidence that they were on sale in the United States, going beyond what *Arctic Cat* requires.

 WSOU argues that "[t]he Court should deny Google's partial summary judgment because Google did not timely identify unmarked products that use the '961 Patent."  Opp. at 9.  But *Arctic Cat*, the seminal case regarding § 287, does not impose a deadline by which alleged infringers must provide notice to patentees.  *See generally Arctic Cat,* 876 F.3d.

Moreover, it was only *after* the close of fact discovery that WSOU disclosed its

infringement theory ██████████████████████████  *See* Mot. 1-2; Ex. 1.  Google could not

identify products it believes to be practicing the '961 patent prior to ████████████ and

WSOU is therefore not prejudiced by any claimed delay.[2]  WSOU admits that products

containing Google Maps practice the '961 patent (Opp. at 11), and WSOU's own infringement

theory relies on the fact that any device on which Google Maps is "installed and operated" is

infringing, which includes any phones operating Android software.  Mot. at 1-2.  WSOU does

not require any more time to develop a theory that the identified unmarked products don't

practice the '961 patent, because any such argument would fail under its theory of infringement.

WSOU also argues that "Google fails to meet its burden of production in identifying

unmarked articles that were offered for sale or sold in the United States," claiming that "Exhibits

4 and 5 to Google's Motion consist only of two webpages from ████████████ that fail to raise

any inference of a ***United States*** sale or offer for sale of an ██████ product that uses the '961

Patent (via Google Maps)."  Opp. at 10-11.  Google "articulate[d] the products it ***believes*** are

unmarked" by WSOU's own admission:  Exhibit 5 shows "Samsung Galaxy Note9 and shows

Google Maps as one of the 'additional apps,'" Opp. at 11, but WSOU claims that it does not

show that this device was offered for sale in the U.S.  *Id.*; *see Arctic Cat*, 876 F.3d at 1368.  But

Exhibit 5 clearly demonstrates that shipping is available in the United States, including Puerto

Rico and the U.S. Virgin Islands:

> **FREE Express Shipping**:  . . . Delivery signatures may be required. Priority Shipments to **Puerto Rico**
> and the **U.S. Virgin Islands** may take more than 2 business days.

---

[2] Google's damages expert, Mr. Bakewell, also opined in his expert report served on April 28, 2023 that "████ sells and offers to sell Pixels, iPhones, and Samsung Galaxy phones which can all be used with Google Maps and the accused Timeline and Popular Times features." Ex. F  ¶ 184.

Ex. 5 at 17.  So WSOU does not dispute that Android devices containing Google Maps practice the '961 patent, and there can therefore be no dispute that GalaxyNote9, which was offered for sale in the U.S., was an unmarked Android device containing Google Maps and practicing the '961 patent.  *See* Opp. at 11.  Exhibit 4 similarly contains a U.S. shipping provision, Ex. 4 at 3, and shows several other devices being offered for sale which practice the '961 patent.

Finally, the policy behind the initial burden of the alleged infringer's articulation of unmarked products was to avoid "a large scale fishing expedition and gamesmanship."  *Arctic Cat,* 876 F.3d at 1368.  But Google's articulation is specific to what WSOU itself claims the universe of accused products:  products that have Google Maps "installed and operated."  Mot. at 1-2.  Google further narrowed this category by limiting its list of unmarked products to only those offered for sale or sold by WSOU's licensee ████ .

There is no dispute of fact that Google articulated a list of unmarked products it believes are subject to § 287, which ████ , a licensee of WSOU, offered for sale in the U.S.  The burden therefore shifts to WSOU to prove that these products were either marked or not practicing.  *Arctic Cat,* 876 F.3d at 1366.  WSOU did not, and cannot, meet this burden, and therefore partial summary judgment limiting WSOU's pre-suit damages is appropriate.  *Intell. Ventures II LLC v. Sprint Spectrum, L.P*., 2019 WL 2959568, at *2 (E.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 1987204 (E.D. Tex. 2019).

## **CONCLUSION**

For all the foregoing reasons, Google respectfully requests that the Court this motion.

Date:  June 27, 2023                              Respectfully submitted,

                                                 */s/ Jennifer A. Kash,  with permission by*
                                                 *Shaun W. Hassett*
                                                 Michael E. Jones (State Bar No. 10929400)
                                                 mikejones@potterminton.com
                                                 Shaun W. Hassett  (State Bar No. 24074372)

shaunhassett@potterminton.com
POTTER MINTON, P.C.
102 North College, Suite 900
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile

Tharan Gregory Lanier
(California Bar No. 138784) (*pro hac vice*)
tglanier@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
Francesca Miki Shima Germinario
(California Bar No. 326208)
Virginia G. Kain (California Bar No. 344545)
Sachli Balazadeh-Nayeri
(California Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-585@cases.warrenlex.com

Tracy A. Stitt
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
+1 (202) 879-3641
tastitt@jonesday.com

*Attorneys for Defendant Google LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on June 27, 2023.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on June 27, 2023.

*/s/ Shaun W. Hassett*
