**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a | § | |
| BRAZOS LICENSING AND | § | |
| DEVELOPMENT, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:20-cv-585-ADA |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**GOOGLE'S OPPOSITION TO WSOU'S MOTION FOR**
**SUMMARY JUDGMENT CONCERNING GOOGLE'S AFFIRMATIVE DEFENSES**

## INTRODUCTION

WSOU filed a deficient complaint in this action.  After Google pointed out these deficiencies in its motion to dismiss, WSOU abandoned its allegations and pursued new ones, but did not amend its complaint.  Having failed to do so, WSOU now contends that Google *cannot file an answer* and thus cannot bring affirmative defenses because the deadline for *amendment* of pleadings has passed.  WSOU asks the Court to disregard the basic rule that an answer is due after resolution of a motion to dismiss.  Not surprisingly, WSOU submits no cases that support its legally erroneous position.  The Court should deny WSOU's motion.

## BACKGROUND

**A.   WSOU's Complaint Leveled Facially Deficient Allegations Against Google**

On June 29, 2020, WSOU filed its complaint in this action, accusing of infringement Google's "Awareness API," which it called "an API providing multiple context and location signals to mobile applications."  Docket No. 1 ¶ 47.  But as Google explained in its motion to dismiss of September 11, 2020, these allegations failed on their face because they "boil[ed] down to the assertion that, because unidentified developers could employ Google's APIs in various ways to build a myriad of applications, and unknown end users could use one of those applications in an allegedly infringing manner, then Google must be responsible for this infringement."  Docket No. 18 at 8.  Google thus moved to dismiss under Rule 12(b)(6).

**B.   WSOU Amends Its Allegations—But Not Its Complaint**

Agreeing with Google that its allegations were deficient, WSOU abandoned its APIs-and-applications theory and brought an entirely new one, claiming that infringement occurs within the Timeline and Popular Times features of the Google Maps Mobile application.  Docket No. 107, Ex. 14.  But WSOU did not amend its complaint or seek leave to do so.

## <u>ARGUMENT</u>

**I.     WSOU Cannot Obtain Summary Judgment on Claims Not Before the Court**

Summary judgment allows resolution on the merits of "each claim or defense" specified

by a motion and pending before the Court.  Fed. R. Civ. P. 56(a).  But WSOU's motion seeks to

preclude Google from bringing *future* claims or defenses, in response to an unknown *future*

complaint that passes Rule 12 muster.  No court can determine the merits of unknown future

claims in response to an unknown complaint.  Rule 56 does not allow the relief WSOU seeks.

**II.    The Deadline to *Amend* Pleadings is not the Deadline to *File* Pleadings**

WSOU's motion also fails on its own terms.  WSOU claims that the Court's order setting

a "[d]eadline to amend pleadings," Docket No. 33, altered Google's deadline to file its *original*

answer and affirmative defenses under Rule 12(a)(4), despite the black-letter rule that an answer

is not due while a motion to dismiss is pending.  Mot. at 3.  WSOU identifies no cases that

support its position here; it cites only cases concerning *amendment* of pleadings under Rules 15

and 16, not *original* answers under Rule 12.[1]  Cases addressing this issue, including recently in

the Court of Appeals for the Fifth Circuit, illustrate why WSOU's motion rests on legal error.

In *Mandawala v. Struga Management*, No. 21-50644, 2023 WL 2712500 (5th Cir. Mar.

30, 2023), while the defendants' Rule 12(b)(6) motions to dismiss were pending, the San

Antonio Division of this Court set a deadline for "any motion seeking leave to amend pleadings"

on January 29, 2020.  *Mandawala v. Struga Management*, No. 19-635, Docket No. 37 at 2 (W.D.

Tex.).  That date came and went, after which the Court denied the motions to dismiss, and the

---

[1] Mot. at 3 (citing *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237-239 (5th Cir. 2015)
(affirming denial of plaintiff's motion for leave to amend its complaint); *IDB Ventures, LLC v.
Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541, 548, 559 (E.D. Tex. 2018) (granting in part
and denying in part motion for leave to file Third Amended Complaint)).

defendants filed answers on September 9, 2020, nearly nine months after the Court's deadline for amendment. *Mandawala*, 2023 WL 2712500, at *3. The plaintiff challenged these answers as untimely, but the Fifth Circuit disagreed, finding that once "the district court granted in part and denied in part the defendants' 12(b)(6) motions," under "Rule 12(a)(4)(A), the defendants' answers were due within fourteen days of the entry of these orders." *Id.* at *3. If WSOU's view here were correct, the Fifth Circuit would have ignored Rule 12(a)(4)(A), found that the Court's amendment deadline controlled, and the pleadings were months late. It did not. *See id.*

Similarly, in *Pacific Radiation Oncology, LLC v. Queen's Medical Center,* No. 12-64, 2014 WL 2450815 (D. Haw. May 30, 2014), while defendants' Rule 12(b)(6) motions to dismiss were pending, the court set a deadline for "motions to join additional parties or to amend the pleadings" on October 5, 2012. *Id*. at *4. That date came and went; on February 25, 2014, more than a year after the deadline for amendment, defendants filed answers and counterclaims. *Id.* at *2. The plaintiff moved to dismiss the counterclaims, arguing that "[d]efendants failed to file the Counterclaim by the deadline to add parties and amend pleadings," and thus the answer and counterclaim were untimely. *Id.* at *4. The court rejected this argument, ruling that defendants "did not have to file their Answer and Counterclaim until this Court ruled on the renewed Motion to Dismiss," and "did not violate either the scheduling orders or Rule 12(a)(4)(A) when they filed the Counterclaim because they had not yet filed an Answer." *Id*. Again, if WSOU's view here were correct, the court would have ignored Rule 12(a)(4)(A), found that its earlier date for amendment controlled, and struck the counterclaim as late. It did not. *See id*.

## III.    WSOU Seeks a New Civil Procedure that Would Require Waiver of Arguments

WSOU asks this Court to throw out the careful balance of the Federal Rules in favor of a new rule that would require parties to waive arguments. If WSOU is correct and the deadline to

*amend* pleadings also controls filing of *original* pleadings, then parties such as Google here must either stick with their motion to dismiss (thus waiving the right to answer, counterclaim, and assert affirmative defenses), or must file an answer (thus waiving the motion to dismiss).  *See*, *e.g.*, *Telebrands Corp. v. 1ByOne Prod. Inc.*, No. 17-997, 2017 WL 5593785, at *2 (D. Del. Nov. 21, 2017) (pending motion to dismiss becomes "moot" on filing of answer); *Veltre v. Sliders Seaside Grill, Inc.*, No. 15-1102, 2016 WL 524658, at *1 (M.D. Fla. Feb. 10, 2016) (same).  The Federal Rules of Civil Procedure impose no such procedural trap.  This Court should not either.

## IV.     The Court Should Require WSOU to File a Proper Complaint

WSOU and Google agree that the operative complaint fails to allege infringement of the patent in this action; WSOU has abandoned its previous infringement theory and no longer pursues it.  *See supra* § B.  WSOU asks the Court to rewrite the rules to punish Google for its failure, but that would be legal error.  *See supra* §§ I-III.  Instead, the Court can and should apply the Federal Rules of Civil Procedure as they stand, by resolving Google's pending motion to dismiss, thus setting Google's deadline to respond under Rule 12(a)(4).  Although Google submits that the Court should dismiss the current complaint and WSOU no longer defends it, the Court's grant or denial of the motion to dismiss will allow this action to advance to resolution without erroneously rewriting the Federal Rules as WSOU urges the Court to do.

## CONCLUSION

For the foregoing reasons, the Court should deny WSOU's motion.

Date:   July 26, 2023                          Respectfully submitted,

                                               */s/ Matthew S. Warren, with permission by*
                                               *Shaun W. Hassett*
                                               Michael E. Jones (State Bar No. 10929400)
                                               mikejones@potterminton.com
                                               Shaun W. Hassett  (State Bar No. 24074372)
                                               shaunhassett@potterminton.com
                                               POTTER MINTON, P.C.

102 North College, Suite 900
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile

Tharan Gregory Lanier
(California Bar No. 138784) (*pro hac vice*)
tglanier@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
Francesca Miki Shima Germinario
(California Bar No. 326208)
Virginia G. Kain (California Bar No. 344545)
Sachli Balazadeh-Nayeri
(California Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-585@cases.warrenlex.com

Tracy A. Stitt
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
+1 (202) 879-3641
tastitt@jonesday.com

*Attorneys for Defendant Google LLC*