IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING & DEVELOPMENT, | Case No. 6:20-cv-00585-ADA |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

**PLAINTIFF BRAZOS LICENSING & DEVELOPMENT'S
OPPOSITION TO GOOGLE'S MOTION TO STRIKE AND EXCLUDE CERTAIN
<u>OPINIONS OF TECHNICAL EXPERT DR. TAMÁS BUDAVÁRI</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1

II. RELEVANT PROCEDURAL BACKGROUND ............................................................1

III. ARGUMENT ...................................................................................................................2

    A. GOOGLE HAD NOTICE OF THE INFRINGEMENT THEORIES IN DR. BUDAVARI'S REPORT AS EARLY AS APRIL 2022 ................................2

        1. Legal Standard ........................................................................................3

        2. Analysis ...................................................................................................3

    B. DR. BUDAVARI'S INADVERTENT TYPOGRAPHICAL ERROR IN PARAGRAPH 74 DOES NOT COMPEL STRIKING THE ENTIRETY OF HIS EXPERT REPORT ...........................................................................7

    C. DR. BUDAVARI'S OPINIONS ARE SUPPORTED BY CITATIONS TO THE EVIDENCE ................................................................................................8

        1. Dr. Budavari's Opinions Concerning "Determining Whether The Mobile Device Is Moving Outside a Specified Area" Should Not Be Stricken ...........................................................8

        2. Dr. Budavari's Opinions Concerning "Incrementing of a Count for a Stationary State" Should Not Be Stricken ...............................9

        3. Dr. Budavari's Opinions Concerning "Determining A Primary Set of Stationary States" Should Not Be Stricken .........................9

        4. Dr. Budavari's Opinions Concerning "Memory with Computer Instructions" Should Not Be Stricken .......................................10

        5. Dr. Budavari's Opinions Concerning "Delivery of a Service" Should Not Be Stricken .............................................................10

    D. DR. BUDAVARI PROPERLY OPINES ON TECHNICAL COMPARABILITY ..................................................................................................11

IV. CONCLUSION ..............................................................................................................12

## TABLE OF AUTHORITIES

### Cases

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
   694 F.3d 1312 (Fed. Cir. 2012) ................................................................................. 12

*Finjan, Inc. v. Secure Computing Corp.*,
   626 F.3d 1197 (Fed. Cir. 2010) ................................................................................. 12

*Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*,
   No. 2:17-cv-662-JRG-RSP, Dkt. 437 (E.D. Tex. Apr. 11, 2019) .............................. 12

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
   694 F.3d 51 (Fed. Cir. 2012) ..................................................................................... 12

*Mobile Telcoms. Techs., LLC v. BlackBerry Corp.*,
   No. 3:12-cv-1652-M, 2016 U.S. Dist. LEXIS 65132 (N.D. Tex. May 17, 2016) .............. 3, 5, 6

*Pisony v. Commando Constrs., Inc.*,
   No. 6:17-cv-00055-ADA, 2020 U.S. Dist. LEXIS 153007 (W.D. Tex. Aug. 24, 2020) ............ 3

*ROY-G-BIV Corp. v. ABB, Ltd.*,
   63 F. Supp. 3d 690 (E.D. Tex. 2014) ........................................................................... 3

*Tomax AS v. Turbo Drill Indus., Inc.*,
   No. 6:21-cv-00260-ADA, 20233 U.S. Dist. LEXIS 78007 (W.D. Tex. Apr. 6, 2023) .......... 3, 6

*VirnetX, Inc. v. Cisco Sys., Inc.*,
   767 F.3d 1308 (Fed. Cir. 2014) ................................................................................. 12

### Rules

Fed. R. Civ. P. 37(c)(1) ......................................................................................................... 3

**I.      INTRODUCTION**

Defendant Google LLC ("Google") moves to exclude large swaths of Plaintiff WSOU Investments, LLC's d/b/a Brazos Licensing & Development ("Brazos")'s expert report and opinion on two broad grounds: (1) a purported failure to disclose infringement theories, and (2) offering allegedly unreliable opinions.[1]

First, Google's Motion is premised on an erroneous proposition that Brazos failed to disclose in its Amended Final Infringement Contentions the infringement theories that its technical expert, Dr. Tamas Budavari, now espouses in his report and testimony. Contrary to Google's arguments, Google has had notice—for well over a year—of Brazos's infringement theories; Google's allegation that Dr. Budavari's opinions are "new" or previously undisclosed is simply incorrect.

Second, Dr. Budavari's opinions are rooted in reasoning and evidence; there is no cause to strike them as unreliable.

Accordingly, Google's Motion fails and the Court should deny it entirely.

**II.     RELEVANT PROCEDURAL BACKGROUND**

On April 21, 2022, Brazos provided Google with a copy of its proposed Amended Final Infringement Contentions ("AFIC") to explore, in relevant part, whether Brazos would be allowed to amend its infringement contentions without opposition from Google. Google did not agree to the amendment, and Brazos filed its Opposed Motion for Leave to File an Amended Complaint and Serve Amended Infringement Contentions (Dkt. 110) on May 27, 2022. Following briefing on the matter, which included the submission of Brazos's AFIC to the Court (*see, e.g.*, Dkt. 111-006,

---

[1] *See* Google's June 28, 2023 Motion to Strike and Exclude Certain Opinions of Technical Expert Dr. Tamas Budavari (Dkt. 173) ("Motion").

1

filed under seal),[2] the Court granted Brazos leave to serve its AFIC on August 3, 2022.[3] Following entry of a new scheduling order in September 2022, the parties proceeded through fact and expert discovery and claim construction. *See*, *e.g.*, Dkt. 125 (September 20, 2022 Amended Scheduling Order). As part of its discovery obligations, Google produced ███████████████████████████████████████████ in late 2022 and early 2023, well after Brazos had submitted its AFIC. Brazos deposed several Google technical witnesses in February and March 2023.

On March 29, 2023, following the close of fact discovery, Brazos served the Expert Report of Dr. Tamas Budavari Regarding Infringement of U.S. Patent No. 8,737,961 by Google LLC ("Budavari Report").[4] On May 25, 2023, Google deposed Dr. Budavari. On June 28, 2023, Google filed its instant Motion (Dkt. 173). Brazos responds herein.

### III.   ARGUMENT

#### A.   GOOGLE HAD NOTICE OF THE INFRINGEMENT THEORIES IN DR. BUDAVARI'S REPORT AS EARLY AS APRIL 2022

In its Motion, Google seeks to strike "¶¶ 57-69 and ¶¶ 124-129 and figures 19-30 and 61-71" purportedly because "Dr. Budavari advances infringement theories entirely unrelated to [Brazos's] infringement contentions."[5] Google states that the Dr. Budavari in his report "never once mentions ██████, and his testimony disclaims any relevance to ██████."[6] But that is a misleading picture of the scope of Brazos's infringement contentions. To the contrary,

---

[2] In an effort to correct inadvertent omissions and formatting issues with the AFIC, Brazos and Google jointly sought to submit a corrected version of the AFIC on August 3, 2022 (Dkts. 120, 121). A true and correct excerpted copy of the corrected AFIC—which is the operative version of Brazos's infringement contentions—is attached hereto as Exhibit A, under seal.

[3] This was a text-only entry generated by the Court.

[4] A true and correct excerpted copy of the Budavari Report is attached hereto as Exhibit B, under seal.

[5] Motion at 1.

[6] Motion at 1-2.

2

Dr. Budavari's expert opinions reflect and are consistent with Brazos's AFIC, while providing additional detail learned through discovery, and the Court should deny Google's Motion.

### 1. Legal Standard

Federal Rule of Civil Procedure 37(c)(1) provides, in relevant part, that: "[i]f a party fails to provide information… as required by Rule 26(a) or (e), the party is not allowed to use that information… to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." In the context of patent litigation, a party may not introduce theories in an expert infringement report that were not previously disclosed in infringement contentions. *See, e.g.*, *Tomax AS v. Turbo Drill Indus., Inc.*, No. 6:21-cv-00260-ADA, 20233 U.S. Dist. LEXIS 78007, *4 (W.D. Tex. Apr. 6, 2023) (internal citations omitted). The purpose of infringement contentions is to provide notice to the defendant of plaintiff's infringement theories, although the plaintiff need not "disclose 'specific evidence" nor prove its infringement case." *Id*. at *5; *see also ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F. Supp. 3d 690, 699-700 (E.D. Tex. 2014). "[W]hen the infringement theories are disclosed in the infringement contentions, it is sufficient to place the [defendant] on proper notice." *Tomax AS*, 20233 U.S. Dist. LEXIS 78007 at *10. "The critical question in deciding whether to strike portions of an expert report… is whether the expert has permissibly specified the application of a disclosed theory or impermissibly substituted a new theory altogether." *Pisony v. Commando Constrs., Inc.*, No. 6:17-cv-00055-ADA, 2020 U.S. Dist. LEXIS 153007, * 4 (W.D. Tex. Aug. 24, 2020); *Mobile Telcoms. Techs., LLC v. BlackBerry Corp.*, No. 3:12-cv-1652-M, 2016 U.S. Dist. LEXIS 65132, *4 (N.D. Tex. May 17, 2016).

### 2. Analysis

As a preliminary matter, it is important to note the procedural posture of this case. Brazos initially sought amendment of its final infringement contentions in April 2022 by drafting an amended set of contentions and seeking Google's consent to an amendment. At the time, Brazos,

relying on certain statements by a Google deponent and public documentation concerning Google Maps, believed that ▇▇▇[7] was ▇▇▇

▇▇▇

▇▇▇[8] Regardless, Google refused to consent to the proposed amendment and the parties submitted briefing concerning Brazos's Opposed Motion for Leave to Amend (Dkt. 110). The Court granted Brazos leave to amend on August 3, 2022,[9] and the parties subsequently engaged in discovery in response to Brazos's now-allowed AFIC. But it was not until September 28, 2022 that Google began to substantively produce ▇▇▇ in response to Brazos's AFIC, with ▇▇▇ ▇▇▇ occurring in January 2023. ▇▇▇

▇▇▇

---

[7] Though Brazos used ▇▇▇ in its AFIC as shorthand for ▇▇▇ ▇▇▇ the '961 patent does not require nor recites ▇▇▇ in its claims. ▇▇▇ also does not appear in the specification of the '961 patent. Rather, the '961 patent is directed to solving "a need for an approach to derive or predict location context for a user of a mobile device, or both, that scales well to many users, such as incrementally determining location context." '961 patent at 1:33-36.
[8] See, e.g., Ex. A (AFIC), Cover pleading at page 2; Chart at pages 2-3.
[9] Exhibit C (Text-only Court entry granting leave to amend).
[10] See Ex. A (AFIC), Chart at page 28.
[11] See Ex. B (Budavari Report) at ¶¶ 57-69, ¶¶ 124-129.

4

███████████████████████████████. Via its motion to strike Google now seeks to excise from Dr. Budavari's report ████████████████████████████████████████████████████████████████████████████████████. As one example of the content that Google improperly seeks to strike, Figures 19-22, 25-27, and 62-64 of Dr. Budavari's report are excerpted from and properly rely on ████████████████████████████████████████████████████.[12] That is how discovery works, not any sort of unfair prejudice or surprise to Google. *See, e.g., Mobile Telcoms. Techs.*, 2016 U.S. Dist. LEXIS 65132, *9 ("Expert reports may include information obtained during discovery, including information outside the specific confines of the infringement contentions, without altering the disclosed theory of infringement.").

Google has been on notice of Brazos's infringement theories for over a year. For example, in its AFIC analysis of claim element 1[b][13], Brazos states that:



████████████████████████ Those functionalities are precisely what Dr. Budavari analyzed:

---

[12] *See* Ex. B (Budavari Report) at pages 26-27, 29-31.
[13] Claim element 1[b] states: "determining whether the mobile device is moving outside a specified area at a current time of the plurality of different times based on the signal data."
[14] Ex. A (AFIC), Chart at page 28 (emphasis added).

[REDACTED]

Additionally, though Google seeks to strike Figures 23, 24, and 28-30 from Dr. Budavari's report, the same or substantially similar figures appear in the AFIC as well.[16] Google cannot claim surprise or prejudice with regard to these figures, either.

Similarly, with regard to claim element 1[e], Brazos's AFIC states: [REDACTED]

[REDACTED][17] This language is also reflected in Dr. Budavari's report.[18] Additionally, Figure 61 of Dr. Budavari's report (which Google also seeks to strike) appears at page 104 of the AFIC chart. The remainder of the paragraphs (¶¶ 125-129) and figures (Figs. 62-71) Google seeks to strike are details and specific evidence that elaborate on the theory originally disclosed in Brazos's AFIC.

This case is not like *Tomax AS*, which involved the impermissible inclusion of previously undisclosed doctrine of equivalents theories, or theories that were "diametrically opposite from the infringement contentions." *See, e.g., Tomax AS*, 2023 U.S. Dist. LEXIS 78007 at *10. Here, as discussed above, Dr. Budavari's opinions remain squarely within the theories disclosed in the AFIC. Rather, this case is more akin to *Mobile Telcoms. Techs.*, 2016 U.S. Dist. LEXIS 65132, where the court properly allowed an expert to rely on material obtained through discovery to

---

[15] Ex. B (Budavari Report) at ¶ 57.
[16] *Compare* Ex. A (AFIC), Chart at page 34 with Ex. B (Budavari Report) at Fig. 23; Ex. A, Chart at page 35 with Ex. B at Fig. 24; Ex. A, Chart at page 36 with Ex. B at Fig. 28; Ex. A, Chart at page 37 with Ex. B at Fig. 29; Ex. A, Chart at page 38 with Ex. B at Fig. 30.
[17] Ex. A (AFIC), Chart at page 101.
[18] Ex. B (Budavari Report) at ¶ 124.

expand on and explain previously disclosed infringement theories. Google's Motion seeking to strike ¶¶ 57-69, ¶¶ 124-129, and figures 19-30 and 61-71 of Dr. Budavari's report should be denied.

### B. DR. BUDAVARI'S INADVERTENT TYPOGRAPHICAL ERROR IN PARAGRAPH 74 DOES NOT COMPEL STRIKING THE ENTIRETY OF HIS EXPERT REPORT

Google makes much ado about a mere typographical report in ¶ 74 of Dr. Budavari's report. Google states that Dr. Budavari misquoted the language of the claim limitation thusly: rather than recite the correct claim language of "incrementing of a count for a stationary state associated with *the* set of one or more distinct signal sources at the current time," Dr. Budavari misquoted it as "incrementing of a count for a stationary state associated with *a* set of one or more distinct signal sources at the current time." In other words, Dr. Budavari used "a" when he had meant to use "the." But this simple typographical error does not affect his analysis. Indeed, though the error appears in ¶ 74, Dr. Budavari does not repeat the error in subsequent paragraphs where he correctly quotes the claim language.[19] Further, there is no indication that the typographical error impacted his analysis at all.[20] Google points only to an observation by Dr. Budavari in ¶ 74 wherein he states that "I note that this claim element does not require that the 'count for a stationary state' be limited to any particular individual user or mobile device." But Google cites no evidence to indicate that Dr. Budavari's observation arose because of a purported misunderstanding about the claim language, or that Dr. Budavari's observation was in any way affected by inadvertently switching "a" for "the."

Google's argument that this simple mistake somehow warrants a wholesale striking of Dr. Budavari's opinions is not supported by precedent and, given the nature of the error, would be

---

[19] *See*, *e.g.*, Ex. B (Budavari Report) at ¶ 75, 90, 93, 100, 107.
[20] If the Court is so inclined, Brazos is content to submit a Corrected Budavari Report that simply corrects the misquoted claim language in the affected paragraph while leaving the rest of the report and opinions intact.

7

wildly disproportionate. Google's request to strike ¶¶ 74-122 and corresponding figures 31-60 should be denied.

    **C.    DR. BUDAVARI'S OPINIONS ARE SUPPORTED BY CITATIONS TO THE EVIDENCE**

Google makes numerous complaints about supposed "*ipse dixit*" opinions by Dr. Budavari. The Court should disregard these complaints for the reasons below.

    **1.    Dr. Budavari's Opinions Concerning "Determining Whether The Mobile Device Is Moving Outside a Specified Area" Should Not Be Stricken**

Google complains that ¶ 56 of Dr. Budavari's report fails to say "anything further and does not explain how the figures that follow or any other documentation demonstrates his assertion" that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[21] And based on that complaint, Google asks the Court to strike ¶ 56 and corresponding figures. But what Google fails to mention is that the corresponding figures contain significant amounts of text that, using Google's own words, explain how and why the figures were chosen. For example, Fig. 13 of Dr. Budavari's report, which is an excerpted portion of a Google Maps support page, admits that "Maps estimates where you are from sources like: GPS… Wi-Fi… Cell tower…"[22] Similarly, Figs. 14-16 depict ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[23] Fig. 18 lists Google's "location-based services," which allow "a more accurate location for your phone," information about nearby earthquakes, "time zone updates

---

[21] Motion at 8-9.
[22] Ex. B (Budavari Report) at page 22.
[23] Ex. B (Budavari Report) at pages 23-24.

based on location," and real-time location sharing via Google Maps.[24] Similarly, ¶¶ 66-67 of Dr. Budavari's report and the corresponding figures are directed to .[25]

Accordingly, the Court should disregard Google's argument and disregard its request to strike ¶¶ 56, 66, 67, and their corresponding figures.

### 2. Dr. Budavari's Opinions Concerning "Incrementing of a Count for a Stationary State" Should Not Be Stricken

As recounted in Brazos's concurrently filed Opposition to Google's Motion for Summary Judgment of Non-Infringement (*see* pages 4-7), Dr. Budavari provides his opinion and citations to evidence concerning the claim limitation "incrementing of a count for a stationary state." *See* Ex. B (Budavari Report) at ¶¶ 70-108. Because his opinions are supported by ▇▇▇▇, Dr. Budavari's opinions with respect to this claim limitation should not be stricken.

### 3. Dr. Budavari's Opinions Concerning "Determining A Primary Set of Stationary States" Should Not Be Stricken

Similar to the "incrementing of a count" limitation addressed above, as recounted in Brazos's Opposition to Google's Motion for Summary Judgment of Non-Infringement (*see* pages 7-9), Dr. Budavari provides his opinion and citations to evidence concerning the "determining a primary set of stationary states" claim limitation. *See* Ex. B (Budavari Report) at ¶¶ 109-122. Because his opinions are supported by ▇▇▇▇, Dr. Budavari's opinions with respect to this claim limitation should not be stricken.

---

[24] Ex. B (Budavari Report) at page 25.
[25] Ex. B (Budavari Report) at pages 31-32.

### 4. Dr. Budavari's Opinions Concerning "Memory with Computer Instructions" Should Not Be Stricken

For the same reasons expressed in Brazos's concurrently filed Opposition to Google's Motion for Summary Judgment of Non-Infringement (*see* pages 10-12), Dr. Budavari's opinions relating to the limitation "memory with computer instructions" should not be stricken.

### 5. Dr. Budavari's Opinions Concerning "Delivery of a Service" Should Not Be Stricken

Google's complaints regarding the purported deficiencies of Dr. Budavari's analysis of the "delivery of a service" limitation are incorrect. ¶¶ 123-129 of Dr. Budavari's report, as well as the corresponding figures (Figs. 61-71) comprise Dr. Budavari's opinions concerning what he understands satisfies the claim limitation. For example, he specifically mentions what "at least begin delivery of a service" entails: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[26] Fig. 61, an excerpt from a public Google support page for Location History, states that enabling Location History may yield "a number of benefits across Google products and services, including personalized maps, recommendations based on places you've visited, help finding your phone, real-time traffic updates about your commute, and more useful ads."[27] Additionally, Dr. Budavari details actual testing of Google Maps undertaken as part of his infringement investigation at ¶¶ 127-129 (and corresponding Figs. 66-71) of his report. Accordingly, Google's characterization of his opinions as merely *ipse dixit* is incorrect. The Court should deny Google's Motion on this ground, as well.

---

[26] Ex. B (Budavari Report) at ¶ 124.
[27] Ex. B (Budavari Report) at page 67.

### D. DR. BUDAVARI PROPERLY OPINES ON TECHNICAL COMPARABILITY

Google also complains about certain opinions sponsored by Dr. Budavári going to the degree of comparability of certain other technologies and patents. *See* Motion at 11-14 ("Dr. Budavári's only analysis of these non-accused products is that each of the nonaccused products 'is comparable to aspects of the claimed invention[]' …. More troubling still, Dr. Budavári reaches conflicting conclusions regarding technical comparability of licensed patents, applying, there, a far more stringent requirement than he has for technical comparability of nonaccused products.").

Google objects that Dr. Budavári "does not explain what standard he applies to reach [his] conclusions" concerning technical comparability (Motion at 12), but that is not correct. Omitted behind Google's repeated deployment of ellipses in its brief is Dr. Budavári's review of specific technical aspects of each of the subject Google products against which Dr. Budavári then compares specific aspects of the invention claimed in the '961 patent. *See, e.g.*, Ex. B (Budavari Report) at ¶ 210:



*See also id.* at ¶¶ 211-213.

Here Dr. Budavári simply performs routine analysis that the Federal Circuit has held is required in situations involving allegedly comparable products and/or licenses. Specifically, a

11

patentee who relies on a prior license (or product) to establish a reasonable royalty must introduce evidence showing that the reference point is "sufficiently comparable to the hypothetical license at issue." *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012) (internal quotation marks omitted). Notably, a party seeking to rely on such external touchpoints "must account for differences in the [subject] technologies." *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1211-12 (Fed. Cir. 2010) (citations omitted). But that standard is not overly forbidding; evidence showing that license is "drawn to related technology" is sufficient to show technological comparability. *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1330 (Fed. Cir. 2014). And where any such alleged flaws in an expert's opinion exist, "[t]he degree of comparability … as well as any failure on the part of [an] expert to control for certain variables are factual issues best addressed by cross examination and not by exclusion." *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1333 (Fed. Cir. 2012)).

Here Google's objections to Dr. Budavári's technological comparability opinions—both affirmative and negative—go to "the conclusions reached by [Dr. Budavári] and the factual assumptions and considerations underlying those conclusions, not his methodology." *Id.* Courts routinely find that such alleged flaws in the methodology of an expert supplying technical foundation for a damages analysis are most appropriately addressed via cross-examination, not exclusion. *See, e.g.*, *Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-662-JRG-RSP, Dkt. 437 at 2 (E.D. Tex. Apr. 11, 2019) ("while Defendants challenge the reliability of Chrissan's opinions, the Court concludes that cross-examination is the appropriate mechanism to raise these challenges and that Defendant's [*sic*] have not shown that Chrissan's opinions are so unreliable that they should be excluded"). The same result should follow here.

### IV.  CONCLUSION

For all of the foregoing reasons, the Court should deny Google's Motion in its entirety.

| | |
|---|---|
| Dated: July 26, 2023 | Respectfully submitted,<br><br>*/s/ Joseph M. Abraham*<br>Joseph M. Abraham, TX SB No. 24088879<br>Timothy Dewberry, TX Bar No. 24090074<br>**FOLIO LAW GROUP PLLC**<br>13492 Research Blvd., Suite 120, No. 177<br>Austin, TX 78750<br>Tel: 737-234-0201<br>Email: joseph.abraham@foliolaw.com<br>         timothy.dewberry@foliolaw.com<br><br>Cliff Win, CA Bar No. 270517<br>Alexandra Fellowes, CA Bar. No. 261929<br>C. Maclain Wells, CA Bar No. 221609<br>Alden K. Lee, *(pro hac vice)*<br>**FOLIO LAW GROUP PLLC**<br>1200 Westlake Ave. N., Ste. 809<br>Seattle, WA 98109<br>Tel: (206) 880-1802<br>Email: cliff.win@foliolaw.com<br>         alexandra.fellowes@foliolaw.com<br>         maclain@foliolaw.com<br>         alden.lee@foliolaw.com<br><br>Gregory P. Love<br>State Bar No. 24013060<br>Mark D. Siegmund<br>State Bar No. 24117055<br>Melissa S. Ruiz<br>State Bar No. 24128097<br>**Cherry Johnson Siegmund James**<br>400 Austin Ave., Ste. 9th Floor<br>Waco, TX 76701<br>Tel: 254-732-2242<br>Email: glove@cjsjlaw.com<br>         msiegmund@cjsjlaw.com<br>         mruiz@cjsjlaw.com<br><br>*Attorneys for Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing & Development* |

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 26th day of July, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served a copy via email to all counsel of record.

*/s/ Joseph M. Abraham*
Joseph M. Abraham
