IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a<br>BRAZOS LICENSING & DEVELOPMENT,<br><br>*Plaintiff*,<br><br>v.<br><br>GOOGLE LLC,<br><br>*Defendant*. | Case No. 6:20-cv-00572-ADA<br>Case No. 6:20-cv-00580-ADA<br>Case No. 6:20-cv-00584-ADA<br>Case No. 6:20-cv-00585-ADA<br><br>JURY TRIAL DEMANDED |

### DEFENDANT GOOGLE'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*

1. **Plaintiff MIL No. 1: To preclude Google from presenting the deposition testimony of its own corporate employees during its case in chief**

   The Federal Rules of Civil Procedure permit the use of a witness's deposition based on that witness's availability. As this Court recognizes, Rule 32(a)(4)(B) explicitly provides that a "party may use for any purpose the deposition of a witness, whether or not a party," if "the witness is more than 100 miles from the place of hearing or trial." Fed. R. Civ. P. 32(a)(4)(B); *see Spectrum Ass'n Mgmt. of Texas, LLC v. Lifetime HOA Mgmt., LLC*, No. 5:18-CV-00940-ADA, 2020 WL 3490384, at *5 (W.D. Tex. 2020) (noting the 100-mile rule is measured from the courthouse where the trial takes place). Every deposition designated by Google to which plaintiff objects falls squarely within those requirements.

   Plaintiff broadly raises misguided hearsay objections under Federal Rule of Evidence 804. Under Rule 804(b), however, depositions are not excluded if the declarant is unavailable and the testimony was given at a lawful deposition where the party against whom the deposition is being offered had the opportunity and similar motive to develop it. Plaintiff does not contest that every witness in Google's deposition designations resides more than 100 miles from the Waco

1

courthouse. And there can be no suggestion of prejudice due to lack of representation at the depositions since every deposition that plaintiff contests in its motion was noticed, and taken, by plaintiff's counsel. Regardless, plaintiff's reliance on hearsay is misplaced because "Rule 32(a) creates an exception to the hearsay rules." *Garcia-Martinez v. City & Cnty. of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004). Plaintiff's three remaining general arguments challenging the depositions are equally unavailing under the Federal Rules of Civil Procedure or any other authority.

First, plaintiff contends that there are special requirements for introducing the deposition testimony of witnesses who are current employees. But the plain text of the Rule 32 refutes that argument as it refers to the use of a deposition "for any purpose . . . ***whether or not a party***," if certain requirements are met. There are no unique requirements that apply to the depositions of witnesses who are employees of a party as opposed to third parties or any other witnesses. And here, as long as the witness is more than 100 miles away from the Waco courthouse, the deposition testimony is plainly admissible.[1]

Second, plaintiff argues that Google could obtain their live attendance if it "conditioned . . . the[] witnesses' continued employment" based on such attendance. (WSOU Mtn. at 2). Plaintiff's draconian "be at trial or be fired" approach has no support in the Federal Rules or any other legal authority.

Third, plaintiff argues that the deposition testimony should be excluded because plaintiff will accept any remote appearances by such witnesses. Plaintiff, however, cannot dictate the manner in which Google presents evidence under the Federal Rules. It is plain that the Federal

---

[1] Plaintiff does not argue or suggest that "the witness[es]' absence was procured by" Google. Fed. R. Civ. P. 32(a)(4)(B).

Rules do not condition the admissibility of deposition testimony based on whether a witness may appear remotely, because "Rule 32(a)(4) does not contain such a requirement." *Murphy v. Schaible, Russo & Co., C.P.A's, LLP*, 2022 WL 309697, at *7 (D. Colo. 2022) (explaining that, while "remote means of communication have been regularly used over the past two years," Rule 32(a)(4) did not "impos[e] any additional obligation" to evaluate the witness' willingness to travel or testify remotely). Rule 32(a)(4) defines witnesses who are more than 100 miles from the place of trial as "unavailable," and there is no indication "that courts can avoid the consequences of a witness's unavailability by ordering remote testimony." *In re Kirkland*, 2023 WL 4777937, at *8 (9th Cir. 2023). Put simply, "neither the text of the rules nor the advisory committee's notes establish that the 100-mile limitation is inapplicable to remote testimony." *Id.*

The deposition designations of Google employee-witnesses who reside more than 100-miles from Waco are proper under Rule 32(a)(4), and this Court should deny plaintiff's motion.

2. **Plaintiff MIL No. 2: To preclude evidence, testimony, or argument regarding the presence or absence at trial of any of the inventors of the asserted patents or Brazos's corporate witness**

Plaintiff's motion effectively requests a blanket prohibition on Google's ability to point the jury to the potential factual deficiencies between the evidence presented at trial and plaintiff's characterizations of what that evidence establishes as a matter of fact. Plaintiff seeks to muffle Google's trial prerogative to argue failures of factual proof about what the evidence, including the testimony presented, did not show.

Addressing such arguments, courts explain that there is no "blanket prohibition on testimony or attorney comment regarding either party's failure to call particular witnesses. To the contrary, while the law does not require that a party introduce all of the evidence that is available to him, counsel may comment to the jury on the failure to call a witness[.]" *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 3536797, at *1 (N.D. Cal. 2012) (cleaned up). And "both parties are equally

3

free to point out the alleged deficiencies in the opposing party's case, to the extent permitted by law." *Id.* Indeed, as this Court has previously explained, parties are "free . . . to point . . . out to the jury" if there is an inventor in the U.S. who "doesn't show up" for trial. *Freshub, Inc. et al v. Amazon.Com Inc. et al*, Case No. 6:21-cv-00511-ADA, Dkt. No. 216 at 44-45 (W.D. Tex. 2021).

Regardless, Plaintiff's motion is premature and overboard at this stage of the proceedings. For example, here, if plaintiff presents a "eureka" invention story without reference to testimony from one or more of the named inventors, the fact that the jury never heard such testimony is relevant. This is particularly salient given plaintiff's identification of an inventor among its list of potential witnesses; and there are issues as to what material (if any) an inventor contributed to prior-art references. (Ex. 1). Similarly, if plaintiff touts licensing demands for the asserted patents at the time of the hypothetical negotiation, the fact that the jury never heard from anyone directly involved in such licensing efforts is relevant to the jury's evaluation of the evidence. Google must be permitted to present evidence and argument not only about what the evidence showed, but also about what it did not. Accordingly, plaintiff's motion should be denied given its breadth. Instead, any objections should be addressed at the time of trial within the proper context of the specific line of questioning that plaintiff contends is objectionable.

3. **Plaintiff MIL No. 3: To preclude evidence, testimony, or argument suggesting a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with the knowledge of others**

Google does not intend to argue to the jury that plaintiff's corporate representative at trial was obligated to prepare for any particular topic or is personally charged with the knowledge of others. That is, Google will not argue that a party's corporate representative at trial has a duty to prepare to testify at trial within the scope of what a Rule 30(b)(6) designee must do so to prepare to testify on topics to which they have been designated. But the scope of a witness' knowledge (or lack thereof) on topics in dispute at trial is an appropriate subject for cross-examination,

including questions probing the extent of a witness' knowledge on licensing efforts, commercialization, or patent assignments. For that reason, and because it is not otherwise clear what plaintiff is actually seeking, Google opposes plaintiff's motion.

Date: August 16, 2023  Respectfully submitted,

  /s/ Michael E. Jones
Michael E. Jones (State Bar No. 10929400)
mikejones@potterminton.com
Shaun W. Hassett  (State Bar No. 24074372)
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 North College, Suite 900
Tyler, Texas, 75702
(903) 597-8311
(903) 593-0846 facsimile

T. Gregory Lanier
(California Bar No. 138784) (*pro hac vice*)
tglanier@jonesday.com
Walter Mostowy
(California Bar No. 341454) (*pro hac vice*)
wmostowy@jonesday.com
**JONES DAY**
1755 Embarcadero Road
Palo Alto, California, 94303
(650) 739-3939
(650) 739-3900 facsimile

Sasha Mayergoyz
(Illinois Bar No. 6271800) (*pro hac vice*)
smayergoyz@jonesday.com
**JONES DAY**
110 N. Wacker Drive, Suite 4800
Chicago, Illinois 60606
 (312) 782-3939
 (312) 782-8585 facsimile

Tracy A. Stitt
(D.C. Bar No. 1015680) (*pro hac vice*)
tastitt@jonesday.com
Edwin O. Garcia
(Texas Bar No. 24097726) (*pro hac vice*)
edwingarcia@jonesday.com
Daniele San Román
(D.C. Bar No. 1673021) (*pro hac vice*)
dsanroman@jonesday.com
**JONES DAY**
51 Louisiana Avenue NW

6

Washington, DC 20001
(202) 879-3939
(202) 626-1700 facsimile

Rita J. Yoon
(Illinois Bar No. 6298019) (*pro hac vice*)
ryoon@jonesday.com
Michael A. Lavine
(California Bar No. 321727) (*pro hac vice*)
mlavine@jonesday.com
**JONES DAY**
555 California Street 26th Floor
San Francisco, California 94104
(415) 626-3939
(415) 875-5700 facsimile

Matthew S. Warren
(California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
Francesca Miki Shima Germinario
(California Bar No. 326208)
Virginia G. Kain (California Bar No. 344545)
Sachli Balazadeh-Nayeri
(California Bar No. 341885)
**WARREN LEX LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
(415) 895-2940
(415) 895-2964 facsimile
20-580@cases.warrenlex.com
20-585@cases.warrenlex.com

*Attorneys for Defendant Google LLC*