IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a<br>BRAZOS LICENSING AND<br>DEVELOPMENT, | §<br>§<br>§<br>§ | |
| Plaintiff, | § | Case No. 6:20-cv-585-ADA |
| v. | §<br>§ | JURY TRIAL DEMANDED |
| GOOGLE LLC, | §<br>§ | |
| Defendant. | §<br>§ | |

**GOOGLE'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,737,961**

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        I.      WSOU's "Something More" Contradicts the '961 Patent Specification . . . . . . . . . 2

        II.     WSOU's "Something More" Contradicts Its Claim Construction Arguments . . . . 3

        III.    WSOU's "Something More" Contradicts Its Infringement Expert . . . . . . . . . . . . . 4

        IV.    WSOU Concedes the Specification Does Not Describe the
                Full Scope of the Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        V.     No Fact Dispute Remains, And the Court Should Grant Summary Judgment . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

– ii –

## **TABLE OF AUTHORITIES**

*Cases*                         **Pages**

*Ariad Pharms., Inc. v. Eli Lilly & Co.,*
  93 F.3d 766 (Fed. Cir. 1996) ................................................................. 6

*Auto. Techs. Int'l, Inc. v. BMW of N. Am., Inc.,*
  501 F.3d 1274 (Fed. Cir. 2007) ............................................................. 3

*Gentry Gallery v. Berkline Corp.,*
  134 F.3d 1473 (Fed. Cir. 1998) ............................................................. 6

*Juno Therapeutics, Inc. v. Kite Pharma, Inc.,*
  10 F.4th 1330 (Fed. Cir. 2021) .............................................................. 6

*MagSil Corp. v. Hitachi Glob. Storage Techs., Inc.,*
  687 F.3d 1377 (Fed. Cir. 2012) ............................................................. 1

*Novozymes A/S v. DuPont Nutrition Biosciences APS,*
  723 F.3d 1336 (Fed. Cir. 2013) ......................................................... 1, 6

**TABLE OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---|---|
| **10** | Excerpts from the Deposition Transcript of Dr. Todor Cooklev (May 12, 2023) |
| SEALED **11** | Excerpts from the Deposition Transcript of Dr. Tamás Budavári (May 25, 2023) |
| SEALED **12** | Excerpts from the Expert Report of Dr. Tamás Budavári Regarding Infringement of U.S. Patent No. 8,737,961 by Google LLC (March 29, 2023) |

## INTRODUCTION

In response to Google's motion, WSOU embraces Dr. Cooklev's narrow reading of the "primary set," arguing that one must not only determine which stationary states are most frequent, but *also* receive some "confirmation" that one of those states is indeed primary "by way of some active or passive input." Opp. at 2, 3. But WSOU's adoption of "something more" cannot cure the specification. First, the specification confirms that the "something more" WSOU identifies—the "confirmatory criteria" or "additional requirement"—comes *after* a primary stationary state has *already* been determined. Second, WSOU argued the opposite to this Court—that association with a frequently incremented count is all that is necessary—during claim construction. WSOU's own uncertainty provides further proof that the '961 patent fails to describe an invention "understandable to [a] skilled artisan." *Novozymes A/S v. DuPont Nutrition Biosciences APS*, 723 F.3d 1336, 1344 (Fed. Cir. 2013) (alteration in original); *see MagSil Corp. v. Hitachi Glob. Storage Techs., Inc.,* 687 F.3d 1377, 1380 (Fed. Cir. 2012).

Finally, WSOU's Opposition to this motion fails to present any argument at all concerning Dr. Budavári's other examples of "the primary set"—████████████████ ████████████████—both of which, as Google explained in its motion, Dr. Cooklev rejected. But WSOU's simultaneous papers arguing infringement rely on precisely these theories. Docket No. 191 at 9. Even if a "primary set" based on "something more" were described in the '961 specification, it would still fail to describe or enable the entire scope of the invention WSOU claims.

## ARGUMENT

**I.    WSOU's "Something More" Contradicts the '961 Patent Specification**

WSOU argues that the patent's description of the "primary set" is "unambiguous," and can be found in "columns 8-9." Opp. at 1, 6. According to WSOU, columns 8-9 "describ[e] how a primary stationary state is determined by incorporating additional confirmatory information for a stationary state that the system believes to be important." *Id.* at 6. But the "confirmatory information" WSOU cites cannot contribute to the determination of the "primary set," because the specification explains that the determination occurs **before** any user prompting:

> [I]n some embodiments, **when a primary stationary state is identified**, as described in more detail below, **the user is prompted** to label the user's current location with a word or phrase that can be used to tag the associated stationary state.

'961 at 8:5-9 (emphasis added).[1] The specification thus describes that a user may be prompted to label a location **after** a primary stationary state has already been identified. *Id.* It provides no support for WSOU's claim that a user prompt can help identify a primary stationary state. And, because the specification fails to describe them, Dr. Cooklev admitted that ███████████ ███████████████████████████████████████████████████████████. *See* Ex. 10 ("Cooklev Tr.") at 148:25 to 149:13; 150:5-19.[2]

---

[1] WSOU also refers to GPS polling as an example of the "confirmation" it says is required by the claim. Opp. at 2. But Dr. Cooklev admitted that ███████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████. The specification does not say whether or how GPS polling could be used to determine the "primary set"; indeed the specification acknowledges that GPS information is available for nearly every place a user visits. '961 at 1:10-14.

[2] All exhibits are to the concurrently filed declaration of Sachli Balazadeh-Nayeri.

## II. WSOU's "Something More" Contradicts Its Claim Construction Arguments

WSOU argues that, during claim construction, it did not actually say count frequency is all that is necessary, but that it "merely stated that it included the count frequency." Opp at 3 n. 2. But WSOU expressly argued that association with a 'frequency incremented count' is precisely "what is necessary":

> Google argues that the claim language 'determining a primary set of stationary states, each stationary state in the primary set associated with a frequently incremented count…; is 'necessary but not sufficient, for membership in the 'primary set of stationary states.'" Dkt. 34, 15. But Google provides no evidence of its contention. Instead, **the claim language expressly <u>provides what is necessary</u>**.

Docket No. 41 at 7 (emphasis added). The claim language lacks any "confirmation" or other criteria. And nowhere during claim construction did WSOU suggest any "confirmation," let alone the "active or passive input" it now relies on. Although it now says columns 8-9 are where the "unambiguous" description of the "primary set" can be found, **WSOU did not cite columns 8-9 at all during claim construction concerning this term**.[3] *See generally* Docket Nos. 38, 41. Having won its claim construction by arguing nothing further is required, WSOU cannot salvage the claims by changing course now.[4] *Auto. Techs. Int'l, Inc. v. BMW of N. Am., Inc.*, 501 F.3d 1274, 1285 (Fed. Cir. 2007) (finding claims lacked enablement in view of plaintiff's claim construction position, and "[c]laims must be enabled to correspond to their scope"). WSOU's

---

[3] WSOU identifies eight paragraphs of Dr. Cooklev's report in support of its assertion that a member of the "primary set" must "meet certain criteria." Opp. at 6. But as Dr. Cooklev repeatedly confirmed during his deposition, the "something more" WSOU cites are ▮ ▮ Cooklev Tr. at 78:5-10; 83:21 to 84:4; 95:6-11. Dr. Cooklev does not say, because the patent fails to inform him, how a POSITA decides whether a stationary state is primary or not based on ▮ ▮.

[4] Consistent with its arguments during claim construction, none of WSOU's infringement contentions in this action identified any "confirmation" that a stationary state is a member of the primary set. *See* Docket No. 182 Ex. 2.

vacillation on the meaning of the "primary set" only confirms Google is correct that the '961 patent lacks sufficient description or enablement.[5]

### III.  WSOU's "Something More" Contradicts Its Infringement Expert

WSOU ignores the clear admissions of its experts Google identified, and instead insists its experts reached "the same conclusions" that the "primary set" requires "confirming that each stationary state associated with a frequently incremented count is a stationary state of some importance by way of some active or passive input."  Opp. at 3.  This is false.  Dr. Budavári repeatedly explained his opinion that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—with no mention of "something more."  Ex. 11 ("Budavári Tr.") at 159:13-15; *see* Ex. 12 ("Budavári Rep.") ¶¶ 114-115, 120-122; Budavári Tr. at 157:19 to 160:24; 160:8-11 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  In the face of these repeated statements, WSOU can cite only a single ambiguous utterance—"▓▓▓▓▓▓▓▓"—but omits all of the surrounding questioning, during which Dr. Budavári again confirmed that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  Opp. at 5; Budavári Tr. at 160:2-11.

WSOU attempts to scrape two "something mores" out of Dr. Budavári's report.  First, WSOU says Dr. Budavári notes that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  Opp. at 4 (citing Budavári Rep. ¶ 127).

---

[5] During claim construction Google argued this term is indefinite.  Docket No. 39 at 14.  The Court having relied upon WSOU's previous representations concerning what is necessary to meet the claim in finding the term not indefinite, Google respectfully requests the Court reconsider its ruling in light of WSOU's new position that the claim language does not provide "all that is necessary."

– 4 –

But WSOU omits that this passage appears only in Dr. Budavári's opinions regarding the "delivery of a service" claim limitation, not the "primary set." Budavári Rep. ¶¶ 123, 127. Nowhere in his report or testimony does Dr. Budavári even hint that user prompting is relevant to the "primary set." *See* generally Budavári Tr.; Budavári Rep. ¶¶ 109-122.  Second, WSOU points to a passage of Dr. Budavári's report describing ▮▮▮▮▮▮▮▮ Opp. at 4 (citing Budavári Rep. ¶¶ 112-113).  But Dr. Budavári offers only that ▮▮▮▮ Budavári Rep. ¶ 113.  He nowhere states or even implies ▮▮▮ provide "confirmation" as to whether a particular stationary state is primary or not.  *See generally* Budavári Rep.  WSOU does not and cannot provide a single instance of Dr. Budavári citing any "confirmation" or "input" to confirm whether a place is a member of the "primary set" or not.

WSOU also argues that frequently visited places are enough to demonstrate infringement: in its concurrently filed Opposition to Google's Motion for Summary Judgment of Non-Infringement, its position is that "Dr. Budavári's testimony further confirms that ▮▮▮▮ can constitute a primary set of stationary states." Docket No. 191 at 9.  Nowhere in its concurrently filed brief does WSOU mention a "confirmation" requirement.

### IV.   WSOU Concedes the Specification Does Not Describe the Full Scope of the Claim

Google's Motion identified three examples which, according Dr. Budavári—but not Dr. Cooklev—meet the "primary set":  a user's location history, that is, all of the places the user visits; the total number of places visited by the user; and places that the user visits frequently.  Mot. at 3.  WSOU's Opposition does not respond to Google's arguments regarding the first or

second examples at all. WSOU thus concedes Google's arguments that the written description fails to describe or enable the full scope of the claims, rendering them invalid under § 112. *See Gentry Gallery v. Berkline Corp.*, 134 F.3d 1473, 1478-80 (Fed. Cir. 1998) ("claims may be no broader than the supporting disclosure").

## V. No Fact Dispute Remains, And the Court Should Grant Summary Judgment

WSOU mistakes a disagreement between its **own** experts for a "battle of the experts," arguing that a genuine question of fact remains. Opp. at 6. This is incorrect. WSOU cannot avoid the requirements of § 112 by offering competing expert opinions; the '961 patent must actually "describe an invention understandable to [a] skilled artisan." *Novozymes*, 723 F.3d at 1344 (alteration in original). At minimum, WSOU concedes the specification fails to describe "the entire scope of the claimed invention" to include the many "primary sets" WSOU alleges infringe. *See Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, 10 F.4th 1330, 1337 (Fed. Cir. 2021), *cert. denied*, 143 S. Ct. 402 (2022) (citing *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 93 F.3d 766, 1353–54 (Fed. Cir. 1996)).

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Motion for Summary Judgment under 35 U.S.C. § 112.

Date: August 11, 2023

Respectfully submitted,
/s/ *Erika Warren, with permission by Shaun W. Hassett*
Michael E. Jones (State Bar No. 10929400)
mikejones@potterminton.com
Shaun W. Hassett (State Bar No. 24074372)
shaunhassett@potterminton.com
POTTER MINTON, P.C.
102 North College, Suite 900
Tyler, Texas, 75702
+1 (903) 597-8311

+1 (903) 593-0846 facsimile

Tharan Gregory Lanier
(California Bar No. 138784) (*pro hac vice*)
tglanier@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
Francesca Miki Shima Germinario
(California Bar No. 326208)
Virginia G. Kain (California Bar No. 344545)
Sachli Balazadeh-Nayeri
(California Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-585@cases.warrenlex.com

Tracy A. Stitt
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
+1 (202) 879-3641
tastitt@jonesday.com

*Attorneys for Defendant Google LLC*

– 8 –

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on August 11, 2023.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on August 11, 2023.

*/s/ Shaun W. Hassett*
Shaun W. Hassett