# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a<br>BRAZOS LICENSING & DEVELOPMENT<br><br>*Plaintiff*,<br><br>v.<br><br>GOOGLE LLC,<br><br>*Defendant*. | Case No. 6:20-cv-00585-ADA<br><br>JURY TRIAL DEMANDED |

## DEFENDANT GOOGLE LLC'S MOTIONS *IN LIMINE*

███████████████████████████

Google respectfully seeks an order precluding Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing & Development, its counsel, and witnesses from mentioning, referring to, or offering any evidence, testimony, or argument relating to any of the following matters within the hearing of any member of the jury during voir dire or at any time during trial.

1. **Google's MIL No. 1: Plaintiff And Its Experts Should Be Precluded From Testifying About Or Referring To** ███████████████
███████████████████

The Court should preclude any evidence or argument related to ████████ ████████████████████████████████████████████ ████████████ On this issue, Rule 37 is crystal clear: "[i]f a party fails to provide information . . . as required by Rule 26[e], the party is not allowed to use that information . . . to supply evidence . . . at a trial." FED. R. CIV. P. 37(c).

Throughout fact discovery, Plaintiff asserted that ████████████ ████████████████████████████ thereby denying Google any such documents.[1] (Ex. 1, Plaintiff's discovery letter; Ex. 2, Plaintiff's objections to Google's document requests at 4-6). Plaintiff likewise refused to designate any witness to testify on this subject matter, repeatedly asserting that such testimony comprises ████████████████ ████████ (Ex. 3, Plaintiff's Rule 30(b)(6) objections at 29-36). ████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████

Despite purposefully blocking Google at every turn of fact discovery, Plaintiff's damages expert opines at length about ████████████████████████████

---

[1] Emphasis is added throughout unless otherwise noted.

████████████████████████████

████████ (*See, e.g.,* Ex. 5, Blok Rpt. ¶¶ 77-100). Having denied Google discovery of ████████████████████████████████ (Ex. 1-4), Plaintiff should not be allowed to introduce any such testimony or argument at trial. A straightforward application of Rule 37 and Standing MIL No. 1 (regarding "discovery disputes") precludes Plaintiff from unfairly introducing such evidence or argument at trial. *See, e.g., Brown v. AT&T*, 236 F. Supp. 3d 1000, 1005 (S.D. Tex. 2017) ("[U]nder Rule 37(c)(1), [plaintiff] is prohibited from using [the emails not produced in discovery] to support his opposition to the motion for summary judgment.").

2. **Google's MIL No. 2: Plaintiff, Its Experts, And ████████ ████████ Should Be Precluded From Testifying About ████████**

Third-party fact witness ████████████████████████████████████████████████████ as inadmissible hearsay under FRE 801, improper lay witness opinion under FRE 701, and highly prejudicial under FRE 403. Plaintiff and its damages experts should likewise be precluded from relying on such improper testimony. Similarly, any testimony or argument about ████████████████ ████████ should be excluded as irrelevant under FRE 401 and confusing and highly prejudicial under FRE 403 because ████████ has nothing to do with the hypothetical negotiation in this case.

Plaintiff's own damages expert Mr. Blok identifies ████████████████████████████████████████ as the parties to the hypothetical negotiation in this case. (Ex. 5, Blok Rpt. at ¶ 51). ████████████████

████████████████████████████

████████████████████████████

████████████████████████████

2

███████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████

Plaintiff provides two arguments about why its damages expert should be allowed to testify about ████████████████████████████████████████████████. Both are demonstrably wrong. First, Plaintiff argues that ████████████████████████████ ████████████████████████████████ (Dkt. 195 at 19). This is wrong. Plaintiff's damages experts identify ████████████████ as the party to the hypothetical negotiation with Google. (Ex. 5, Blok Rpt. ¶ 51). ████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████

Second, Plaintiff argues that ████████████ is a percipient witness under FRE 701 with ████████████████████████████████████████████████████████ ██████ (Dkt. 195 at 19). This also is wrong. ████████████████████████ ████████████████████████████████████████████████████████ ██████████████

By his own admissions, ████████████████████████████████████ ████████████████ based on his own perception under FRE 701. As such, any testimony ████████████████████████████████████ can only be inadmissible hearsay under FRE 801 or improper opinion testimony from a lay witness under FRE 701. Plaintiff cannot "smuggle[] inadmissible opinion testimony past the expert-disclosure and expert-discovery obligations imposed by the discovery and evidentiary rules by offering [████████████] as a lay

3

witness." *In re: Taxotere (Docetaxel) Prod. Liab. Litig.*, 26 F.4th 256, 267 (5th Cir. 2022). Such testimony about ███████████████ would "unfairly influence the jury" by appearing to be facts when they are improper lay witness opinions and should be excluded under FRE 403 and 701. *Id.*

To the extent Plaintiff argues that ███████████████████████████████████ ███████████████, any such testimony, or reliance thereon by Plaintiff or its experts, is a classic example of irrelevant testimony that only serves to confuse the jury. The Federal Circuit repeatedly instructs that parties must "carefully tie proof of damages to the claimed invention's footprint in the market place." *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010). Here, ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████ is wholly irrelevant to "the claimed invention's footprint in the marketplace" and should be excluded under FRE 401 and confusing and highly prejudicial under FRE 403. *Id.*

3. **Google's MIL No. 3: Any Reference To Purported Deficiencies In Google's Document Production Or Insinuation Of Selectively Produced Documents Should Be Precluded**

This Court should preclude Plaintiff from offering any testimony or argument that Google purportedly withheld or selectively produced documents. Any such implication is baseless and amounts to an improper adverse inference against Google that should be excluded under Standing MIL[2] No. 1 ("discovery disputes"), Standing MIL No. 9 (suggestion of "dishonesty"), and FRE 401 and 403. *See Touchstream Technologies v. Google LLC*, 6:21-cv-569-ADA, Dkt. No. 233 at 3 (W.D. Tex 2023) (excluding any reference to alleged deficiencies in or conduct of discovery).

---

[2]   Dkt. 154, Order on Motions *in Limine*.

4

██████████████████████████████████████

For instance, Plaintiff repeatedly argues in response to Google's motions to exclude that

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████ Such assertions concerning any perceived missing information should have been raised during discovery for this Court to decide. Having failed to raise any such disputes, Plaintiff should not be allowed to publish unfounded and highly prejudicial assertions to the jury. Any such allegations are wholly irrelevant to resolution of the issues on the merits and should therefore be excluded under FRE 401.

Likewise, such unfounded assertions of purported documents withheld or selectively produced by Google amount to an improper adverse inference against Google and should be excluded under FRE 403 and Standing MIL No. 9, which precludes any insinuation of "dishonest[y]." Such unsubstantiated accusations would only confuse and bias the jury by leading them to believe that Google has attempted to conceal evidence or otherwise conducted itself in a dishonest manner. Accordingly, Plaintiff should be precluded from introducing any evidence or argument related to any conduct during the discovery process. *See, e.g., Miller v. Ford Motor Co.*, 2004 WL 4054843, at *10 (M.D. Fla. 2004) (excluding reference to defendants' alleged misuse of discovery practices); *Blue Cross & Blue Shield, Inc. v. Philip Morris, Inc.*, 2000 WL 1805359, at *2 (E.D.N.Y. 2000) (excluding reference to alleged discovery abuses).

4.  **Google's MIL No. 4: Plaintiff And Its Experts Should Be Precluded From Making Any Argument Or Reference To Issues Not Addressed In Plaintiff's Expert Reports, Including Products No Longer Accused, Secondary Considerations, Doctrine of Equivalents, And Hypothetical Damages Figures**

Pursuant to Standing MIL No. 23, the Court should preclude any evidence or argument about products that were included in Plaintiff's infringement contentions but not addressed in Plaintiff's expert reports. For example, ████████████████████████████

5

▇▇▇ were previously mentioned in Plaintiff's infringement contentions for the 585 case. But Plaintiff's experts have not rendered any infringement opinions for these products. Accordingly, any evidence or argument about such products should be excluded under Standing MIL No. 23, as irrelevant under FRE 401, and confusing and highly prejudicial under FRE 403. Presentation of evidence or argument about irrelevant products would highly prejudice Google under FRE 403, and no instruction could undo this prejudice. *Maxell, Ltd. v. Apple Inc.*, 2021 WL 3021253, at *8 (E.D. Tex. 2021) (excluding all evidence about "Apple Watch and iPad—for which Maxell seeks no damages" as "improper" and prejudicial).

Likewise, none of Plaintiff's experts proffer any opinions about secondary considerations of non-obviousness or infringement under the doctrine of equivalents. Plaintiff's experts also offer no opinions regarding indirect infringement by inducement or contributory infringement. Under Fed. R. Civ. P. 26 and this Court's scheduling order, Plaintiff's experts were required to provide a complete statement of their opinions and bases thereof in their expert reports. Accordingly, any such opinions, testimony, evidence, or argument by Plaintiff at trial would be untimely and should be excluded. *Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 713 (Fed. Cir. 2005) (affirming "excluding [expert's] testimony under Fed. R. Civ. P. 37(c)(1) insofar as his testimony exceeded the material disclosed in his expert report"); *see Rembrandt Vision Techs. v. Johnson & Johnson Vision Care*, 725 F.3d 1377, 1381 (Fed. Cir. 2013) (emphasizing purpose of disclosure rules and holding expert witness may not testify to subject matter beyond scope of their report).

Similarly, any evidence or argument about damages figures or methodologies not disclosed in Plaintiff's reports should be excluded for these same reasons under Standing MIL No. 23 and FRE 401 and 403. Having failed to offer such opinions, Plaintiff, its witnesses, and experts cannot do so for the first time at trial.

5.  **Google's MIL No. 5: Plaintiff And Its Experts Should Be Precluded From Making Any Reference To Or Arguments About Google's Financials and Revenue Not Used In Plaintiff's Damages Calculations, Such As** ▮

The Court should preclude any evidence or argument about Google's financials and revenue not used in the damages calculations of Plaintiff's experts because such figures would dangerously "skew the damages horizon for the jury" by ▮ and should be excluded under Standing MIL No. 3 (overall financials/wealth), Standing MIL No. 23 (outside expert report), as irrelevant under FRE 401, and highly prejudicial under FRE 403. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011).

For example, despite being outside the scope of their corporate testimony, Plaintiff repeatedly attempted to question Google's witnesses during fact discovery about ▮ ▮ But there is no dispute that Plaintiff's experts do not accuse or rely on ▮ in their technical or damages reports. (Ex. 5, Blok Rpt. at Ex. 4) (▮ ▮). The introduction of any such evidence or argument about ▮ that are not used in Plaintiff's damages calculations are highly prejudicial because such numbers *can "never [be] put back into the bag even by . . . cross-examination . . . and re-direct."* *Uniloc USA, Inc. v. Microsoft Corp.*, 640 F. Supp. 2d 150, 185 (D. R.I. 2009). "The point is, it is impossible to know for sure how this evidence may . . . affect[] the jury's consideration of damages (or for that matter liability)" and "there is real reason for concern." *Id.*; *see also Maxell, Ltd. v. Apple Inc.*, 2021 WL 3021253, at *8 (E.D. Tex. Feb. 26, 2021) (excluding all evidence about "Apple Watch and iPad—for which Maxell seeks no damages" as "improper" and prejudicial). Accordingly, the Court should preclude any such evidence or argument.

7

██████████████████████

Date: August 9, 2023                Respectfully submitted,

/s/ *T. Gregory Lanier, with permission by Shaun W. Hassett*

T. Gregory Lanier (*pro hac vice*)
JONES DAY
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

Michael E. Jones (Texas Bar No. 10929400)
Shaun W. Hassett (Texas Bar No. 24074372)
POTTER MINTON, P.C.
102 North College, Suite 900
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
shaunhassett@potterminton.com

Sasha Mayergoyz
JONES DAY
110 N. Wacker Drive, Suite 4800
Chicago, IL 60601
+1 (312) 782-3939
smayergoyz@jonesday.com

Tracy A. Stitt
Edwin O. Garcia
Daniele San Román
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
+1 (202) 879-3641
tastitt@jonesday.com
edwingarcia@jonesday.com
dsanroman@jonesday.com

Rita J. Yoon
Michael A. Lavine
JONES DAY
555 California Street, 26th Floor San Francisco, California 94104
+1 (415) 626-3939
ryoon@jonesday.com
mlavine@jonesday.com

8

RESTRICTED – ATTORNEYS' EYES ONLY

> Matthew S. Warren
> Jennifer A. Kash
> Erika Warren
> Francesca Miki Shima Germinario
> Virginia Kain
> Sachli Balazadeh-Nayeri
> WARREN LEX LLP
> 2261 Market Street, No. 606
> San Francisco, CA 94114
> +1 (415) 895-2940
> 20-585@cases.warrenlex.com
>
> ***Attorneys for Defendant Google LLC***

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on August 9, 2023.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on August 9, 2023.

*/s/ Shaun W. Hassett*
Shaun W. Hassett
