**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING & DEVELOPMENT,<br><br>   *Plaintiff*,<br><br>  v.<br><br>GOOGLE LLC,<br><br>   *Defendant*. | Case No. 6:20-cv-00585-ADA<br><br>JURY TRIAL DEMANDED |

**GOOGLE'S REPLY IN SUPPORT OF ITS MOTION TO**
**EXCLUDE TESTIMONY OF PLAINTIFF'S DAMAGES EXPERT MR. JUSTIN BLOK**

RESTRICTED – ATTORNEYS' EYES ONLY

**TABLE OF CONTENTS**

I.       INTRODUCTION ................................................................................................ 1

II.      PLAINTIFF DOES NOT DISPUTE THAT NONE OF MR. BLOK'S ███████
         ██████████████████████████████ ........... 2

         A.      Step 1:  Plaintiff Concedes Mr. Blok's Starting Point Of ████████
                 ███████████ ..................................... 2

         B.      Step 2:  Plaintiff Does Not Dispute That It ████████████████
                 ███████████ ........................... 6

         C.      Step 3: Plaintiff Does Not Dispute That Mr. Blok's ███████████
                 █████████████ ............................ 7

         D.      Step 4:  Plaintiff Does Not Dispute That Mr. Blok' ██████████████
                 █████████████████████ ................... 9

III.     PLAINTIFF CANNOT RETRACT ITS REFUSALS ON THE RECORD DENYING
         GOOGLE DISCOVERY OF ███████████████ ..................................... 10

IV.      PLAINTIFF CANNOT RETRACT ███████████████████████████
         ██████████████████████████████ ............. 10

V.       CONCLUSION................................................................................................ 10

███████████████████████████

## TABLE OF EXHIBITS

| Exhibit No. | Dkt. No. | Description |
|---|---|---|
| 1 | Dkt. 175-1 | Excerpted Transcript of Mr. Justin Blok Deposition (Vol. 2) dated May 25, 2023 |
| 2 | Dkt. 175-2 | Expert Report of Justin R. Blok dated March 29, 2023, including Mr. Blok's Exhibits 4-6, 9-10 to his report |
| 3 | Dkt. 175-3 | Google Presentation, GOOG-WSOU585-00222347-406 |
| 4 | Dkt. 175-4 | Excerpted Expert Report of Dr. Tamás Budavári Regarding Infringement of U.S. Patent No. 8,737,961 by Google LLC dated March 29, 2023 |
| 5 | Dkt. 175-5 | Excerpted Transcript of Dr. Tamás Budavári dated May 25, 2023 |
| 6 | Dkt. 175-6 | Plaintiff's Objections and Responses to Google's First Set of Requests for Production |
| 7 | Dkt. 175-7 | Sep. 15, 2021 Correspondence regarding discovery from WSOU to Google |
| 8 | Dkt. 175-8 | Plaintiff's Objections Google's Rule 30(b)(6) Deposition Notice |
| 9 | Dkt. 175-9 | Excerpted Deposition Transcript of Mr. Craig Etchegoyen |
| 10 | Dkt. 175-10 | Excerpted Deposition Transcript of ███████████████ |
| 11 | Dkt. 175-11 | Plaintiff' 3rd Supplemental Rule 26(a) Disclosures |
| 12 | | Excerpted Transcript of Mr. Justin Blok Deposition (Vol. 2) dated May 25, 2023 |

*\* Emphasis and highlighting added and internal citations and quotations omitted throughout unless indicated otherwise.*

*\*\* Deposition objections removed unless indicated otherwise.*

███████████████████████████████████

## I.   INTRODUCTION

Google's opening brief established that Mr. Blok did not perform an apportionment based on the ██████████████████████████████████ Plaintiff's silence and concessions in its response cement this fact:

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

This is consistent with Mr. Blok's repeated admissions during his deposition that ████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

█████████████████████████████ (Ex. 1 at 31:6-22 and 33:8-17). ██████████

██████████████████████████████████████████████████████████████

---

[1] ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████ Thus, the parties are in agreement regarding the framework of Mr. Blok's analysis.



(Ex. 12, Blok Vol. 2, 39:18-40:10).

Rules 702 and 104(a) require that Mr. Blok "carefully tie proof of damages to the claimed invention's footprint in the market place." *ResQNet.com v. Lansa*, 594 F.3d 860, 869 (Fed. Cir. 2010).

this case can "never [be] put back into the bag even by … cross-examination … and re-direct" and warrant exclusion. *Uniloc USA v. Microsoft*, 640 F. Supp. 2d 150, 185 (D. R.I. 2009).

II.   **PLAINTIFF DOES NOT DISPUTE THAT**

   A.   **Step 1: Plaintiff Concedes Mr. Blok's Starting Point Of**

In its response, plaintiff makes numerous concessions that confirm



These concessions and undisputed facts establish that Mr. Blok performed

(Dkt. 195 at 10).  Both reasons are wrong as a matter of law.

For over a century, the Supreme Court has instructed that "the patentee . . . must in every case give evidence tending to *separate or apportion* the defendant's profits and the patentee's damages *between the patented feature and the unpatented features*, and such evidence must be reliable and tangible, and not conjectural or speculative."  *Garretson v. Clark*, 111 U.S. 120, 121 (1884).  The duty to apportion does not end with the identification of "the smallest salable unit— or smallest identifiable technical component."  *Finjan v. Blue Coat*, 879 F.3d 1299, 1311 (Fed. Cir. 2018).  The Federal Circuit repeatedly instructs that where "the smallest salable unit—or smallest identifiable technical component—contains non-infringing features"—as undisputedly with GMM—*"additional apportionment is still required." Id.* at 1311.

"[S]imply identifying the smallest salable unit is not necessarily sufficient to satisfy a patentee's obligation to apportion for multi-component products with significant unpatented features."  *Power Integrations v. Fairchild*, 904 F.3d 965, 970 (Fed. Cir. 2018); *see also VirnetX v Cisco*, 767 F.3d 1308, 1327 (Fed. Cir. 2014) (vacating $368 million verdict because jury instruction "mistakenly suggests that *when the smallest salable unit is used as the royalty base, there is necessarily no further constraint on the selection of the base. That is wrong*.").  This

3

█████████████████████████████████████

long line of precedent is clear that Mr. Blok's duty to apportion ████████████████████

████████████████████████████████████ "[T]the fundamental concern about

***skewing the damages horizon***—of using a base that misleadingly suggests an inappropriate

range—***does not disappear simply because the smallest salable unit is used***." *Id.* at 1327.

Nor can Mr. Blok "simply hide behind [Google's] sales model to avoid the task of

apportionment." *Id.* at 1329.  The Federal Circuit "rejects the excuse that 'practical and economic

necessity compelled [plaintiff] to base its royalty on the price of an entire [product]'" like GMM.

*Id.*  In *IP Innov.*, the court rejected the same attempt "to shift the burden" to defendants by

"complaining that they did not provide sufficient information . . . to value the accused feature

separately."  705 F. Supp. 2d 687, 690 (E.D. Tex. 2010).  "This court, however, must insist under

the law that [plaintiff], not [defendant], has the burden of proving damages by a preponderance of

evidence" and therefore plaintiff "cannot blame the defendants for [plaintiff's] assertion of 100%

of the revenue as royalty base." *Id.*  That is exactly what plaintiff and Mr. Blok attempt to do here.

████████████████████████████████████████████

████████████████ "skews the damages horizon" ████████████████████ should be

excluded for this reason alone.  *VirnetX*, 767 F.3d at 1327.  Moreover, ████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████ "the patented feature creates the basis for customer demand or substantially creates the value

of the component parts." *Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1268 (Fed. Cir.

2013). █████████████████████████████████████████

████████████████████████████ Plaintiff is wrong as a matter of law.

███████████████████████████████████

Mr. Blok admits and plaintiff does ███████████████████████████████████

███████████████████████████████████████████ (Ex. 1 at 23:1-

4, 25:13-24).  Plaintiff also does ████████████████████████████████████

█████████████████████████████████████████████████████████

(Dkt. 195 at 3, 8-10).  ██████████████████████████████████████████

EMVR's "strict requirements" to "ensure that a reasonable royalty does not **overreach and encompass components not covered by the patent**." *VirnetX*, 767 F.3d at 1326; *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 67-68 (Fed. Cir. 2012) (explaining reason for requiring compliance with EMVR because where, as here, "small elements of multi-component products are accused of infringement, calculating a royalty on the entire product carries a considerable risk that the **patentee will be improperly compensated for non-infringing components of that product**").

█████████████████████████████████████████████████████████

"strict requirements" meant to prevent damages models that "overreach and encompass components not covered by the patent." *VirnetX*, 767 F.3d at 1326.  This is further reason ████

████████████ is unreliable and should be excluded.

Plaintiff attempts to create a factual dispute by arguing that ████████████████

████████████████████████████████████████████ (Dkt. 195 at 9-10).  This

is a straw man.  ████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

The bottom line is that Mr. Blok ██████████████████████████████████████

████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████ should be excluded.

**B.** **Step 2:  Plaintiff Does Not Dispute That Its** ██████████
████████████████████

████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████ "laps[es] into pure speculation." *Grain Processing Corp. v. American Maize-Products*, 185 F. 3d 1341, 1350 (Fed. Cir. 1999) ("To prevent the hypothetical from lapsing into pure speculation, this court requires sound economic proof of the nature of the market and likely outcomes with infringement factored out of the economic picture.").

This is confirmed by plaintiff's silence in its response. ██████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████.  "[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.  A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."  *GE v. Joiner*, 522 U.S. 136, 146 (1997).

Plaintiff argues that Mr. Blok relied on ████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████  "An expert is not a black box into which data is fed at one end and from which an answer emerges at the other; the Court must be able to see the mechanisms in order to determine if they are reliable and helpful."  *Lawrence v. Raymond*, 2011 WL 3418324, *7 (N.D. Ohio. 2011).  ████████████████████████████████ warranting exclusion under Rule 702.

    **C.**    **Step 3: Plaintiff Does Not Dispute That** ████████████████ ████████████████████████████████████████████

████████████████████████████████████████████

Notably, nowhere does plaintiff's response point to ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████

Plaintiff also argues that a cursory one-paragraph opinion about generic comparability of

████████████████████████████████████████████████████████████████

████████████████████████████  But the Federal Circuit instructs otherwise.   Where

"multi-component software . . . that includes non-infringing features" is ██████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████  *Finjan*, 879 F.3d at 1311.  As a result,

courts repeatedly exclude such proxies as not the "product of reliable principles or methods" under

Rule 702.  *NNCrystal US Corp. v. Nanosys*, 2023 WL 2891453 (D. Del. 2023) (excluding damages

methodology based on non-accused feature as not a "reliable proxy for the [actually accused]

component's value to the overall product"); *Lucent Tech. v. Microsoft*, 837 F. Supp. 2d 1107, 1118

(N.D. Cal. 2011) (excluding proxy because "[f]or a product that is feature-rich like Outlook, ***use***

---

[2]   Google moved to exclude Dr. Budavári's cursory opinion on purported comparability. (Dkt. 173).

██████████████████████████████████

*as a proxy for value does not appropriately account for all the other unpatented features that*

*consumers use*"). ███████████████████████████ warranting exclusion.

Plaintiff also argues that ███████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

**D.      Step  4:   Plaintiff  Does  Not  Dispute  That** ████████████

████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████ Plaintiff does not dispute that these two data points are not based on either the accused

instrumentality or functionality.  (Dkt. 195 at 13-16).  It is well settled that damages experts must

"carefully  tie  proof  of  damages  to  the  claimed  invention's  footprint  in  the  marketplace."

*ResQNet.com*, 594 F.3d at 869.  ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████ (Dkt.

███████████████████████████████

195 at 13-16).  ███████████████████████████████████████████

███████████████████████████████████████████

### III.   PLAINTIFF CANNOT RETRACT ITS REFUSALS ON THE RECORD DENYING GOOGLE DISCOVERY OF ████████████████████████

Plaintiff's response ignores its repeated and unequivocal position during fact discovery—denying Google discovery of ████████████████ at every turn.  Plaintiff cannot take back its clear refusals on the record.  (Ex. 6-9).  As discussed in Google's Motion *in Limine* No. 1, Rule 37(c) prohibits Mr. Blok from offering any such opinions because when a party fails to produce information during discovery, "the party is not allowed to use that information . . . to supply evidence . . . at trial."  (Dkt. 206; Fᴇᴅ. R. Cɪᴠ. P. 37(c)).

### IV.   PLAINTIFF CANNOT RETRACT ████████████████████████

Plaintiff does not dispute that ████████████ not a party to the hypothetical negotiation in this case.  Plaintiff also does not dispute that █████████████████████████████

████████████████████ (Dkt. 206-6 at 23:17-25; 39:9-12).   Further, ███████████████

██████████████████████████████████████████ (*Id.* at 70:21-71:17, 90:6-11).  As set forth in Google's Motion *in Limine* No. 2 (Dkt. 206), ██████████████████

██████████████████████████ inadmissible hearsay and improper expert opinion from a lay witness.  Any reliance thereon should therefore be precluded.

### V.   CONCLUSION

Google respectfully requests exclusion of ████████████████ and denial of plaintiff's request to strike pursuant to Section X.6 of the Standing Order Governing Proceedings ("OGP").[3]

---

[3]   Section X.6 of the OGP expressly permits a cumulative 40 pages for opening *Daubert* motions and Google's opening *Daubert* briefs are well within this cumulative limit.  In addition, the OGP does not refer to the local rules for opening briefs.  The Court also has wide discretion to set its own rules for pages limits.

███████████████████████

Dated:  August 11, 2023                    Respectfully submitted,


By: */s/ T. Gregory Lanier*
　　Michael E. Jones (State Bar No. 10929400)
　　mikejones@potterminton.com
　　Shaun W. Hassett  (State Bar No. 24074372)
　　shaunhassett@potterminton.com
　　**POTTER MINTON, P.C.**
　　102 North College, Suite 900
　　Tyler, Texas, 75702
　　(903) 597-8311
　　(903) 593-0846 facsimile

　　T. Gregory Lanier
　　(California Bar No. 138784) (*pro hac vice*)
　　tglanier@jonesday.com
　　**JONES DAY**
　　1755 Embarcadero Road
　　Palo Alto, California, 94303
　　(650) 739-3939
　　(650) 739-3900 facsimile

　　Sasha Mayergoyz
　　(Illinois Bar No. 6271800) (*pro hac vice*)
　　smayergoyz@jonesday.com
　　**JONES DAY**
　　110 N. Wacker Drive, Suite 4800
　　Chicago, Illinois 60606
　　 (312) 782-3939
　　 (312) 782-8585 facsimile

　　Tracy A. Stitt
　　(D.C. Bar No. 1015680) (*pro hac vice*)
　　tastitt@jonesday.com
　　Edwin O. Garcia
　　(Texas Bar No. 24097726) (*pro hac vice*)
　　edwingarcia@jonesday.com
　　Daniele San Román
　　(D.C. Bar No. 1673021) (*pro hac vice*)
　　dsanroman@jonesday.com
　　**JONES DAY**
　　51 Louisiana Avenue NW
　　Washington, DC 20001
　　(202) 879-3939
　　(202) 626-1700 facsimile

Rita J. Yoon
(Illinois Bar No. 6298019) (*pro hac vice*)
ryoon@jonesday.com
Michael A. Lavine
(California Bar No. 321727) (*pro hac vice*)
mlavine@jonesday.com
**JONES DAY**
555 California Street 26th Floor
San Francisco, California 94104
(415) 626-3939
(415) 875-5700 facsimile

Walter Mostowy
(California Bar No. 341454) (*pro hac vice*)
wmostowy@jonesday.com
**JONES DAY**
1755 Embarcadero Rd.
Palo Alto, CA 94303
(650) 739-3939
(650) 739-3900 facsimile

Matthew S. Warren
(California Bar No. 230565)
matt@warrenlex.com
**WARREN LEX LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
(415) 895-2940
(415) 895-2964 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on August 11, 2023.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on August 11, 2023.

/s/ *T. Gregory Lanier*

T. Gregory Lanier