HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | Case No. 6:20-cv-585-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| GOOGLE, LLC., | § § | |
| Defendant. | § § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE***

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

**1. Google's MIL No. 1: Plaintiff and Its Experts Should Be Precluded from Testifying About or Referring to ▇▇▇▇▇▇▇▇ Given That Plaintiff Denied Google Discovery of Such Information**

This MIL should be denied because the Court has already decided the scope of discovery related to these ▇▇▇▇▇ and Google now seeks to re-litigate this issue and unfairly limit Brazos's evidence at trial. Substantively, Google cannot point to any information concerning the ▇▇▇▇▇▇▇ upon which Brazos relied and that Brazos or its corporate representatives (Mr. Stuart Shanus and Mr. Craig Etchegoyen) refused to discuss in deposition testimony. Further, Brazos produced evidence and gave extensive testimony concerning Brazos's ▇▇▇▇▇ ▇▇▇▇ This evidence is key to the circumstances surrounding the hypothetical negotiation, and a granting of this MIL would severely prejudice Brazos.

Google deposed Mr. Craig Etchegoyen, who testified extensively on the topic of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



### 2. Google's MIL No. 2: Plaintiff, Its Experts, and Mr. Teitelbaum (Who Never Worked at █████) Should Be Precluded from Testifying About █████ and Alcatel-Lucent's Licensing Practices

With respect to the -580, -585, and -584 cases, Brazos agrees for Mr. Teitelbaum not to testify about █████ and Alcatel-Lucent's Licensing Practices. However, with respect to the -572 case, Brazos opposes this MIL to the extent it precludes Brazos itself or Brazos's experts from testifying about █████ licensing practices that is based on █████ own description of its own licensing practices. *See generally,* Ex. B (BRAZOS-GOOALL-0013632- BRAZOS-GOOALL-0013907).

### 3. Google's MIL No. 3: Any Reference to Purported Deficiencies in Google's Document Production or Insinuation of Selectively Produced Documents Should Be Precluded

Consistent with the Court's Standing MIL No. 1, Brazos agrees not to affirmatively raise any discovery deficiencies on Google's part in front of the jury. But to the extent Google advances criticisms of Brazos's experts' methodologies based on alleged failure to account for any facts not actually made available by Google as part of the discovery record, Brazos reserves all rights for its experts to testify to the effect of, "I worked with the best information that Google produced during discovery," as applicable.

**4. Google's MIL No. 4: Plaintiff and Its Experts Should Be Precluded from Making Any Argument or Reference to Issues Not Addressed in Plaintiff's Expert Reports, Including Products No Longer Accused, Secondary Considerations, Doctrine of Equivalents, and Hypothetical Damages Figures**

Brazos is fully aware of the Court's Standing MIL No. 23, and will not ask any of its experts to testify as to opinions outside the bounds of their prior disclosures. Brazos is otherwise unable to effectively respond to Google's MIL, which does not set forth in detail any specific opinion that would be prohibited under this MIL (other than as to secondary considerations of non-obviousness, regarding which Brazos reaffirms that its experts will confine their opinions to their prior disclosures).

**5. Google's MIL No. 5: Plaintiff and Its Experts Should Be Precluded from Making Any Reference to or Arguments About Google's Financials and Revenue Not Used in Plaintiff's Damages Calculations, Such As Overall Google Search Ad Revenue**

Brazos opposes this MIL to the extent that it precludes financial information for the Accused Instrumentality from ▮▮▮▮▮▮▮▮▮▮. This financial information is relevant to Brazos's damage analysis because Google continues to monetize the Accused Instrumentality. Google previously agreed to supplement financial information for the Google Maps Mobile product from ▮▮▮▮▮▮▮▮▮▮.

In a May 3, 2023 letter to Google, Brazos requested Google to supplement financial documentation. *See* Ex. C (2023.05.03 Letter from Melissa Ruiz to Jen Kash). In a June 5, 2023 letter, Google agreed to supplement this financial information. Ex. D. However, as of the date of this opposition, Google has failed to supplement this financial documentation.

Brazos agrees to not make any argument about or reference to any Google financial data and revenue information, that is not referenced in Brazos's expert reports and deposition testimony or for which the expert reserved the right to supplement his report. However, to the extent that Brazos's experts rely on Google financial data or revenue and utilize it in their opinions, Brazos

3

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

strongly opposes this motion as the need and propriety to introduce such financial data or revenue into evidence is clear.

Dated: August 16, 2023

Respectfully submitted,

*/s/ Melissa S. Ruiz*
Greg P. Love
State Bar No. 24013060
glove@cjsjlaw.com
Mark D. Siegmund
State Bar No. 24117055
msiegmund@cjsjlaw.com
Melissa S. Ruiz
State Bar No. 24128097
mruiz@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
400 Austin Avenue, 9th Floor
Waco, Texas 76701
P: (254)-732-2242
F: (866)-627-3509

Joseph M. Abraham, TX SB No. 24088879
Timothy Dewberry, TX Bar No. 24090074
**FOLIO LAW GROUP PLLC**
13492 Research Blvd., Suite 120, No. 177
Austin, TX 78750
T: 737-234-0201
Email: joseph.abraham@foliolaw.com
Email: timothy.dewberry@foliolaw.com

Cliff Win, CA Bar No. 270517
Alexandra Fellowes, CA Bar No. 261929
C. Maclain Wells, CA Bar No. 221609
**FOLIO LAW GROUP PLLC**
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109
Tel:     (206) 880-1802
Email: cliff.win@foliolaw.com
Email: alexandra.fellowes@foliolaw.com
Email: maclain@foliolaw.com

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

**Attorneys for Plaintiff WSOU Investments
LLC, d/b/a Brazos Licensing and Development**

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically via email to all counsel of record, on this 16th day of August, 2023.

*/s/ Melissa S. Ruiz*
Melissa S. Ruiz