**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

WSOU INVESTMENTS, LLC d/b/a
BRAZOS LICENSING & DEVELOPMENT,

      *Plaintiff*,

      v.

GOOGLE LLC,

      *Defendant*.

Civil Case No. 6:20-cv-585-ADA

JURY TRIAL DEMANDED

**PROPOSED FINAL JURY INSTRUCTIONS**

Plaintiff WSOU Investments, LLC and Defendant Google LLC submit the following Proposed Final Jury Instructions for the trial in this matter. The proposed instructions are limited to the above-captioned matter, and the parties reserve all rights to supplement, amend, modify, and divert from these jury instructions in any related matters.

Where the parties disagree about the inclusion of an instruction, or the appropriate language for that instruction, the parties indicate as much by labeling the instruction "<u>contested</u>" (underlined).

Where the parties agree on the inclusion of a particular instruction and are generally in agreement on the wording of the instruction, but there remains some dispute over the exact language, WSOU's version of the instruction is RED and Google's version of the instruction is BLUE. *See* Amended Standing Order on Pretrial Procedures & Requirements in Civil Cases § C.1.d.

The parties reserve all rights to supplement, amend, or otherwise modify these proposed instructions as appropriate, including without limitation the right to revise their positions on the proposed instructions in response to future rulings by the Court or the evidence as it is admitted at trial. The parties submit these proposed jury instructions without waiver of their position that the opposing party has not presented sufficient evidence to submit some or all of its affirmative claims,

damages theories, or affirmative defenses to the jury, and without waiver of arguments presented in

motions *in limine* or in other pretrial proceedings.

# TABLE OF CONTENTS

**Page**

JURY INSTRUCTION NO. 1:  JURY CHARGE ................................................................................. 1

JURY INSTRUCTION NO. 2:    EVIDENCE ................................................................................. 3

JURY INSTRUCTION NO. 3:    WITNESSES ............................................................................. 4

JURY INSTRUCTION NO. 4:    DEPOSITION TESTIMONY ..................................................... 5

JURY INSTRUCTION NO. 5:    EXPERT TESTIMONY ............................................................. 6

JURY INSTRUCTION NO. 6:  INTERROGATORIES ................................................................... 7

JURY INSTRUCTION NO. 7:  BIAS—NO INFERENCE FROM FILING SUIT OR DEFENDING THE SUIT ................................................................................................. 8

JURY INSTRUCTION NO. 8:    STIPULATIONS OF FACT ....................................................... 9

JURY INSTRUCTION NO. 9:  LIMITING INSTRUCTION ......................................................... 10

JURY INSTRUCTION NO. 10:    DEMONSTRATIVE EXHIBITS, CHARTS AND SUMMARIES ....... 11

JURY INSTRUCTION NO. 11:  BIAS—CORPORATE PARTY INVOLVED ............................. 12

JURY INSTRUCTION NO. 12:    PREPONDERANCE OF THE EVIDENCE ........................... 13

[CONTESTED] JURY INSTRUCTION NO. 13:    CLEAR AND CONVINCING EVIDENCE ............... 14

[CONTESTED] JURY INSTRUCTION NO. 14:    SUMMARY OF CONTENTIONS............................ 16

JURY INSTRUCTION NO. 15:    PATENT CLAIMS .................................................................. 18

JURY INSTRUCTION NO. 16:  INDEPENDENT AND DEPENDENT CLAIMS .......................... 19

JURY INSTRUCTION NO. 17:    INFRINGEMENT GENERALLY ........................................... 20

JURY INSTRUCTION NO. 18:    LITERAL INFRINGEMENT ................................................. 21

[CONTESTED] JURY INSTRUCTION NO. 19:    INVALIDITY GENERALLY ................................... 22

JURY INSTRUCTION NO. 20:    PRIOR ART ............................................................................ 24

[CONTESTED] JURY INSTRUCTION NO. 21:    ANTICIPATION ........................................ 25

JURY INSTRUCTION NO. 22:    OBVIOUSNESS .................................................................... 27

JURY INSTRUCTION NO. 23:    LEVEL OF ORDINARY SKILL ............................................ 29

[CONTESTED] JURY INSTRUCTION NO. 24:    WRITTEN DESCRIPTION....................................... 30

[CONTESTED] JURY INSTRUCTION NO. 24:    WRITTEN DESCRIPTION....................................... 31

JURY INSTRUCTION NO. 25:  ENABLEMENT ........................................................................ 33

JURY INSTRUCTION NO. 26:    DAMAGES GENERALLY..................................................... 34

[CONTESTED] JURY INSTRUCTION NO. 27:    REASONABLE ROYALTY (DEFINITION)............... 35

[CONTESTED] JURY INSTRUCTION NO. 28:  REASONABLE ROYALTY—RELEVANT FACTORS ................................................................................................ 37

JURY INSTRUCTION NO. 29:    DAMAGES—APPORTIONMENT ....................................... 39

JURY INSTRUCTION NO. 30:    DAMAGES—COMPARABLE AGREEMENTS .................... 40

**TABLE OF CONTENTS**
(continued)

**Page**

JURY INSTRUCTION NO. 31: DATE OF COMMENCEMENT OF DAMAGES —
PRODUCTS ........................................................................................ 41

JURY INSTRUCTION NO. 32: JUROR NOTEBOOKS ............................................................... 42

JURY INSTRUCTION NO. 33: DUTY TO DELIBERATE; NOTES ...................................... 43

JURY INSTRUCTION NO. 34: SOCIAL MEDIA ...................................................................... 44

**JURY INSTRUCTION NO. 1:  JURY CHARGE**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case.  The law contained in these instructions is the only law you may follow.  It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

Each of you is going to have your own printed copy of these final jury instructions that I am giving you now.

If I have given you the impression during the trial that I favor either party, you must disregard that impression.  If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for Brazos or Google in arriving  at your verdict.

After the remainder of these instructions, you will hear closing arguments from the attorneys. Statements and arguments of the attorneys, I remind you, are not evidence, and they are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

A verdict form has been prepared for you. You are to take this verdict form with you to the jury room; and when you have reached a unanimous decision or agreement as to the verdict, you are to have your foreperson fill in the blanks in the verdict form, date it, and sign it. Answer each question in the verdict form from the facts as you find them to be. Do not decide who you think should win the case and then answer the questions to reach that result. Again, your answers and your verdict must be unanimous.

Source:  Fifth Circuit Pattern Jury Instructions 2020, with revisions through June 2020, § 3.1.

**JURY INSTRUCTION NO. 2:     EVIDENCE**

The evidence you heard consisted of the testimony of the witnesses, the documents, and other exhibits admitted into evidence, the stipulations to which the lawyers agreed, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven. Nothing else is evidence.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of a witness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you determine the facts from all the evidence that you heard in this case, whether direct, circumstantial, or any combination.

In judging the facts, you must consider all the evidence, both direct and circumstantial. That does not mean you have to believe all of the evidence. It is entirely up to you to give the evidence you received in this case whatever weight you individually believe it deserves. It is up to you to decide which witnesses to believe, which witnesses not to believe, the weight you give the testimony you heard, and how much of any witness's testimony you choose to accept or reject.

For example, let me give you some ideas of what is not evidence.  The statements and opening arguments by the lawyers are not evidence.  During witness examinations from the podium, the questions the lawyers asked are not evidence.  Objections to questions are not evidence. The attorneys in this case may have objected if they thought that documents or testimony offered into evidence were improper under the rules of evidence. My legal rulings as to those objections is not evidence. My comments and questions is not evidence. If I sustained an objection, then just pretend the question was never asked. If there was an answer given, ignore it. If I overruled the objection, act like the objection was never made. If I gave you instructions that some item of evidence is to be received for a limited purpose, you must follow my instruction. If I gave any limiting instruction during trial, you must follow it. Any testimony I told you to exclude or disregard is not evidence and may not be considered.

You must not conduct any independent research or investigation. You must make your decision based only on the evidence as I have defined it here, and nothing else.

Source: *Freshhub, Inc. v. Amazon.com, Inc.*, No. 21-511, Dkt. 247 at 5-6 (W.D. Tex. June 22, 2021); Fifth Circuit Pattern Jury Instructions 2020, with revisions through June 2020, § 3.3.

**JURY INSTRUCTION NO. 3:    WITNESSES**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. For instance, has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that contradicted the testimony the witness given by that witness at trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that misstatement may depend on whether it has to do with an important fact or with only an important detail. This instruction applies to the testimony of all witnesses.

Source:  Fifth Circuit Pattern Jury Instructions 2020, with revisions through June 2020, §§ 2.11, 3.4.

**JURY INSTRUCTION NO. 4:     DEPOSITION TESTIMONY**

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you.

This deposition testimony is entitled to the same consideration and is to be weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

Some of the video recordings of witnesses you have seen may have been of lower quality because the witnesses had their depositions taken remotely. You should not hold the quality of the video or the location of the witness against either party.

Source:  Fifth Circuit Pattern Jury Instructions 2020, with revisions through June 2020, § 2.13 (with modifications); *Freshhub, Inc. v. Amazon.com, Inc.*, No. 21-511, Dkt. 247 at 8-9 (W.D. Tex. June 22, 2021).

**JURY INSTRUCTION NO. 5:   EXPERT TESTIMONY**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness.

Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You are not required to accept the opinion of any expert, rather, you are free to accept or reject the testimony of experts, just as with any other witness.

Source: *MV3 Partners, LLC v. Roku, Inc.*, No. 18-308, Dkt. 379 at 6 (W.D. Tex. Oct. 14, 2020).

**JURY INSTRUCTION NO. 6:  INTERROGATORIES**

Evidence has been presented to you in the form of answers of one or the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.

You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**JURY INSTRUCTION NO. 7:   BIAS—NO INFERENCE FROM FILING SUIT OR DEFENDING THE SUIT**

The fact that one side or the other brought this lawsuit and is in court seeking damages creates no inference on their behalf that they're entitled to judgment. The act of making a claim in a lawsuit, in this case claims of patent infringement, does not tend to establish the claim is true or not true and cannot be considered by you as evidence.

Also, the fact that Google has raised arguments against the claims and says they do not infringe creates no inference that they are entitled to a judgment.

Both of these actions, the offensive action of filing the suit and the defensive action of defending the suit must be disregarded by you, and neither of those actions should tend to establish judgment in either side's favor.

Source:  *VLSI v. Intel*, 19-cv-00977-ADA, Dkt. 686 (Nov. 15, 2022) (Prelim. Instruction No. 13); Fifth Circuit Pattern Jury Instructions 2020, with revisions through June 2020, § 3.6.

**JURY INSTRUCTION NO. 8:    STIPULATIONS OF FACT**

A "stipulation" is an agreement. When there is no dispute about certain facts, the parties may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

The parties stipulate to the following uncontested facts:

(1) Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing & Development is a Delaware limited liability company with its principal place of business in Waco, Texas.

(2) Defendant Google LLC is a Delaware limited liability company with its principal place of business in Mountain View, California.


Source:  Fifth Circuit Pattern Jury Instructions 2020, with revisions through June 2020, § 2.3; Joint Pretrial Order § V.B, Dkt. 242.

**JURY INSTRUCTION NO. 9:  LIMITING INSTRUCTION**

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.


Source:  Fifth Circuit Pattern Jury Instructions 2020, with revisions through June 2020, § 2.6.

**JURY INSTRUCTION NO. 10:          DEMONSTRATIVE EXHIBITS, CHARTS AND SUMMARIES**

Certain exhibits shown to you, such as PowerPoint presentations, posters, or models, are illustrations of the evidence, but are not themselves evidence. Such exhibits are demonstrative exhibits. A demonstrative exhibit is a party's description, picture, or model used to describe something involved in this trial. If your recollection of the evidence differs from a demonstrative exhibit, rely on your recollection.

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

Source:  Fifth Circuit Pattern Jury Instructions 2020, with revisions through June 2020, §§ 2.7-2.8; *VLSI v. Intel*, 19-cv-00977-ADA, Dkt. 687 (Nov. 15, 2022) (Final Instruction No. 5).

**JURY INSTRUCTION NO. 11:  BIAS—CORPORATE PARTY INVOLVED**

Do not let bias, prejudice, or sympathy play any part in your deliberations. Whether you are familiar with one party or the other should not play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Source:  Fifth Circuit Pattern Jury Instructions 2020, with revisions through June 2020, § 2.16; *Touchstream Techs., Inc. v. Google LLC*, No. 6:21-cv-00569-ADA, Dkt. 246 (July 21, 2023) (Final Instruction No. 12); *VLSI v. Intel*, 19-cv-00977-ADA, Dkt. 687 (Nov. 15, 2022) (Final Instruction No. 6).

**JURY INSTRUCTION NO. 12:     PREPONDERANCE OF THE EVIDENCE**

In any legal action, facts must be proved by a required amount of evidence known as the "burden of proof."

The burden of proof applicable to Brazos in this case is known as the preponderance of evidence. Brazos has the burden of proving patent infringement and damages by a preponderance of the evidence.

A preponderance of the evidence means evidence that persuades you that a claim is more probably true than not true. Sometimes this is talked about as being the greater weight and degree of credible testimony. If you find that Brazos has failed to prove any element of its claim of patent infringement or damages by a preponderance of the evidence, then it may not recover on that claim.

Google does not have any burden of proof on the issues of patent infringement or damages.

Source:  *Hafeman v. LG Elecs. Inc.*, No. 6:21-cv-00696-ADA (W.D. Tex.), Dkt. 239 (Apr. 28, 2023) (Final Jury Instruction No. 24); *MV3 Partners, LLC v. Roku, Inc.*, No. 6:18-cv-00308 (W.D. Tex.), Dkt. 379 at 9-10 (Oct. 14, 2020); Fifth Circuit Pattern Jury Instructions 2020, with revisions through June 2020, § 3.2.

**[CONTESTED] JURY INSTRUCTION NO. 13:     CLEAR AND CONVINCING EVIDENCE**

Google has the burden of proving patent invalidity by clear and convincing evidence.

Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established. It is evidence so clear, direct, weighty and convincing as to enable you to come to a clear conviction without hesitancy. This standard is different from the preponderance of the evidence standard which applies to Brazos's burden of proving infringement and damages.

The "clear and convincing evidence" standard is different from what you have heard about in criminal proceedings, where a fact must be proven beyond a reasonable doubt. On a scale of the various standards of proof, as you move from preponderance of the evidence, where proof need be only sufficient to tip the scales in favor of the party proving the fact, to at the other end, beyond a reasonable doubt, where the fact must be proven to a very high degree of certainty, you can think of clear and convincing evidence as being between these two ends of the spectrum or these two different standards.

Brazos does not have any burden of proof on the issue of patent invalidity.

Source:  Fifth Circuit Pattern Jury Instructions 2020, with revisions through June 2020, § 2.17; *KAIST IP US LLC v. Samsung Elecs. Co.*, No. 2:16-cv-1314-JRG-RSP (E.D. Tex.), 2018-06-15 Trial Tr. (D.I. 498) 36:2-37:9.

**Brazos's Position:**

This is taken from this Court's instruction in *Textron Innovations, Inc. v. SZ DJI Technology Co., Ltd.*, No. 6:21-cv-00740-ADA. It is important to clarify for the jury that Brazos does not have the burden to prove the validity of its asserted patent. In addition, Google's edit to make "validity" become "invalidity" does not make sense. It is axiomatic that Brazos does not have a burden of proof on *in*validity since it is the plaintiff in this case.

**Google's Position:**

Consistent with preceding Instruction No. 12 which states that a defendant "does not have any burden of proof on issues of patent ***infringement***" (instead of stating "***non-infringement***"),

-14-

Instruction No. 13 should use parallel language and state that plaintiff "does not have any burden of proof on the issue of patent *invalidity*" (instead of stating "validity").  Departing from the use of the word "invalidity" in this instruction is contrary to the uniform usage of "invalidity" throughout the instructions and would cause jury confusion.  Google's proposed instruction tracks the parties' already agreed-upon language in subsequent instructions on specific invalidity grounds, such as "Invalidity Generally" (instruction no. 19), "Anticipation" (instruction no. 21), "Obviousness" (instruction no. 22), "Written Description" (instruction no. 24), "Enablement" (instruction no. 25), and the agreed-upon verdict form questions on those issues.

**[CONTESTED] JURY INSTRUCTION NO. 14:      SUMMARY OF CONTENTIONS**

As I did at the start of the case, I will first give you a summary of each side's contentions in this case. I will then provide you with detailed instructions on what each side must prove to win on each of its contentions.

The case involves United States Patent No. 8,737,961. For your convenience, the parties and I will often refer to these patents by the last three numbers of the patent number, namely, as the "'961 patent," or as the "Asserted Patent." Brazos filed suit in this court seeking money damages from Google for allegedly infringing the '961 patent by making, using, selling, and offering for sale within the United States products that Brazos argues are covered by claims 1, 4-5, 9, 11 and 14 of the '961 patent.  These are known as the "Asserted Claims."

> The products that are alleged to infringe the '961 patent are "Timeline" and "Popular Times" in Google Maps Mobile.
>
> The products that are alleged to infringe the '961 patent are the Google Maps service/application, as well as the associated underlying software and hardware infrastructure supporting the Google Maps service/application; and Google Pixel products that are capable of and operate, access, and/or otherwise function with Google Maps, including without limitation Pixel 6 Pro, Pixel 6, Pixel 5a with 5G, Pixel 5, Pixel 4, Pixel 4a with 5G, Pixel 4 XL, Pixel 4, Pixel 3a, Pixel 3a XL, Pixel 3, Pixel 3 XL, Pixel 2, Pixel 2 XL, Pixel and Pixel XL.

These may be referred to as the "Accused Products."

Google denies that it has infringed any of the Asserted Claims of the Asserted Patent.  Google also argues that the Asserted Claims are invalid.  In general, a patent is invalid if it is not new or is obvious in view of the state of the art as of the priority date of the patent, if a patent's specification fails to describe in full, clear, and exact terms the nature and extent of the claim invention, or if a patent's specification fails to enable the full scope of the claimed invention.  Your job will be to decide whether or not any Asserted Claims have been infringed and whether or not those claims are invalid.  If you decide that any Asserted Claims both have been infringed and are valid, you will then need to decide any money damages to be awarded to Brazos to compensate it for the infringement.

Source:  Federal Circuit Bar Association Model Patent Jury Instructions § A.2 (May 2020).

**Brazos's Position:**

Brazos's definition of the accused products accurately reflects the products that have been accused in Brazos's infringement contentions and expert report on infringement. Neither was

-16-

limited to the "Timeline" or "Popular Times" features in Google Maps Mobile.  Moreover, Google's definition appears to take as given Google's position on the appropriate level of apportionment of damages by limiting the the scope of the accused products to only "Timeline" or "Popular Times" features.

**Google's Position:**

Google objects to WSOU's description of the accused products.  At the final-instruction stage, a plaintiff must identify *specific* accused products.  WSOU's proposed instruction fails to do so.  First, WSOU's reference to "the associated underlying software and hardware infrastructure" is vague and ambiguous, and does not identify for the jury specific products about which it must make a determination.  Second, WSOU's definition of the accused products as covering "products that are capable of and operate, access, and/or otherwise function with Google Maps, *including without limitation*" is a generalized catch-all that is unbounded and unlimited.

In short, while WSOU's description of the accused products might suffice at the pleading stage, it has no place in final jury instructions.

**JURY INSTRUCTION NO. 15:     PATENT CLAIMS**

Before you can decide many of the issues in this case, you will need to understand the role of patent "claims." The patent claims are the numbered sentences at the end of each patent. The claims are important because it is the words of the claims that define what a patent covers. The figures and text in the rest of the patent provide a description and/or examples of the invention and provide a context for the claims, but it is the claims that define the breadth of the patent's coverage. Therefore, what a patent covers depends, in turn, on what each of its claims covers.

To know what a claim covers, a claim sets forth, in words, a set of requirements. Each claim sets forth its requirements in a single sentence. The requirements of a claim are often referred to as "claim elements" or "claim limitations." The coverage of a patent is assessed claim-by-claim. When a product or a process meets all of the requirements of a claim, the claim is said to "cover" that product or process, and that product or process is said to "fall" within the scope of that claim. In other words, a claim covers a product or process where each of the claim elements or limitations is present in that product or process.

You will first need to understand what each claim covers in order to decide whether or not there is infringement of the claim and to decide whether or not the claim is invalid. The first step is to understand the meaning of the words used in the patent claim.

The law says that it is my role to define the terms of the claims and it is your role to apply my definitions of the terms I have construed to the issues that you are asked to decide in this case. Therefore, as I explained to you at the start of the case, I have determined that the plain and ordinary meanings of the claim terms apply. It is your job to take the plain and ordinary meaning of the claim terms in the field of the patent and apply them to the issues that you are deciding, including the issues of infringement and validity.

The beginning portion of a claim, also known as the preamble, often uses the word "comprising." The word "comprising," when used in the preamble, means "including but not limited to" or "containing but not limited to." When "comprising" is used in the preamble of a claim, if you decide that an accused product includes all of the requirements of that claim, the claim is infringed. This is true even if the accused product contains additional elements. For example, a claim to "a table comprising a tabletop, legs, and glue" would cover a table that includes a tabletop, legs, and glue, even if the table also includes wheels on the table's legs.

The use of the terms "a" or "an" in a claim is a term of art, which has a special meaning in the context of a patent claim. When used in a claim, the terms "a" or "an" mean "one or more."

Source: *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1342-43 (Fed. Cir. 2008); *Freshub, Inc. v. Amazon.com, Inc.*, No. 21-511, Dkt. 247 at 12-13 (W.D. Tex. June 22, 2021); Federal Circuit Bar Association Model Patent Jury Instructions § 2.1 (May 2020); National Jury Instruction Project, Model Patent Jury Instructions § 3.4 (Dec. 2008).

**JURY INSTRUCTION NO. 16:  INDEPENDENT AND DEPENDENT CLAIMS**

This case involves two types of patent claims: independent claims and dependent claims.

An "independent claim" sets forth all of the requirements that must be met in order to be covered by that claim. Thus, it is not necessary to look at any other claim to determine what an independent claim covers.

A dependent claim does not itself recite all of the requirements of the claim but refers to another claim for some of its requirements. In this way, the claim "depends" on another claim. A dependent claim incorporates all of the requirements of the claim(s) to which it refers. The dependent claim then adds its own additional requirements. To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claim(s) to which it refers. A product that meets all of the requirements of both the dependent claim and the claim(s) to which the dependent claim refers is covered by that dependent claim.

If any requirement of a dependent claim is not met, or if any requirement of the independent claim from which the dependent claim depends is not met, then the product is not covered by that dependent claim.

On the other hand, if the requirements of an independent claim are met by a product, but a requirement of a dependent claim is not met, the independent claim is still infringed.

Claims 1 and 11 of the '961 patent are each independent claims, and claims 4, 5, 9, and 14 of the '961 patent are each dependent claims.

Source:  The Federal Circuit Bar Association Model Patent Jury Instructions § 2.1a (May 2020).

**JURY INSTRUCTION NO. 17:    INFRINGEMENT GENERALLY**

A person or business entity that makes, uses, sells, or offers to sell a product made by a method claimed in a patent infringes that patent.  Infringement is assessed on a claim-by-claim basis by comparing Google's accused products to the elements of each claim.  There may be infringement as to one claim but no infringement as to another claim.

Source:  Federal Circuit Bar Association Model Patent Jury Instructions § 3.1 (May 2020); AIPLA Model Patent Jury Instructions § 3.0 (2019); 35 U.S.C. § 271; *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014); *Warner-Lambert Co. v. Teva Pharm. USA, Inc.*, 418 F.3d 1326, 1341 n.15 (Fed. Cir. 2005); *Seal-Flex, Inc. v. Athletic Track & Court Constr.*, 172 F.3d 836, 842 (Fed. Cir. 1999).

**JURY INSTRUCTION NO. 18:    LITERAL INFRINGEMENT**

In order to prove infringement by literal infringement, Brazos must prove by a preponderance of the evidence, i.e., that it is more likely than not, that Google made, used, sold, or offered for sale within the United States a product that meets all of the requirements of a claim and did so  without the permission of Brazos. You must compare the product or process with each and every one of the requirements of a claim to determine whether all of the requirements of that claim are met.

A claim element is literally present if it exists in an Accused Product or was performed by an Accused Product as it is described in the claim language. For a method claim to be infringed, Brazos must prove by a preponderance of the evidence that Google performed each and every step of the claimed method in the United States. If an Accused Product omits any requirement recited in one of the Asserted Claims, then that product does not infringe that claim.

You must determine, separately for each asserted claim, whether or not there is infringement. For dependent claims, if you find that a claim to which a dependent claim refers is not infringed, there cannot be infringement of that dependent claim. On the other hand, if you find that an independent claim has been infringed, you must still decide, separately, whether the product meets the additional requirement(s) of any claims that depend from the independent claim to determine whether those dependent claims have also been infringed. A dependent claim includes all the requirements of any of the claims to which it refers plus additional requirement(s) of its own.

Source: Federal Circuit Bar Association Model Patent Jury Instructions § 3.1a (May 2020); *Int'l Bus. Mach. Corp. v. Booking Holdings Inc.*, 775 F. App'x 674, 677–78 (Fed. Cir. 2019); *Koninklijke Philips N.V. v. Zoll Med. Corp.*, 656 F. App'x 504, 520–21 (Fed. Cir. 2016); *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1219–22 (Fed. Cir. 2014); *SiRF Tech, Inc. v. ITC*, 601 F.3d 1319, 1330–31 (Fed. Cir. 2010); *see also Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*, No. 20-cv-03590-YGR, *4–*6 (N.D. Cal. Oct. 28, 2020).

**[CONTESTED] JURY INSTRUCTION NO. 19:    INVALIDITY GENERALLY**

Patent invalidity is a defense to patent infringement. Patents are presumed to be valid. Nevertheless, the Patent Office sometimes issues invalid patent claims, and issued claims can be found invalid in court.  In this case, you have the ultimate responsibility for deciding whether the Asserted Claims are valid or invalid.  In making your determination, you must consider the Asserted Claims individually, as you did when you considered whether each claim was infringed or not.  If clear and convincing evidence demonstrates that an Asserted Claim fails to meet any requirement of the patent laws, then that claim is invalid.

During the course of this trial, Google has presented you with several prior art references.  In general, prior art includes patents, publications, or items that were publicly used, offered for sale, or publicly known, that disclosed the claimed invention or elements of the claimed invention.  To be prior art, the item or reference must have been on sale, used, published, patented, or otherwise made available to the public before the filing date of the Asserted Patent.

The fact that any particular reference was or was not considered by the Patent Office does not change Google's burden of proof.  However, in making your decision whether Google has demonstrated that a claim is invalid by clear and convincing evidence, you may consider whether Google has presented any materially new prior art references that the Patent Office had no opportunity to evaluate.  Google's burden may be easier to meet if all material facts were not before the Patent Office when it issued a patent.

I will now instruct you on the invalidity issues you should consider.

Source:    35 U.S.C. § 282; *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2251 (2011); *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1563-64 (Fed. Cir. 1993); *Helsinn Healthcare S.A. v. Teva Pharms. USA, Inc.*, 139 S. Ct. 628 (2019).

**Brazos's Position:**

This is a correct statement of the law and important for the jury to appreciate when evaluating Google's arguments for invalidity.

**Google's Position:**

Google objects to the inclusion of WSOU's statement that patent claims "are presumed to be valid."  The jury has been and will be instructed on Google's clear-and-convincing evidentiary

burden—without any objection from Google—in at least ten instances.  These include:  (i) this instruction's repeated guidance that the Google must prove invalidity by clear and convincing evidence; (ii) subsequent instructions describing each specific invalidity theory as reasoning clear-and-convincing evidence standard; (iii) the preliminary instructions repeated mention of the the clear-and-convincing evidence standard; and (iv) every verdict form question on invalidity also reinforces Google's clear-and-convincing evidentiary burden.  Adding WSOU's proposed language would skew this instruction from balanced and neutral to an instruction that improperly tilts in WSOU's favor.  Indeed, as courts recognize, there is no reason for this additional statement "because the presumption of validity and heightened burden of proving invalidity are static and in reality different expressions of the same thing—a single hurdle to be cleared."  *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1258 (Fed. Cir. 2004).

**JURY INSTRUCTION NO. 20:    PRIOR ART**


As I stated previously, under the patent laws, a person is granted a patent only if the invention claimed in the patent is new and not obvious in light of what came before. That which came before is referred to as the "prior art." In this case, the prior art includes references, such as systems, publications, or patents, that Google contends disclose the claimed invention or elements of the claimed invention.

Google contends that the following is prior art to the '961 patent:

- U.S. Patent Application No. 2010/0317371 to Westerinen et al. entitled "Context-based interaction model for mobile devices";
- U.S. Patent No. 7,848,765 to Alan Phillips et al. entitled "Location-based services";
- "Learning and Recognizing the Places We Go" by Hightower et al. In: Beigl, M., Intille, S.S., Rekimoto, J., Tokuda, H. (eds.) UbiComp 2005. LNCS, vol. 3660, pp. 159–176. Springer, Heidelberg (2005)
- U.S. Patent Application 2004/0266457 to Dennis J. Dupray entitled "Wireless location gateway and applications therefor";
- U.S. Patent Application No. 2009/0005987 to Darren E. Vengroff and Oliver B. Downs entitled "Determining locations of interest based on user visits";
- BeaconPrint system of Hightower et al.


Source:    Federal Circuit Bar Association Model Patent Jury Instructions § 4.3a (including citations therein, e.g., *Allergan, Inc. v. Apotex Inc.*, 754 F3d 952, 967 (Fed. Cir. 2014)).

**[<u>CONTESTED</u>] JURY INSTRUCTION NO. 21:   ANTICIPATION**

In order for someone to be entitled to a patent, the invention must actually be "new." Google contends that claims are not new and invalid as anticipated because the claimed invention was already publicly known or publicly used by others or offered for sale or sold in the United States. Google must convince you of this by clear and convincing evidence, i.e., that the evidence highly probably demonstrates that the claims are invalid.

Anticipation must be determined on a claim-by-claim basis. Google must prove by clear and convincing evidence that all of the requirements of a claim are present in a single piece of prior art. Anticipation does not permit an additional piece of prior art to supply a missing limitation. To anticipate the invention, the prior art does not have to use the same words as the claim, but all of the requirements of the claim must have been disclosed and arranged as in the claim. The claim requirements may either be disclosed expressly or inherently—that is, necessarily implied— such that a person having ordinary skill in the art in the technology of the invention, looking at that one reference, could make and use the claimed invention.

Where Google is relying on prior art that was not considered by the Patent Office during examination of the Asserted Patent, you may consider whether that prior art is significantly different and more relevant than the prior art that the Patent Office did consider. If you decide it is different and more relevant, you may weigh that prior art more heavily when considering whether the challenger has carried its clear-and-convincing burden of proving invalidity.

If a dependent claim is anticipated by the prior art, then the claims from which it depends are necessarily anticipated as well.

Source:  Federal Circuit Bar Association Model Patent Jury Instructions § 4.3b-1 (May 2020).

**<u>Brazos's Position:</u>**

This is a correct statement of the law that will help clarify for a jury the meaning of anticipation.

**<u>Google's Position:</u>**

Given that this instruction already states that "Google must *be prove by clear and convincing evidence* that all of the requirements of a claim are *present in a single piece of prior art*," Google objects to the inclusion of WSOU's statement that "anticipation does not permit an

-25-

additional piece of prior art to supply the missing limitation."  Repeating the same concept (with slightly different verbiage) gives the jury the incorrect impression that there is a more heightened level standard to establish anticipation than required by controlling law.  The additional language is unnecessary, confusing, and unfairly prejudicial to Google.

**JURY INSTRUCTION NO. 22:    OBVIOUSNESS**

Even though an invention may not have been identically disclosed or described before it was made by an inventor, in order to be patentable, the invention must also not have been obvious to a person of ordinary skill in the field of technology of the patent before the filing date of the  patent.

To decide whether the Asserted Claims would have been obvious, you must consider (1) the level of ordinary skill that someone would have had in the field of the Asserted Patent when the patents were filed; (2) the scope and content of the prior art; (3) any differences between the prior art and the claimed invention; and (4) objective evidence, if any, indicating that the inventions would not have been obvious when the Asserted Patent were filed.

An invention is not necessarily obvious even if all of its elements appeared in the prior art or if the prior art would teach away from combining the elements in the claimed invention.  Many inventions are made of building blocks that were already known beforehand.  You should consider,  without hindsight, whether there was a reason for someone of ordinary skill in the art as of the filing date of the Asserted Patent to combine known elements in a way that the claimed invention did and whether the person of ordinary skill would have reasonably expected to succeed in doing so.  Finding any of the following facts suggests the claimed invention would have been obvious:

1.  the claimed invention was the predictable result of using elements from the prior art to perform their known functions;
2.  the claimed invention was an obvious solution to a known problem;
3.  the prior art showed or suggested that it was desirable to combine the elements as in the claimed invention;
4.  it would have been obvious to try to create the invention—for example, if there were reasons to combine the elements or to solve a problem and there were a finite number of identified and predictable solutions; or
5.  the claimed combination would have happened anyway due to design incentives or other market forces.

You should also consider objective evidence presented by either party that may shed light on whether the claimed invention would have been obvious.

- Whether others independently came up with the claimed invention before or at about the same time as the named inventor is evidence that the claim would have been obvious.

A party that relies on objective evidence bears the burden of coming forward with such evidence.

Google bears the burden to prove facts relevant to obviousness by clear and convincing evidence. The ultimate question of whether a claim is invalid as obvious based on those facts is a question of law, however. Accordingly, you should apply the clear-and-convincing standard when resolving the parties' factual disputes, but not when deciding whether the facts as you find them show that the Asserted Claims would have been obvious.

Source: 35 U.S.C. § 103; *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2253 (2011) (Breyer, J., concurring); *Addington v. Texas*, 441 U.S. 418, 423 (1979); *SSIH Equip. S.A. v. ITC*, 718 F.2d 365, 375 (Fed. Cir. 1983); *Newell Cos., Inc. v. Kenney Mfg. Co.*, 864 F.2d 757, 767 (Fed. Cir. 1989); Federal Circuit Bar Association Model Patent Jury Instructions § 4.3c (May 2020); AIPLA Model Patent Jury Instructions § 7.4 (2019); National Jury Instruction Project, Model Patent Jury Instructions § 5.9.

**JURY INSTRUCTION NO. 23:      LEVEL OF ORDINARY SKILL**

In this case, the parties have agreed upon the qualifications of a person having an ordinary level of skill of art for the '961 patent:

A person of ordinary skill in the art would have at least an undergraduate degree in computer science or computer engineering, or the equivalent, with at least two years of work experience in implementing systems for mobile location tracking or location estimation, or equivalent academic experience (e.g., a master's degree with a similar focus).

Source:  Federal Circuit Bar Association Model Patent Jury Instructions § 4.3c(i) (May 2020); *Freshhub, Inc. v. Amazon.com, Inc.*, No. 21-511, Dkt. 247 (W.D. Tex. June 22, 2021).

**[CONTESTED] JURY INSTRUCTION NO. 24:    WRITTEN DESCRIPTION**

Google contends that the Asserted Claims of the Asserted Patent are invalid for failure of the patent to provide an adequate written description of the claimed invention.

A patent's specification must describe in full, clear, and exact terms the nature and extent of the claimed invention. In the patent application process, the applicant may keep the originally filed claims, amend the claims, or add new claims. These changes may narrow or broaden the scope of the claims. The written description requirement ensures that the issued claims are not broader than the written description that was provided in the original application. The written description requirement is satisfied if a person of ordinary skill in the field, reading the patent application as originally filed, would have recognized that the inventor had invented each and every limitation of what is now claimed by the time of filing, even though the description might not use the exact words found in the claim.  A specification that merely renders the claimed invention obvious does not satisfy the written description requirement. The ultimate question is whether the specification describes in full, clear, and exact terms the nature and extent of the claimed invention.

If you find by clear and convincing evidence that one or more of the Asserted Claims lacked an adequate written description, you must find each such claim invalid.

Sources:  *Freshub, Inc. v. Amazon.com, Inc.*, No. 6:21-cv-00511-ADA, (W.D. Tex. June 22, 20121) (instruction no. 2.15), Dkt. 247; *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336 (Fed. Cir. 2010) (en banc).

**[CONTESTED] JURY INSTRUCTION NO. 24:   WRITTEN DESCRIPTION**

Google bears the burden of establishing lack of written description by clear and convincing evidence.

A patent must contain a written description of the methods and systems claimed in the patent. The written description requirement helps ensure that the patent applicant actually invented the claimed subject matter. To satisfy the written description requirement, the patent specification must describe each and every limitation of a patent claim, in sufficient detail, although the exact words found in the claim need not be used. When determining whether the specification discloses the invention, the claim must be viewed as a whole.

The written description requirement is satisfied if persons of ordinary skill in the field of the invention would recognize, from reading the patent specification, that the inventor possessed the subject matter finally claimed in the patent. The written description requirement is satisfied if the specification shows that the inventor possessed his or her invention as of the effective filing date of the claimed invention, even though the claims themselves may have been changed or new claims added since that time.

It is unnecessary to spell out every detail of the invention in the specification, and specific examples are not required; only enough must be included in the specification to convince persons of ordinary skill in the art that the inventor possessed the full scope of the invention. In evaluating whether the specification has provided an adequate written description, you may consider such factors as:

1. the nature and scope of the patent claims;
2. the complexity, predictability, and maturity of the technology at issue;
3. the existing knowledge in the relevant field of geolocation of mobile devices in wireless networks and the delivery of digital services based upon the mobile device's location; and
4. the scope and content of the prior art.

The issue of written description is decided on a claim-by-claim basis, not as to the entire patent or groups of claims.

If you find that Google has proven by clear and convincing evidence that the '961 patent does not contain a written description for the inventions of claims 1, 4-5, 9, 11 and 14, then you must find that the claim(s) are invalid.


Source:  35 U.S.C. § 112; *AbbVie Deutschland GmbH & Co., KG v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1298-1301 (Fed. Cir. 2014); *Tobinick v. Olmarker*, 753 F.3d 1220, 1225 (Fed. Cir. 2014); *Alcon Research Ltd. v. Barr Labs., Inc.*, 745 F.3d 1180, 1190-92 (Fed. Cir. 2014); *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs.*, 670 F.3d 1171, 1188-89 (Fed. Cir. 2012), aff'd on reh'g, 682 F.3d 1003, 1005 (Fed. Cir. 2012); *Streck, Inc. v. Research & Diagnostic Sys.*, 665 F.3d 1269, 1284-87 (Fed. Cir. 2012); *Atl. Research Mktg. Sys. v. Troy*, 659 F.3d 1345, 1353-55 (Fed. Cir. 2011);

*Boston Sci. Corp. v. Johnson & Johnson*, 647 F.3d 1353, 1361-63 (Fed. Cir. 2011); *Crown Packaging Tech. Inc. v. Ball Metal Bev. Container Corp.*, 635 F.3d 1373, 1379-80 (Fed. Cir. 2011); Centocor Ortho Biotech, Inc. v. Abbott Labs., 636 F.3d 1341, 1347-48 (Fed. Cir. 2011); *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351-52 (Fed. Cir. 2010) (en banc); *Research Corp. Techs., Inc. v. Microsoft Corp.*, 627 F.3d 859, 870 (Fed. Cir. 2010); *Laryngeal Mask Co. v. Ambu A/S*, 618 F.3d 1367, 1373-74 (Fed. Cir. 2010); *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1366 (Fed. Cir. 2009); *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1306 (Fed. Cir. 2008); *Falko-Gunter Falkner v. Inglis*, 448 F.3d 1357, 1365-67 (Fed. Cir. 2006); *Kao Corp. v. Unilever U.S., Inc.*, 441 F.3d 963, 968 (Fed. Cir. 2006); *Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1336 (Fed. Cir. 2006); *Univ. of Rochester v. G.D. Searle & Co., Inc.*, 358 F.3d 916, 922-28 (Fed. Cir. 2004); *Enzo Biochem, Inc. v. GenProbe Inc.*, 323 F.3d 956, 963-64 (Fed. Cir. 2002).

**Brazos's Position:**

Google's instruction on written description is overly simplified and does not sufficiently describe the factors that a jury should take into account.  Taken from the AIPLA Model Patent Jury Instructions, Brazos's instruction is detailed and correct and will assist the jury in understanding the parties' arguments on this issue.

**Google's Position:**

Google's two-paragraph instruction provides a concise and legally balanced instruction on the written-description requirement and tracks similar instructions that this Court has previously given.  *See, e.g.*, *Freshub, Inc. v. Amazon.com, Inc.*, No. 6:21-cv-00511-ADA, (W.D. Tex. June 22, 20121) (instruction no. 2.15), Dkt. 247.  Google's instruction is streamlined and tailored to the specific dispute in this case.  By contrast, WSOU's proposed instruction spans seven paragraphs containing statements that bear no relation to the issues in this case.

**JURY INSTRUCTION NO. 25:  ENABLEMENT**

Patent law contains certain requirements for the part of the patent called the specification. One of those requirements is called the enablement requirement. Google contends that the Asserted Patent is invalid because the specification of each patent does not "enable" the full scope of the claimed inventions.

To succeed, Google must show by clear and convincing evidence that an Asserted Patent's specification does not contain a sufficiently full and clear description to have allowed a person having ordinary skill in the field of technology of the patent to make and use the full scope of the claimed inventions as of the priority date of the patent, without undue experimentation. If a patent claim is not enabled, it is invalid.

The question of undue experimentation is a matter of degree, and what is required is that the amount of experimentation not be "unduly extensive." Some amount of experimentation to make and use the invention is allowable. In deciding whether a person having ordinary skill would have to experiment unduly in order to make and use the invention, you may consider several factors:

    (1)    the time and cost of any necessary experimentation;

    (2)    how routine any necessary experimentation is in the field of the invention;

    (3)    whether the patent discloses specific working examples of the claimed invention;

    (4)    the amount of guidance presented in the patent;

    (5)    the nature and predictability of the field of the invention;

    (6)    the level of ordinary skill in the field of the invention; and

    (7)    the nature and scope of the claimed invention.

No one or more of these factors is alone dispositive. Rather, you must make your decision about whether or not the degree of experimentation required is undue based upon all of the evidence presented to you. You should weigh these factors and determine whether or not, in the context of this invention and the state of the art at the time of the effective filing date, a person having ordinary skill would need to experiment unduly to make and use the full scope of the claimed invention.

Source: *Freshub, Inc. v. Amazon.com, Inc.*, No. 6:21-cv-00511-ADA (W.D. Tex.), Dkt. 247 (Final Instruction No. 2.16); *McRo, Inc. v. Bandai Namco Games Am. Inc*., 959 F.3d 1091, 1102 (Fed. Cir. 2020); 35 U.S.C. § 112, para. 1 (pre-AIA); 35 U.S.C. § 112(a) (post-AIA); *Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 999 (Fed. Cir. 2008); *Wood v. Underhill,* 46 U.S. 1, 4 (1847); *AK Steel Corp. v. Sollac & Ugine*, 344 F.3d 1234, 1244 (Fed. Cir. 2003); AIPLA Model Patent Jury Instructions § 8 (2019).

**JURY INSTRUCTION NO. 26:     DAMAGES GENERALLY**

If you find that Google infringed an Asserted Claims of the Asserted Patent, and that the claim is not invalid, you must determine the amount of damages to be awarded to Brazos for the infringement. On the other hand, if you find that each of the Asserted Claims is invalid, not infringed, or both, then you should stop and not reach any damages issues.

By instructing you on damages, I am not suggesting which party should win this case, on any issue. If you find that Google has not infringed any valid claim of the patent, then Brazos is not entitled to any damages.

If you find that Brazos is entitled to damages, the amount should be adequate to compensate Brazos for the infringement. Damages are not meant to punish an infringer. Your damages award, if you reach this issue, should put Brazos in approximately the same financial position that it would have been in had the infringement not occurred.  A patent owner is not entitled to damages that are remote or speculative.  When method claims are asserted, the damages base should be limited to products that were actually used to perform the claimed method.

Brazos has the burden to establish the amount of their damages by a preponderance of the evidence. In other words, you should award only those damages that Brazos establishes that it more likely than not has suffered. While Brazos is not required to prove the amount of its damages with mathematical precision, it must prove them with reasonable certainty. You may not award damages that are speculative, damages that are only possible, or damages that are based on guesswork.

Source: *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 507 (1964); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324, 1335 (Fed. Cir. 2009); *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339, 1357 (Fed. Cir. 2022); Federal Circuit Bar Association Model Patent Jury Instructions § 5.1 (May 2020); AIPLA Model Patent Jury Instructions § 10.0 (2019).

**[CONTESTED] JURY INSTRUCTION NO. 27:   REASONABLE ROYALTY (DEFINITION)**

A royalty is a payment made to a patent holder in exchange for the right to make, use, or sell, the claimed invention. A reasonable royalty is the amount of royalty payment that a patent holder and the infringer would have agreed to in a hypothetical negotiation taking place at a time before the infringement first began. Brazos bears the burden of proving the appropriate amount of a reasonable royalty by a preponderance of the evidence. If you find that Brazos has not presented enough evidence to prove the appropriate amount of a reasonable royalty by a preponderance of the evidence, you may award a royalty of $0.

In considering this hypothetical negotiation to determine a reasonable royalty in this case, you should focus on what the expectations of Brazos and Google would have been had they acted reasonably in their negotiations and had they entered into an agreement just before any infringement began. In determining this, you must assume that both parties believed the Asserted Patent was valid and infringed and that Brazos and Google were willing to enter into an agreement. The reasonable royalty you determine must be a royalty that would have resulted from the hypothetical negotiation, and not simply a royalty either party would have preferred.

In determining a reasonable royalty, you may consider whether or not Google had non-infringing alternatives to the patented technology. You may consider the evidence of the cost and availability of a non-infringing alternative that were available at the time of the hypothetical negotiation and whether that would have affected the reasonable royalty the parties would have agreed upon. A non-infringing alternative is a way of providing the same or comparable functionality or achieving the same or a comparable result that does not require using the Asserted Patent. A non-infringing alternative need not have been actually used to be relevant to the hypothetical negotiation. You may also consider the utility and advantages of the patented technology over any non-infringing alternatives that could be used for achieving similar results.

Evidence of things that happened after the infringement first began can be considered in evaluating the reasonable royalty only to the extent that the evidence aids in assessing what royalty would have resulted from a hypothetical negotiation just prior to the first infringement.

A reasonable royalty can take different forms. A running royalty can be based on how often the patented invention is used, and thus calculated on a per-unit basis over time. A lump-sum royalty, in contrast, is a one-time payment to cover all use of the patented invention. When a lump sum is paid, the infringer pays a one-time payment for a license covering both past and future infringement. If you award a reasonable royalty, you should decide what form that royalty would have taken if it had been agreed upon by the parties in the hypothetical negotiation—for example, whether the parties would have agreed to a lump sum or a running royalty.

Source: *TecSec, Inc. v. Adobe, Inc.*, 978 F.3d 1278, 1291 (Fed. Cir. 2020); *Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1376 (Fed. Cir. 2017); *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 772 (Fed. Cir. 2014); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1326 (Fed. Cir. 2009); *Trans-World Mfg. Corp. v. Al Nyman & Sons, Inc.*, 750 F.2d 1552, 1568 (Fed. Cir. 1984);

Federal Circuit Bar Association Model Patent Jury Instructions § 5.6 (May 2020).

**<u>Brazos's Position:</u>**

The additional language is unnecessary and confusing to a jury.

**<u>Google's Position:</u>**

Google objects to WSOU's proposed language because it is redundant of the language already provided in that sentence and will only confuse the jury.  First, WSOU seeks to add the language "evidence of the cost and availability of the non-infringing alternative," yet the very next phrase in the same sentence states that an alternative should be "available at the time of the hypothetical negotiation."  Second, WSOU's seeks to add "evidence of the cost," yet the same sentence already instructs the jury to consider whether an alternative "would have affected the reasonable royalty the parties would have agreed upon."

Google's proposed language is an accurate statement of the law and not duplicative of any other part of the instruction.

**[CONTESTED] JURY INSTRUCTION NO. 28:   REASONABLE  ROYALTY—RELEVANT FACTORS**

The so-called "*Georgia-Pacific*" factors can be considered to inform the hypothetical negotiation. These factors include the following:

(1)      The royalties received by the patentee for the licensing of the patent-in-suit, proving or tending to prove an established royalty.

(2)      The rates paid by the licensee for the use of other patents comparable to the patent-in-suit.

(3)      The nature and scope of the license, as exclusive or nonexclusive, or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold.

(4)      The licensor's established policy and marketing program to maintain his or her patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

(5)      The commercial relationship between the licensor and licensee, such as whether they are competitors in the same territory in the same line of business, or whether they are inventor and promoter.

(6)      The effect of selling the patented specialty in promoting sales of other products of the licensee, the existing value of the invention to the licensor as a generator of sales of his nonpatented items, and the extent of such derivative or convoyed sales.

(7)      The duration of the patent and the term of the license.

(8)      The established profitability of the product made under the patents, its commercial success, and its current popularity.

(9)      The utility and advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results.

(10)      The nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention.

(11)      The extent to which the infringer has made use of the invention and any evidence probative of the value of that use.

(12)   The portion of the profit or of the selling price that may be customary in the particular business or in comparable business to allow for the use of the invention or analogous inventions.

(13)   The portion of the realizable profits that should be credited to the invention as distinguished from nonpatented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

(14)   The opinion and testimony of qualified experts.

(15)   The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

No one factor is dispositive, and you can and should consider the evidence that has been presented to you in this case on each of these factors. You may also consider any other factors which in your mind would have increased or decreased the royalty the alleged infringer would have been willing to pay and the patent holder would have been willing to accept, acting as normally prudent business people.

Source:   Federal Circuit Bar Association Model Patent Jury Instructions § 5.8 (May 2020).


**<u>Brazos's Position:</u>**

The proposed language is taken directly from the Federal Circuit Bar Association Model Patent Jury Instructions and Google has not provided a reason to exclude it.

**<u>Google's Position:</u>**

Google objects to the sentence in the final paragraph that instructs the jury that it "may also consider ***any other factors*** which in your mind would have increased or decreased the royalty" because it improperly encourages the jury that it may disregard the substance of the preceding factors, and instead determine a royalty based on legally irrelevant considerations.

**JURY INSTRUCTION NO. 29:    DAMAGES—APPORTIONMENT**

Upon a finding of infringement, Brazos is entitled to compensation only for the infringer's use of the patented technology.  As a result, Brazos cannot obtain compensation based on the whole infringing product when the patented technology makes up only a part of that product.  In other words, any damages award must apportion (separate out) the value of the Accused Products that is attributable to the patented technology. The amount you find as damages must be based on the value attributable to the patented invention, as distinct from unpatented features of the accused product or other factors.

In this case, that rule means that when you determine a reasonable royalty, you may not award damages based on Google's entire revenue from the Accused Products when the accused products have both patented and unpatented features.  Instead, you may award damages based only on the revenue that is attributable to the use of the patented technology in infringing features of the Accused Products, and you must separate and exclude value  attributable to non-infringing components and non-infringing functions of those products.  In addition, you may not award damages based on Google's revenue from products that you do not find to have infringed.

Brazos bears the burden to establish the amounts attributable to the patented feature and not to other technologies, features, or aspects of the accused product. Brazos's evidence must be reliable and tangible: it cannot be speculative. Any evidence of a reasonable royalty must carefully tie proof of damages to the claimed invention's role in the marketplace.

Source:  *Dowagiac Mfg. Co. v. Minn. Moline Plow Co.*, 235 U.S. 641, 646-47 (1915); *Garretson v. Clark*, 111 U.S. 120, 121 (1884); *Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp., LLC*, 879 F.3d 1332, 1349-50 (Fed. Cir. 2018); *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1310-11 (Fed. Cir. 2018); *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1326-28 (Fed. Cir. 2014); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1337-38 (Fed. Cir. 2009); Federal Circuit Bar Association Model Patent Jury Instructions § 5.12 (May 2020).

**JURY INSTRUCTION NO. 30:     DAMAGES—COMPARABLE AGREEMENTS**

In determining a reasonable royalty, you may consider evidence of previous comparable licenses to the Asserted Patent.  Such licenses may be probative of the patented invention's economic value in the marketplace.  They also may be probative of the proper form of the royalty structure, such as a running royalty or a lump sum.

You should not, however, consider evidence of licenses to other patents or products unless those licenses have a sufficient economic or technological link to the patent in this case and arose under sufficiently comparable circumstances as the hypothetical negotiations  You should not base a reasonable royalty on a license covering subject matter that is only loosely or vaguely comparable with the Asserted Patent.

Source:  *Bio-Rad Labs., Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1372-73 (Fed. Cir. 2020); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys.*, LLC, 927 F.3d 1292, 1301 (Fed. Cir. 2019); *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1311–12 (Fed., Cir. 2018); *Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1370 (Fed. Cir. 2017); *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77-78 (2012); *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1313 (Fed. Cir. 2011); *Wordtech Sys., Inc. v. Integrated Network Sols., Inc.*, 609 F.3d 1308, 1319-21 (Fed. Cir. 2010); *ResQNet.com, Inc. v. Lansa Inc.*, 594 F.3d 860, 869-72 (Fed. Cir. 2010); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1327-32 (Fed. Cir. 2009); Federal Circuit Bar Association Model Patent Jury Instructions § 5.9 (May 2020).

**JURY INSTRUCTION NO. 31:  DATE  OF  COMMENCEMENT  OF  DAMAGES  —
PRODUCTS**

In determining the amount of damages, you must consider when any alleged damages began. If
you find that Google has infringed and the patents are not invalid, damages commence on June 29,
2020, for the '961 patent.

Source:  Federal Circuit Bar Association Model Patent Jury Instructions § 5.10 (May 2020).

**JURY INSTRUCTION NO. 32:  JUROR NOTEBOOKS**

To assist in your deliberations, you received a notebook that contains the following:

- Paper

- A copy of the Plaintiff's Asserted Patent

- Witness photographs

These materials have been jointly submitted by the parties.


Source: *Touchstream Technologies, Inc. v. Google LLC*, No. 6:21-cv-569-ADA (W.D. Tex.) (Preliminary Instruction No. 14); *VLSI Tech.  LLC v. Intel Corp.*, No. 6:19-cv-256-ADA (W.D. Tex.), Dkt. 686 (Nov. 15, 2022) (Preliminary Instruction No. 14).

**JURY INSTRUCTION NO. 33:     DUTY TO DELIBERATE; NOTES**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during the trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. Answer each question in the verdict form from the facts as you find them. Do not decide who you think should win and then answer the questions to reach that result. Your answers and your verdict must be unanimous. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

Source:  Fifth Circuit Pattern Jury Instructions 2020, with revisions through June 2020, § 3.7; *see also MV3 Partners, LLC v. Roku, Inc.*, No. 18-308, Dkt. 379 at 30-32 (W.D. Tex. Oct. 14, 2020); *ESW Holdings, Inc. v. Roku, Inc.*, No. 19-044, Dkt. 172 at 37-38 (W.D. Tex. Apr. 9, 2021); *CloudofChange, LLC v. NCR Corp.*, No. 6:19-cv-00513, Dkt. 150 at 34 (W.D. Tex. May 19, 2021); *Freshub, Inc. v. Amazon.com, Inc.*, No. 21-511, Dkt. 247 at 40 (W.D. Tex. June 22, 2021).

**JURY INSTRUCTION NO. 34:      SOCIAL MEDIA**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, a smartphone, an Apple Watch, smart watch, tablet or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog or website such as Facebook, LinkedIn, YouTube, Instagram, or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may now proceed to the jury room to begin your deliberations.

Source:  *MV3 Partners, LLC v. Roku, Inc.*, No. 18-308, Dkt. 379 at 32 (W.D. Tex. Oct. 14, 2020).