IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, § § § § | |
| Plaintiff, § | Case No. 6:20-cv-585-ADA |
| § v. § | JURY TRIAL DEMANDED |
| § GOOGLE LLC, § § | |
| Defendant. § | |

## JOINT REQUESTED JURY VERDICT FORM

Plaintiff WSOU Investments, LLC d/b/a/ Brazos Licensing and Development and Defendant Google LLC submit the following Joint Requested Jury Verdict Form for the trial in this matter. The requested verdict form is limited to the above-captioned matter, and the parties reserve all rights to supplement, amend, modify, and divert from this form in any related matters.

Where the parties dispute the phrasing a verdict-form question, Brazos's version is in RED and Google's version is in BLUE. *See* Amended Standing Order on Pretrial Procedures & Requirements in Civil Cases § C.1.d.

The parties reserve all rights to supplement, amend, or otherwise modify the requested verdict form as appropriate, including without limitation the right to revise their positions on the requested verdict-form questions in response to future rulings by the Court or the evidence as it is admitted at trial. The parties submit the requested jury verdict form without waiver of their position that the opposing party has not presented sufficient evidence to submit some or all of its affirmative claims, damages theories, or affirmative defenses to the jury, and without waiver of arguments presented in motions *in limine* or in other pretrial proceedings.

## JURY VERDICT FORM

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used herein:

1. "Brazos" means WSOU Investments, LLC d/b/a Brazos Licensing & Development;

2. "Google" means Google LLC;

3. "961 Patent" means U.S. Patent No. 8,737,961.

We, the jury, unanimously agree to the answers to the following questions and return them as our verdict in this case.

## I. INFRINGEMENT

**Directions: Question No. 1**

In answering the Questions below, please check "Yes" or "No" for each listed claim in the space provided.

> **Question No. 1A:** Has the Plaintiff proven by a preponderance of the evidence that **Popular Times** has directly infringed the following claims of the 961 Patent?
>
> "Yes" is in favor of Brazos, and "No" is in favor of Google.
>
> | | |
> |---|---|
> | **Claim 1:** | Yes_____ / No_____ |
> | **Claim 4:** | Yes_____ / No_____ |
> | **Claim 5:** | Yes_____ / No_____ |
> | **Claim 9:** | Yes_____ / No_____ |
> | **Claim 11:** | Yes_____ / No_____ |
> | **Claim 14:** | Yes_____ / No_____ |

Please proceed directly to **Question No. 1B.**

**Brazos's Position:**

Google's statement of accused products and the asserted claims does not align with the actual asserted claims and accused products. Only claims 1, 4, 5, and 9 are asserted against the Google Maps Mobile application.

**Directions:  Question No. 1**

In answering the Questions below, please check "Yes" or "No" for each listed claim in the space provided.

> **Question No. 1A:**  Has Brazos proven by a preponderance of the evidence that the **Google Maps Mobile application** has infringed the following claims of the 961 Patent?
>
> "Yes" is in favor of Brazos, and "No" is in favor of Google.
>
> **Claim 1:**     Yes\_\_\_\_\_ / No_____
>
> **Claim 4:**     Yes\_\_\_\_\_ / No_____
>
> **Claim 5:**     Yes\_\_\_\_\_ / No_____
>
> **Claim 9:**     Yes\_\_\_\_\_ / No_____

Please proceed directly to **Question No. 1B.**

**Google's Position:**

Google objects to Question 1A and Question 1B as failing to reflect the products that WSOU has specifically accused of infringement:  Popular Times and Timeline.  Google objects to Question 1A because it broadly identifies Google Maps Mobile but fails to identify Popular Times and Timeline.  WSOU's approach is akin to asking the jury to determine whether a truck infringes but accusing only the tires.  Google objects to Question 1B because the Question: (i) asks whether "Google Pixel products"—a category that encompasses smartphones, tablets, and other electronics—infringe; and (ii) is not tied to Popular Times and Timeline.

> **Question No. 1B:** Has the Plaintiff proven by a preponderance of the evidence that **Timeline** has directly infringed the following claims of the 961 Patent?
>
> "Yes" is in favor of Brazos, and "No" is in favor of Google.
>
> **Claim 1:**   Yes_____ / No_____
>
> **Claim 4:**   Yes_____ / No_____
>
> **Claim 5:**   Yes_____ / No_____
>
> **Claim 9:**   Yes_____ / No_____
>
> **Claim 11:**  Yes_____ / No_____
>
> **Claim 14:**  Yes_____ / No_____

Please proceed directly to **Question No. 2**.

**Brazos's Position:**

Google's statement of accused products and the asserted claims does not align with the actual asserted claims and accused products. Only claims 11 and 14 are asserted against the Google Pixel products.

4

> **Question No. 1B:** Has Brazos proven by a preponderance of the evidence that the **Google Pixel products** have infringed the following claims of the 961 Patent?
>
> "Yes" is in favor of Brazos, and "No" is in favor of Google.
>
> **Claim 11:**    Yes_____ / No_____
>
> **Claim 14:**    Yes_____ / No_____

Please proceed directly to **Question No. 2**.

**Google's Position:**

Google objects to Question 1A and Question 1B as failing to reflect the products that WSOU has specifically accused of infringement: Popular Times and Timeline. Google objects to Question 1A because it broadly identifies Google Maps Mobile but fails to identify Popular Times and Timeline. WSOU's approach is akin to asking the jury to determine whether a truck infringes but accusing only the tires. Google objects to Question 1B because the Question: (i) asks whether "Google Pixel products"—a category that encompasses smartphones, tablets, and other electronics—infringe; and (ii) is not tied to Popular Times and Timeline.

## II.     INVALIDITY – ANTICIPATION & OBVIOUSNESS

**Directions:  Question No. 2**

In answering the Questions below, please check "Yes" or "No" for each listed claim in the space provided.

> **Question No. 2:**  Google has alleged that each of the following prior art references/systems, alone or in combination, render the following claims of the 961 Patent invalid:
>
> - U.S. Patent Application No. 2010/0317371 to Westerinen et al. ("Westerinen");
> - U.S. Patent No. 7,848,765 to Alan Phillips et al. ("Phillips");
> - "Learning and Recognizing the Places We Go" by Hightower et al. (2005) ("Hightower");
> - BeaconPrint System;
> - U.S. Patent Application 2004/0266457 A1 to Dennis J. Dupray ("Dupray");
> - U.S. Patent Application No. 2009/0005987 to Darren E. Vengroff et al. ("Vengroff").
>
> Has Google proven by clear and convincing evidence that the following claims of the 961 Patent are invalid as anticipated or as obvious based on the prior art?
>
> "Yes" is in favor of Google, and "No" is in favor of Brazos.
>
> **961 Patent**
>
> **Claim 1:**     Yes_____ / No_____
>
> **Claim 4:**     Yes_____ / No_____
>
> **Claim 5:**     Yes_____ / No_____
>
> **Claim 9:**     Yes_____ / No_____
>
> **Claim 11:**    Yes_____ / No_____
>
> **Claim 14:**    Yes_____ / No_____

Please proceed directly to **Question No. 3**.

## II. INVALIDITY – LACK OF WRITTEN DESCRIPTION OR LACK OF ENABLEMENT

**Directions: Question No. 3**

In answering the Questions below, please check "Yes" or "No" for each listed claim in the space provided.

---

**Question No. 3:** Has Google proven by clear and convincing evidence that the following claims of the 961 Patent are invalid for lack of written description or lack of enablement?

"Yes" is in favor of Google, and "No" is in favor of Brazos.

**961 Patent**

| | | |
|---|---|---|
| **Claim 1:** | Yes\_\_\_\_\_ / No\_\_\_\_\_ | |
| **Claim 4:** | Yes\_\_\_\_\_ / No\_\_\_\_\_ | |
| **Claim 5:** | Yes\_\_\_\_\_ / No\_\_\_\_\_ | |
| **Claim 9:** | Yes\_\_\_\_\_ / No\_\_\_\_\_ | |
| **Claim 11:** | Yes\_\_\_\_\_ / No\_\_\_\_\_ | |
| **Claim 14:** | Yes\_\_\_\_\_ / No\_\_\_\_\_ | |

---

**Directions:  Only answer Question 4 if you:**

    1.       Answered "Yes" for <u>any</u> of the claims in Question 1;

           AND

    2.       Answered "No" for any of those <u>same claims</u> in Question 2 <u>and</u> Question 3.

Otherwise, skip and DO NOT answer Question 4  and instead please proceed directly to the final page of this Verdict Form and sign and date that page.

## III. <u>DAMAGES</u>

> **Question No. 4:** If you found that the 961 Patent is infringed and not invalid, what is the total amount of damages that Brazos has proven, by a preponderance of the evidence, that it is entitled to for Google's infringement of the 961 Patent?
>
> $_____

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your **unanimous** determinations. After you are satisfied that your unanimous answers are correctly reflected above, your Jury Foreperson should then sign and date this Verdict Form in the spaces below. Once that is done, notify the Court Security Officer that you have reached a verdict. The Jury Foreperson should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

I certify that the jury unanimously concurs in every element of the above verdict.

Signed this _____ day of _____, 2023.

_____
JURY FOREPERSON

11